| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **CalAmp Corp.** | |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **Calamp** | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **95-3647070** | |
| 4. | Debtor's address | **Principal place of business**<br><br>**15635 Alton Parkway, Suite 250**<br>**Irvine, CA 92618**<br>Number, Street, City, State & ZIP Code<br><br>**Orange**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **https://www.calamp.com/** | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

Debtor  **CalAmp Corp.**_____   Case number (*if known*)_____
          Name

| | |
|---|---|
| **7.** **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>■ None of the above<br><br>B. *Check all that apply*<br>☐ Tax-exempt entity (as described in 26 U.S.C. §501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.<br>___3369___ |
| **8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11. Check **all** *that apply*:<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ■ A plan is being filed with this petition.<br>    ■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| **9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br>If more than 2 cases, attach a separate list. | ■ No.<br>☐ Yes.<br><br>District _____ When _____ Case number _____<br>District _____ When _____ Case number _____ |

Debtor **CalAmp Corp.**
Name

Case number (*if known*) _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor **See attached list**   Relationship _____

District _____   When _____   Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
■ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
■ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor **CalAmp Corp.**  Case number (*if known*) _____
     Name

| | | |
|---|---|---|
| **16. Estimated liabilities** | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **CalAmp Corp.**                                                              Case number (*if known*)
          Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **June 3, 2024**
                       MM / DD / YYYY

**X** **/s/ Jikun Kim**                                                         **Jikun Kim**
     Signature of authorized representative of debtor                 Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

**X** **/s/ Aaron H. Stulman**                                          Date **June 3, 2024**
     Signature of attorney for debtor                                        MM / DD / YYYY

**Aaron H. Stulman 5807**
Printed name

**Potter Anderson & Corroon LLP**
Firm name

**1313 North Market Street, 6th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **302-984-6000**      Email address **astulman@potteranderson.com**

**5807 DE**
Bar number and State

**Official Form 201A (12/15)**

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## District of Delaware

In re **CalAmp Corp.**
Debtor(s)

Case No.
Chapter **11**

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **0-12182**.

2. The following financial data is the latest available information and refers to the debtor's condition on **November 30, 2023**.

   a. Total assets     $ **281,241,000**

   b. Total debts (including debts listed in 2.c., below)     $ **355,380,000**

   c. Debt securities held by more than 500 holders:

   | | | | Approximate number of holders: |
   |---|---|---|---|
   | secured ☐   unsecured ☐   subordinated ☐ | $ | 0.00 | 0 |
   | secured ☐   unsecured ☐   subordinated ☐ | $ | 0.00 | 0 |
   | secured ☐   unsecured ☐   subordinated ☐ | $ | 0.00 | 0 |
   | secured ☐   unsecured ☐   subordinated ☐ | $ | 0.00 | 0 |
   | secured ☐   unsecured ☐   subordinated ☐ | $ | 0.00 | 0 |

   d. Number of shares of preferred stock     **0**     **0**

   e. Number of shares common stock     **1,722,240**     **0**

   Comments, if any:
   **The total number of shares are as of May 14, 2024.**

3. Brief description of Debtor's business:
   **Debtors are a public connected intelligence firm the have created software that provides real-time visibility into a user's vehicles thereby providing users with a greater understanding and more control of their operations**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **B. Riley Asset Management, LLC**

**RIDER**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of debtor CalAmp Corp.

- CalAmp Corp.
- CalAmp Wireless Networks Corporation
- LoJack Global LLC
- Synovia Solutions LLC

11452773v.1

## CalAmp Corp.

## Secretary's Certificate

The undersigned hereby certifies that he is the duly elected and acting Secretary of CalAmp Corp., a Delaware corporation (the "**Company**"), and, as such, is familiar with the facts certified herein and is duly authorized to certify the same on behalf of the Company.

The undersigned hereby further certifies on behalf of the Company that attached hereto as Exhibit A is a copy of certain resolutions duly adopted by the Board of Directors of the Company at a meeting duly called and held on June 2, 2024, and that such resolutions remain in full force and effect and have not been modified or rescinded.

IN WITNESS WHEREOF, I have hereunto set my hand, as said officer, as of this 2nd day of June, 2024.

