**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br> CalAmp Corp., <br>     Debtor. <br> Tax I.D. No.: 95-3647070 | Chapter 11 <br><br> Case No. 24-_____ (___) |
| In re: <br> CalAmp Wireless Networks Corporation, <br>     Debtor. <br> Tax I.D. No.: 13-3281740 | Chapter 11 <br><br> Case No. 24-_____ (___) |
| In re: <br> LoJack Global LLC, <br>     Debtor. <br> Tax I.D. No.: 04-2664794 | Chapter 11 <br><br> Case No. 24-_____ (___) |
| In re: <br> Synovia Solutions LLC, <br>     Debtor. <br> Tax I.D. No.: 46-0922994 | Chapter 11 <br><br> Case No. 24-_____ (___) |

**DEBTORS' MOTION FOR AN ORDER DIRECTING
<u>JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES</u>**

CalAmp Corp., CalAmp Wireless Networks Corporation, LoJack Global LLC, and Synovia Solutions LLC (collectively, the "<u>Debtors</u>") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"), directing the joint administration of the above-captioned chapter 11 cases (these "<u>Chapter 11 Cases</u>") for procedural purposes only. In support of this motion (this "<u>Motion</u>"), the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over these Chapter 11 Cases, the Debtors, property of the Debtors' estates, and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue of these Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1.

## GENERAL BACKGROUND

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made, and no official committees have been appointed in these Chapter 11 Cases.

6. The Debtors are a connected intelligence company that leverages a data-driven solutions ecosystem to help people and organizations improve operational performance. They

solve complex problems for customers within the market verticals of transportation and logistics, commercial and state and local government vehicle fleets, industrial equipment, school district yellow and white fleets, and consumer vehicles by providing solutions that track, monitor, and protect their vital assets and assist with stolen vehicle recovery.  The data and insights enabled by the Debtors provides real-time visibility into a user's vehicles, assets, drivers, and cargo, giving organizations a greater understanding and control of their operations.  Ultimately, these insights drive operational visibility, safety, efficiency, maintenance, and sustainability for organizations globally.

7. The Debtors offer flexible solutions to meet the requirements of varying organizations, business processes, and operational strategies.  One of the key components of the Debtors' business is the CalAmp Telematics Cloud platform (the "CTC").  The CTC is the core engine that enables seamless management of data through a diverse set of assets, from service vehicles to high-value equipment.  The CTC is an enablement platform that connects the Debtors' customers to provide data and insights for a wide range of applications and software services.  This dependable and highly scalable platform seamlessly integrates with the Debtors' edge computing devices to provide customers detailed information and insights via Application Programming Interfaces ("APIs") or software applications built on this platform.

8. The Debtors also offer a series of telematics edge computing devices that serve as the foundation of their mobile connected ecosystem by collecting data insights from vehicles, drivers, assets, and cargo. These wireless enabled devices—including asset tracking units, mobile telematics devices, fixed and mobile wireless gateways and routers—underpin the Debtors' wide range of proprietary and third-party software applications and services for business-critical deployments demanding secure and reliable communications and controls anywhere in the world.

The Debtors' customers select products and solutions based on optimized feature sets, programmability, configurability, manageability, long-term support, reliability and, in particular, overall value.

9. The information captured through the edge computing products and the CTC helps companies more efficiently manage their vital assets including fleet video intelligence, remote asset tracking, real-time crash response and driver behavior scoring, among others. Customers can choose to access this information via intuitive purpose-built Software-as-a-Service ("SaaS") applications and/or they can programmatically integrate information from the CTC with their own custom-in-house applications and workflows using open APIs also offered by the Debtors. In this way, customers who want a complete turnkey solution can quickly leverage the Debtors' information and insights while those customers wishing to integrate that information into their own applications and processes can easily do so.

10. Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Jikun Kim in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), which is incorporated herein by reference.[1]

11. As detailed in the First Day Declaration, these Chapter 11 Cases are "prepackaged" cases commenced for the purpose of implementing restructuring transactions agreed upon among the Debtors and the Consenting Lenders. Prior to the Petition Date, the Debtors entered into the Restructuring Support Agreement, dated as of May 31, 2024. A joint prepackaged chapter 11 plan

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

4

of reorganization reflecting the terms of the Restructuring Support Agreement (as may be amended, modified, or supplemented, the "Plan") was filed contemporaneously herewith, along with (a) a corresponding disclosure statement (as may be amended, modified or supplemented, the "Disclosure Statement") and (b) a motion seeking, among other things, approval of the Disclosure Statement and confirmation of the Plan.  The Plan was solicited prior to the Petition Date and the Debtors received approval from 100% of the Term Loan Secured Party—the only impaired class entitled to vote on the Plan.  Importantly, the Plan contemplates that all Allowed Secured Notes Claims and Allowed General Unsecured Claims (each as defined in the Plan) will be unimpaired with respect to their legal, equitable, and contractual rights to avoid disruption to the normal operations of the Debtors' business.