By: *Douglas Peterson*
Douglas Peterson, Secretary

**Exhibit A**

**WRITTEN CONSENT OF
THE BOARD OF DIRECTORS (the "Governing Body") OF
CALAMP CORP. (the "Company")**

June 2, 2024

The board of directors of the Company hereby adopts the following resolutions by written consent:

**WHEREAS**, the Governing Body of the Company has the authority to bind the Company;

**WHEREAS**, the Governing Body of the Company has considered presentations by legal and financial advisors to the Company regarding, among other things, the liabilities, assets and liquidity of the Company, the strategic alternatives available to the Company, and the potential impact (financial and otherwise) of the foregoing on the business, creditors, and other parties in interest of the Company;

**WHEREAS**, the Governing Body of the Company has been presented with proposed petitions and related documents to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") as a debtor in possession and thereby commencing a chapter 11 bankruptcy case for the Company (the "**Bankruptcy Case**");

**WHEREAS**, the Governing Body of the Company, having had a series of meetings to consider the financial and operational aspects of the business of the Company and the best course of action to maximize value, having received financial and other input from management and its advisors, having had the opportunity to review and consider the same, having pursued and considered various alternatives, and upon the advice of counsel, has determined in the exercise of its business judgment that given the current facts and circumstances confronting the Company, it is advisable, desirable and in the best interests of the Company, the Company's stockholders, and the Company's creditors, employees, other stakeholders, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code and commencing the Bankruptcy Case; and

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that after due consultation with the management and the legal advisors of the Company, it is advisable, desirable and in the best interests of the Company, the Company's stockholders, and the Company's creditors, employees, stakeholders, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition in the name and on behalf of the Company to commence a Bankruptcy Case is authorized hereby; and it is further

**RESOLVED**, that each duly appointed officer, director or manager, as applicable, of the Company (each, an "**Authorized Person**"), acting alone, be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, as applicable, to execute and verify a voluntary petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person executing said petition on behalf of the Company shall determine; and it is further

**RESOLVED**, that each Authorized Person of the Company, acting alone, be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, as applicable, to execute, verify and/or file, or cause to be executed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, and other papers required to file a petition in the Bankruptcy Court and commence a Bankruptcy Case, to employ and retain all assistance by legal counsel, accountants, or other professionals to represent the Company in the Bankruptcy Case, to take any and all action which the Authorized Person deem necessary and proper to maintain the ordinary course operation of the businesses of the Company during the pendency of the Bankruptcy Case, and to seek the relief contemplated by "first day" and/or "second day" motions as necessary to maintain ordinary course operations; and it is further

**RESOLVED**, that each Authorized Person of the Company, acting alone, be, and hereby is, authorized, empowered, and directed to retain on behalf of the Company: (i) the law firm of Potter Anderson & Corroon LLP, as bankruptcy counsel for the Company; (ii) the law firm of Bradley Arant Boult Cummings LLP, as special counsel for the Company; (iii) Oppenheimer & Co. Inc., as financial advisor for the Company, (iv) Stretto, Inc. as claims, noticing, and solicitation agent for the Company and (v) such other legal counsel, accountants, financial advisors, investment bankers, and other professionals that such Authorized Person deems necessary, advisable, desirable, or appropriate in connection with, or in furtherance of, the Bankruptcy Case, with a view to the successful prosecution of the Bankruptcy Case (the taking of any such act to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and it is further

**RESOLVED**, that each Authorized Person of the Company, acting alone, be, and hereby is, authorized, empowered, and directed to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses, and taxes such Authorized Person deems necessary, advisable, desirable, or appropriate, and (iii) negotiating, executing, delivering, and performing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (the taking of any such act to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and it is further

**RESOLVED**, that in connection with the commencement of the Bankruptcy Case by the Company, each Authorized Person of the Company, acting alone, be, and hereby is, authorized and empowered, in the name and on behalf of the Company, as a debtor and debtor in possession, to (a) obtain the use of cash collateral, in such amounts and on such terms as may be agreed by

any Authorized Person, as is reasonably necessary for the continuing conduct of affairs of the Company, (b) borrow funds from, provide guaranties to, and undertake related financing transactions (the "**Financing Transactions**") with such lenders and other parties and on such terms as may be agreed by any Authorized Person, as is reasonably necessary for the continuing conduct of affairs of the Company, and (c) pay related fees and grant security interests in and liens upon some, all, or substantially all of the Company's assets, acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Company's existing lender(s) in connection with such Financing Transactions; and in connection therewith, each Authorized Person of the Company be, and hereby is, authorized and directed to execute appropriate agreements and related ancillary documents; and it is further

**RESOLVED**, that the Governing Body of the Company has determined, after due consultation with the management of the Company and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company and its stakeholders to commence solicitation of chapter 11 plan of reorganization (the "**Plan**") pursuant to sections 1125(g) and 1126(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure, and that the solicitation of votes, if any, in favor of the Plan be, and hereby is, in all respects, authorized and approved; and it is further