## RELIEF REQUESTED

12. The Debtors seek entry of the Proposed Order pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m): (a) directing the joint administration of these Chapter 11 Cases for procedural purposes only, and (b) granting related relief.  Specifically, the Debtors request that the Court maintain one file and one docket for all of these Chapter 11 Cases under the case of CalAmp Corp., and that these Chapter 11 Cases be administered under the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CalAmp Corp., *et al.*,[1] | Case No. 24-_____ (___) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation, (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994). The Debtors' service address is 15635 Alton Parkway, Irvine, CA 92618.

13. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c) of the Bankruptcy Code.

14. Additionally, the Debtors request that the Court make a separate docket entry on the docket of each of the Debtors, other than that of CalAmp Corp., to reflect joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2294). All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24- _____ (___), which should also be consulted for all matters affecting this case.

## BASIS FOR RELIEF

15. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 105(a) of the

6

Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

16.     In addition, Local Rule 1015-1 provides in relevant part as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

17.     As described in the First Day Declaration, the four Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code. Moreover, given the integrated nature of the Debtors' operations, joint administration of the Chapter 11 Cases will promote the economical and efficient administration of the Chapter 11 Cases by avoiding the substantial time and expense required in preparing, replicating, filing, and serving duplicate motions, notices, applications, and orders, and will ease the administrative burden for the Court, the Office of the United States Trustee for the District of Delaware, and other parties in interest.

18.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. For example, creditors may still file claims against a particular Debtor or its estate (or against multiple Debtors and their respective estates), and the Debtors will maintain separate records of assets and liabilities. Parties in interest will not be harmed by the relief

7

requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

19. For these reasons, the Debtors respectfully submit that the relief requested herein is necessary, appropriate, and in the best interests of the Debtors' estates and creditors.

## **NOTICE**

20. Notice of this Motion will be provided to the following parties or their respective counsel: (a) the Office of the United States Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) counsel to the Required Consenting Lenders; (d) the Secured Notes Collateral Agents; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the United States Attorney's Office for the District of Delaware; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within forty-eight (48) hours of the entry of an order with respect to this Motion, the Debtors will serve copies of this Motion and any order entered with respect to this Motion as required by Local Rule 9013-1(m). The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: June 3, 2024
       Wilmington, Delaware

Respectfully submitted,

*/s/ Aaron H. Stulman*
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
Gregory J. Flasser (No. 6154)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
       astulman@potteranderson.com
       gflasser@potteranderson.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br> CalAmp Corp., <br>           Debtor. <br> Tax I.D. No.: 95-3647070 | Chapter 11 <br><br> Case No. 24-_____ (___) |
| In re: <br> CalAmp Wireless Networks Corporation, <br>           Debtor. <br> Tax I.D. No.: 13-3281740 | Chapter 11 <br><br> Case No. 24-_____ (___) |
| In re: <br> LoJack Global LLC, <br>           Debtor. <br> Tax I.D. No.: 04-2664794 | Chapter 11 <br><br> Case No. 24-_____ (___) |
| In re: <br> Synovia Solutions LLC, <br>           Debtor. <br> Tax I.D. No.: 46-0922994 | Chapter 11 <br><br> Case No. 24-_____ (___) |

**ORDER DIRECTING JOINT ADMINISTRATION
OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing joint administration of these Chapter 11 Cases for procedural purposes only, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order*

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

IMPAC 11532630v.5

*of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

    1.    The Motion is GRANTED as set forth herein.

    2.    All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

    3.    The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered under Case No. 24- _____ (___).

    4.    The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CalAmp Corp., *et al.*,[1] | Case No. 24-_____ (___) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation, (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994).  The Debtors' service address is 15635 Alton Parkway, Irvine, CA 92618.

5. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

6. The Clerk of the Court shall make a docket entry in each of the Debtors' Chapter 11 Cases, except that of CalAmp Corp., substantially similar to the following:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2294).  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-____ (___), which should also be consulted for all matters affecting this case.

7. The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases, with the assistance of the Debtors' claims and noticing agent that will be retained by the Debtors in these Chapter 11 Cases.

4

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.