**RESOLVED**, that the Governing Body of the Company has determined, after due consultation with the management of the Company and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company that an Authorized Person of the Company file or cause to be filed the Plan and all other papers or documents (including any amendments) related thereto and to take any and all actions that any such Authorized Person deems necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan; and it is further

**RESOLVED**, that each Authorized Person of a Company, acting alone, be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as such Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Company; and it is further

**RESOLVED**, that each Authorized Person of a Company, acting alone, be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform under such agreements, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of such Authorized Person, shall be necessary, proper, and desirable to prosecute a successful completion of the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debts, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by

these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED**, that each Authorized Person of a Company be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to take such actions and execute and deliver such documents as may be required or as such Authorized Person may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as such Authorized Person shall approve, the taking or execution thereof by such Authorized Person being conclusive evidence of the approval thereof by such Authorized Person and the Company; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CalAmp Corp., *et al.*, | Case No. 24-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, CalAmp Corp., and certain of its affiliates, who are or may be debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), hereby state as follows:

1. No publicly traded corporation owns more than 10% of the Debtors' equity interests.

2. Debtor, CalAmp Wireless Networks Corporation is 100% owned by Debtor CalAmp Corp., located at 15635 Alton Parkway, Suite 250, Irvine CA 92618.

3. Debtor, LoJack Global LLC is 100% owned by Debtor CalAmp Corp., located at 15635 Alton Parkway, Suite 250, Irvine CA 92618.

4. Debtor, Synovia Solutions LLC is 100% owned by Debtor CalAmp Corp., located at located at 135 N Pennsylvania St, Suite 1610, Indianapolis IN, 46204

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994). The Debtors' service address is 15635 Alton Parkway, Suite 250, Irvine, CA 92618.

| | **Fill in this information to identify the case:** |
|---|---|
| | Debtor name: **CalAmp Corp., et al.** |
| | United States Bankruptcy Court for the **District of Delaware** (State) |
| | Case number (*If known*): |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Plexus Manufacturing Solutions Plexus Manufacturing Sdn Bhd (Seaside) Bayan Lepas Free Industrial Zone Phase IV Bayan Lepas, Penang 11900 Malaysia | Mats Goebels mats.goebels@plexus.com 920-751-5451 | Trade Payable | | | | $1,379,322.24 |
| 2 | Wistron Neweb Corporation Citibank Taiwan Limited No.1 Songjihih Rd Hsinyi Dist Taipei, TP R.O.C Taiwan | Laney Chen laney.chen@wnc.com.tw 866-3-6667799 | Trade Payable | | | | $463,622.05 |
| 3 | Jeff Gardner Estate Address redacted | Redacted | Severance | | | | $412,660.46 |
| 4 | Cigna 5476 Collections Center Dr Chicago, IL 60693 | Shelley Banks cignasupplementalbilling@cigna.com 423-954-5136 | Trade Payable | | | | $338,924.24 |
| 5 | Plexus (Thailand) CO., LTD NO. 8/8 MOO5 Tambol THA SA AN AMPHUR BANG PAKONG Chachoengsao Province, 24130 Thailand | Patcharee Thamnopparat Kultida.Dorkkhem@plexus.com 888-208-9005 | Trade Payable | | | | $299,090.92 |
| 6 | Iridium Satellite, LLC PO Box 37542 Baltimore, MD 21297 | Todd Beals todd.beals@iridium.com 480-752-1100 | Trade Payable | | | | $240,000.00 |

---

[1] On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, and Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Monica Van Berkel<br>Address redacted | Redacted | Severance | | | | $230,827.80 |
| 8 | Richard M. Scott<br>Address redacted | Redacted | Severance | | | | $224,588.00 |
| 9 | Marketstar QOZ Business, LLC<br>2475 Washington Blvd<br>South Weber, UT 84401 | Ben Kaufman<br>mgardner@marketstar.com;<br>ben.kaufman@marketstar.com<br>800-877-8259 | Trade Payable | Contingent, Disputed | | | $222,972.73 |
| 10 | Evercom International Limited<br>Room 3304 Cable Tv Tower<br>9 Hoi Shing Rd<br>Tsuen Wan N.T,<br>Hong Kong | Annie Lam<br>annie@evercom.com.hk<br>852-2499-1266 | Trade Payable | | | | $196,952.55 |
| 11 | Bristlecone Incorporated<br>10 Almaden Blvd<br>Ste 990<br>San Jose, CA 95113 | Pam Bennett<br>pam.bennett@bristlecone.com<br>650-386-4012 | Trade Payable | | | | $116,780.00 |
| 12 | Demandbase, Inc.<br>680 Folsom St<br>Ste 400<br>San Francisco, CA 94107 | Erin McInturff<br>emcinturff@demandbase.com<br>415-683-2660 | Trade Payable | | | | $106,765.23 |
| 13 | Gartner, Inc.<br>56 Top Gallant Rd<br>Stamford, CT 06902 | Lix Baxter<br>liz.baxter@gartner.com<br>203-964-0096 | Trade Payable | Contingent, Disputed | | | $101,900.00 |
| 14 | LinkedIn<br>1000 W Maude Av<br>Sunnyvale, CO 94085 | Camille Lynch<br>calynch@linkedin.com<br>248-520-1726 | Trade Payable | | | | $101,645.00 |
| 15 | ZRG Partners, LLC<br>69 Milk St<br>Ste 304<br>Westborough, MA 01581 | Lisa Hooker<br>lhooker@zrgpartners.com<br>512-501-1515 | Trade Payable | Contingent, Disputed | | | $72,999.43 |
| 16 | AT&T Mobility-CC-LOK<br>PO Box 5085<br>Carol Stream, IL 60197 | John Surgoine<br>Js143f@att.com<br>800-331-0500 | Trade Payable | | | | $67,907.54 |
| 17 | Kibernum USA, LLC<br>5700 Granite Pkwy<br>Ste 200<br>Plano, TX 75024 | Gvozden Mladenovic<br>facturacion@kibernum.com<br>56-2-2369-3772 | Consultant | | | | $67,600.00 |
| 18 | Jeffrey P. Clark<br>Address redacted | Redacted | Severance | | | | $61,687.93 |
| 19 | Mark Holzworth<br>Address redacted | Redacted | Severance | | | | $50,277.59 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | Corporate Visions, Inc. PO Box 399010 San Francisco, CA 94139 | Bobby Jenkins bjenkins@corporatevisions.com 434-386-7783 | Trade Payable | Contingent, Disputed | | | $48,000.00 |
| 21 | Capgemini Engineering ACT 145/151 Quai du President Roosevelt Issy-les-Moulineaux, 92130 France | Sayany Dey all_revenue_team@capgemini.com; sayani.dey@capgemini.com 212-318-2000 | Consultant | | | | $46,468.06 |
| 22 | Emmet, Marvin & Martin, LLP 120 Broadway New York, NY 10271 | Deidre Pierson dpierson@emmetmarvin.com 212-238-3130 | Legal Services | | | | $40,956.80 |
| 23 | American Tower Corporation 116 Huntington Ave Boston, MA 02116-5749 | Brian Sullivan brian.sullivan@americantower.com 781-926-6964 | Trade Payable | | | | $30,678.62 |
| 24 | Cyxtera 13322 Collection Center Dr Chicago, IL 60693 | Adrian Yzaguirre adrian.yzaguirre@cyxtera.com 855-699-8372 | Trade Payable | | | | $29,666.78 |
| 25 | Charlotte-Mecklenburg Auxiliary Services 4335 Stuart Andrew Blvd Suite 20 Charlotte, NC 28217 | Brenda Stack brendac.stack@cms.k12.nc.us 980-343-2088 | Customer | | | | $27,398.14 |
| 26 | Conga 13699 Via Varra Broomfield, CO 80020 | Ron Valdez rvaldez@conga.com 303-465-1616 | Consultant | | | | $23,166.00 |
| 27 | Twilio, Inc. 375 Beale St Ste 300 San Francisco, CA 94105 | Ryan Calderon svc.paymentreminder@twilio.com; rcalderon@twilio.com 256-548-8038 | Trade Payable | | | | $20,543.73 |
| 28 | The Standard Life Insurance Company Of New York Unit 54 PO Box 5000 Portland, OR 97208 | Jason Anders jason.anders@standard.com 971-321-8845 | Trade Payable | | | | $19,511.57 |
| 29 | LeanData, Inc. 2901 Patrick Henry Dr Santa Clara, CA 95054 | Larry Cheng contact@leandata.com 737-867-1000 | Trade Payable | | | | $12,960.00 |
| 30 | Telegraph Hill BD Attn: Dinesh Moorjani 535 Mission St, 14th Fl San Francisco, CA 94015 | Dinesh Moorjani dinesh@telehilladvirors.com 415-314-1141 | Professional Services | Contingent, Unliquidated, Disputed | | | Unliquidated |

**Fill in this information to identify the case:**

Debtor name  **CalAmp Corp.**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

■  **Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  Amended *Schedule* _____
■  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■  Other document that requires a declaration    **Form 201A and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **June 3, 2024**           X **/s/ Jikun Kim**
                                          Signature of individual signing on behalf of debtor

                                          **Jikun Kim**
                                          Printed name

                                          **Chief Financial Officer**
                                          Position or relationship to debtor