## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CalAmp Corp., *et al.*, | Case No. 24-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO REDACT
CERTAIN PERSONALLY IDENTIFIABLE INFORMATION; (II) MODIFYING
THE REQUIREMENT TO PROVIDE NOTICE DIRECTLY TO THE EQUITY
SECURITY HOLDERS; AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and the "Final Order"), (i) authorizing the Debtors to redact certain personally identifiable information, (ii) modifying the requirement to provide notice directly to the equity security holders; and (iii) granting related relief.  In support hereof, the Debtors rely upon and incorporate by reference the *Declaration of Jikun Kim in Support of the Debtors' Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith.  In further support of this motion (this "Motion"), the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994).  The Debtors' service address is 15635 Alton Parkway, Suite 250, Irvine, CA 92618.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order or judgment by the Court with respect to this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 1007, 2002, 3017(d), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-2, 1007-2, 2002-1, 9013-1(m), and 9018-1(d).

## GENERAL BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made, and no official committees have been appointed, in these Chapter 11 Cases.

5.      The Debtors are a connected intelligence company that leverages a data-driven solutions ecosystem to help people and organizations improve operational performance.  They solve complex problems for customers within the market verticals of transportation and logistics,

commercial and state and local government vehicle fleets, industrial equipment, school district yellow and white fleets, and consumer vehicles by providing solutions that track, monitor, and protect their vital assets and assist with stolen vehicle recovery. The data and insights enabled by the Debtors provides real-time visibility into a user's vehicles, assets, drivers, and cargo, giving organizations a greater understanding and control of their operations. Ultimately, these insights drive operational visibility, safety, efficiency, maintenance, and sustainability for organizations globally.

6.     The Debtors offer flexible solutions to meet the requirements of varying organizations, business processes, and operational strategies. One of the key components of the Debtors' business is the CalAmp Telematics Cloud platform (the "CTC"). The CTC is the core engine that enables seamless management of data through a diverse set of assets, from service vehicles to high-value equipment. The CTC is an enablement platform that connects the Debtors' customers to provide data and insights for a wide range of applications and software services. This dependable and highly scalable platform seamlessly integrates with the Debtors' edge computing devices to provide customers detailed information and insights via Application Programming Interfaces ("APIs") or software applications built on this platform.

7.     The Debtors also offer a series of telematics edge computing devices that serve as the foundation of their mobile connected ecosystem by collecting data insights from vehicles, drivers, assets, and cargo. These wireless enabled devices—including asset tracking units, mobile telematics devices, fixed and mobile wireless gateways and routers—underpin the Debtors' wide range of proprietary and third-party software applications and services for business-critical deployments demanding secure and reliable communications and controls anywhere in the world. The Debtors' customers select products and solutions based on optimized feature sets,

3

programmability, configurability, manageability, long-term support, reliability and, in particular, overall value.

8.      The information captured through the edge computing products and the CTC helps companies more efficiently manage their vital assets including fleet video intelligence, remote asset tracking, real-time crash response and driver behavior scoring, among others.  Customers can choose to access this information via intuitive purpose-built Software-as-a-Service applications and/or they can programmatically integrate information from the CTC with their own custom in-house applications and workflows using open APIs also offered by the Debtors.  In this way, customers who want a complete turnkey solution can quickly leverage the Debtors' information and insights while those customers wishing to integrate that information into their own applications and processes can also easily do so.

9.      Additional factual background relating to the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

10.     As detailed in the First Day Declaration, these Chapter 11 Cases are "prepackaged" cases commenced for the purpose of implementing restructuring transactions agreed upon among the Debtors and the Consenting Lenders.  Prior to the Petition Date, the Debtors entered into the Restructuring Support Agreement, dated as of May 31, 2024.  A joint prepackaged chapter 11 plan of reorganization reflecting the terms of the Restructuring Support Agreement (as may be amended, modified, or supplemented, the "Plan") was filed contemporaneously herewith, along with (a) a corresponding disclosure statement (as may be amended, modified or supplemented, the "Disclosure Statement") and (b) a motion seeking, among other things, approval of the Disclosure Statement and confirmation of the Plan.  The Plan was solicited prior to the Petition Date and the

4

Debtors received approval from 100% of the Term Loan Secured Party—the only impaired class entitled to vote on the Plan. Importantly, the Plan contemplates that all Allowed Secured Notes Claims and Allowed General Unsecured Claims (each as defined in the Plan) will be unimpaired with respect to their legal, equitable, and contractual rights to avoid disruption to the normal operations of the Debtors' business.

## RELIEF REQUESTED

11.     The Debtors seek entry of the Interim Order and the Final Order: (i) authorizing the Debtors to redact certain personally identifiable information; (ii) modifying the requirement to provide notice directly to the equity security holders; and (iii) granting related relief.

## BASIS FOR RELIEF

### I.     Redaction of Certain Confidential Information of Individuals Is Warranted.

12.     Section 107(c) of the Bankruptcy Code provides that the Court:

for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A)     any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].

(B)     other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

13.     It is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in the Chapter 11 Cases, including the Debtors' creditor matrix (the "Creditor Matrix"), the schedules of assets and liabilities and the statements of financial affairs (collectively, the "Schedules and Statements"), and any related affidavits of service, and any other documents filed with the Court, the home and email addresses of individual creditors—including the Debtors' employees and independent contractors—such information can be used to perpetrate identity theft

5

and phishing scams or to locate survivors of domestic violence, harassment, or stalking—exposing the Debtors to potential civil liability and significant financial penalties.

14.     Redaction is necessary to protect information that would create "undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1). The risk in relation to 11 U.S.C. § 107(c)(1) is not merely speculative. In at least one chapter 11 case in Delaware, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[2] More recently, in a chapter 11 case in the Southern District of New York, at least four phishing scams have been uncovered,[3] including two where scammers first posed as associates of debtor's counsel using fake email accounts purportedly from debtor's counsel and requested that individual creditors reply with their account and other personal information and another where scammers posed as the debtor's claims agent and requested the same information from individual creditors.

15.     The Debtors propose to provide an unredacted version of the Creditor Matrix and any other filings redacted pursuant to the proposed order to (a) the Court, the U.S. Trustee, and counsel to any official committee appointed in these Chapter 11 Cases, and (b) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by the orders. In addition, the Debtors will

---

[2] The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

[3] *See In re Celsius Network, LLC*, Case No. 22-10964 (MG), Docket Nos. 1527, 1904, 1992, 2082.

IMPAC 11532631v.5

distribute, as applicable, any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

16.      Courts in this jurisdiction have granted the relief requested herein in comparable Chapter 11 Cases. *See, e.g., In re Charge Enterprises, Inc.*, No. 24-10349 (TMH) (Bankr. D. Del. Mar. 11, 2024) (authorizing the debtor to redact the home addresses of individual creditors and interest holders on its creditor matrix and any other paper filed with the court); *In re Restoration Forest Products Group, LLC*, No. 24-10120 (KBO) (Bankr. D. Del. Feb. 22, 2024) (authorizing the debtors to redact the home and email addresses of individuals listed on the creditor matrix, schedules and statements, and other documents filed with the court); *In re Humanigen, Inc.*, No. 24-10003 (BLS) (Bankr. D. Del. Jan. 29, 2024) (same); *In re DeCurtis Holdings LLC*, No. 23-10548 (JKS) (Bankr. D. Del. May 2, 2023) (same); *In re Boxed, Inc.*, No. 23-10397 (BLS) (Bankr. D. Del. Apr. 6, 2023) (same).

17.      In addition to granting the requested relief, courts in this district have also expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular.   In *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, then-Chief Judge Sontchi noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue."   Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 2020).[4]  Judge Sontchi found that "at this point and given the risks associated

---

[4] Similarly, Judge Sontchi previously overruled the Delaware U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important."  Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019).  Notably, Judge Sontchi acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public." *See* Hr'g Tr. at 45:25-46:2, 47:22–24.  The Debtors reserve the right to supplement the record with respect to such risks insofar as they are not self-evident in this instance.

with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id.* at 25:13–16.  Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense.  I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website . . . .  The court can completely avoid contributing to the risk by redacting the addresses.  And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact [individuals'] home addresses." Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020).  And, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

18.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), the home and email addresses of individuals on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other documents filed with the Court.  Absent such relief, the Debtors (a) may be in violation of applicable data privacy law, thereby exposing it to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of its restructuring, (b) would unnecessarily render individuals more susceptible to identity theft and phishing scams, and (c) could jeopardize the safety of employees, and other individual creditors or individual equity holders who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their

home and email addresses without any advance notice or opportunity to opt out or take protective measures.

## II.    Modification of the Requirement to Provide Notice Directly to the Equity Security Holders is Warranted.

19.    The Bankruptcy Rules contain certain requirements with respect to a debtor's equity security holders.  Bankruptcy Rule 2002(d) requires equity security holders to be provided with notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing.  Bankruptcy courts have authority to modify or waive these requirements. Fed. R. Bankr. P. 2002(d) ("[U]nless otherwise ordered by the court, the clerk … shall in the manner and form directed by the court give notice to all equity security holders …."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 6007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

20.    The requirements to file a list of, and to provide notice directly to, equity security holders should be modified as to Debtor CalAmp Corp.  Debtor CalAmp Corp.'s common stock is publicly traded on the NASDAQ under the ticker symbol "CAMP", with approximately 1.7 million outstanding shares of common stock as of the Petition Date and cannot be readily traced to all individual beneficial holders.  Debtor CalAmp Corp. only maintains a list of its registered equity security holders and therefore must obtain the names and addresses of its beneficial shareholders from its transfer agent, who in turn would need to contact all registered holders, banks, brokers, intermediaries, and other nominees that hold stock in "street name" for the beneficial holders of the stock, as applicable, and request that such nominees review their books and records to identify the applicable beneficial holders.  Moreover, the nominees, upon

information and belief, have procedures in place to provide notices from the Chapter 11 Cases to the beneficial holders. In short, preparing and submitting such a list with last known addressees for each equity security holder and sending notices to all parties will create undue expense and administrative burden with limited corresponding benefit to the estates or parties in interest.

21.     Debtor CalAmp Corp. has taken or will take several actions to inform its equity security holders of the commencement of these Chapter 11 Cases.  As soon as practicable following the date hereof, the Debtors intend to cause the notices required under Bankruptcy Rule 2002(d) to be served on registered and nominee holders of CalAmp Corp.'s common stock with instructions to serve such notices down to the beneficial holders of equity securities.  Additionally, the Debtors will publish the notice of commencement of these Chapter 11 Cases on the claims and noticing agent's case website (https://cases.stretto.com/CalAmp).  Finally, the Debtors will file a Form 8-K with the U.S. Securities and Exchange Commission ("SEC") within four (4) business days following the Petition Date, notifying their investors and other parties of the commencement of the Chapter 11 Cases.  For these reasons, the Debtors request that the requirements to file a list of and to provide notice directly to Debtor CalAmp Corp.'s equity security holders (other than registered holders of Debtor CalAmp Corp.'s common stock) be modified.

22.     Courts in this district have granted similar relief to the relief requested herein.  *See, e.g.*, *In re JOANN Inc.*, No. 24-10418 (CTG) (Bankr. D. Del. March 19, 2024) (waiving the requirement under Bankruptcy Rule 1007(a)(3) to file a list of all equity security holders and provide notice directly thereto); *In re Lannet Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. Aug. 11, 2023) (same); *In re Virgin Orbit Holdings, Inc.*, No. 23-10405 (KBO) (Bankr. D. Del. Apr. 5, 2023) (same); *In re Hyrecar Inc.*, No. 23-10259 (JTD) (Bankr. D. Del. Feb. 28, 2023) (same).

IMPAC 11532631v.5

## **NOTICE**

23.    Notice of the hearing of this Motion has been provided to: (a) the Office of the United States Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) counsel to the Required Consenting Lenders; (d) the Secured Notes Collateral Agents; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the United States Attorney's Office for the District of Delaware; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within forty-eight (48) hours of the entry of an order with respect to this Motion, the Debtors will serve copies of this Motion and any order entered with respect to this Motion as required by Local Rule 9013-1(m).  The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## **NO PRIOR REQUEST**

24.    No prior request for the relief sought herein has been made to this or any other court.


[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court enter the Interim Order and the Final Order granting the relief requested herein and such other and further relief as may be just and proper.

Dated: June 3, 2024  
        Wilmington, Delaware

Respectfully submitted,

*/s/ Aaron H. Stulman*
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
Gregory J. Flasser (No. 6154)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: kgood@potteranderson.com
      astulman@potteranderson.com
      gflasser@potteranderson.com

*Proposed Counsel to the Debtors and Debtors in Possession*

IMPAC 11532631v.5

# **EXHIBIT A**

## **Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CalAmp Corp., *et al.*, | Case No. 24-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |
| | **Re: Docket No. __** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION; (II) MODIFYING THE REQUIREMENT TO PROVIDE NOTICE DIRECTLY TO THE EQUITY SECURITY HOLDERS; AND (III) GRATING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above captioned debtors and debtor in possession (collectively, the "Debtors") for entry of an order (this "Interim Order") under sections 105(a), 107(c) and 521 of the Bankruptcy Code, Rules 1007, 2002, 3017(d), and 9007 of the Bankruptcy Rules, and Local Rules 1001-1(c), 1007-2, 2002-1, 9013-1(m), and 9018-1(d) authorizing, but not directing, the Debtors to (i) redact certain personally identifiable information, (ii) modifying the requirement to provide notice directly to the equity security holders; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994). The Debtors' service address is 15635 Alton Parkway, Suite 250, Irvine, CA 92618.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances; and this Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing on the Motion shall be held on _____,2024, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of the Final Order shall be filed with the Court, and served so as to be received by the following parties, by no later than 4:00 p.m., prevailing Eastern Time, on _____, 2024: (i) proposed counsel to the Debtors, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: L. Katherine Good (kgood@potteranderson.com), Aaron H. Stulman (astulman@potteranderson.com), and Gregory J. Flasser (gflasser@potteranderson.com)); (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov)); (iii) counsel to the Required Consenting Lenders, (a) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745 (Attn: Michael S. Stamer (mstamer@akingump.com) and Jason Rubin (jrubin@akingump.com)), and (b) Pashman Stein Walder Hayden P.C., 1007 North Orange Street, 4th Floor #183, Wilmington, DE 19801 (Attn: John W. Weiss (jweiss@pashmanstein.com) and Joseph C. Barsalona II (jbarsalona@pashmanstein.com)); and (iv) if any statutory committee has been appointed in these Chapter 11 Cases, counsel to such committee.

2

3.      The Debtors are authorized to redact on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other documents filed with the Court the home and email addresses of individuals.  The Debtors shall provide an unredacted version of the Creditor Matrix and any other filings redacted pursuant to this Interim Order to (a) the Court (in the case of the Court, the unredacted version should be filed with the Court), the U.S. Trustee, counsel to any official committee appointed in the Chapter 11 Cases, the Debtors' claims and noticing agent, and (b) to any party in interest upon a request to the Debtors (email is sufficient) or to the Court, that is reasonably related to the Chapter 11 Cases; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. Any party in interest that is not provided with an unredacted version of the applicable document upon request may file a motion with the Court to obtain such document.  Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

4.      When serving any notice in the Chapter 11 Cases on the Debtors' employees, or other individual creditors, the Debtors' proposed claims and noticing agent, and, where applicable, the Clerk of the Court, shall use the employee's or individual's home address.  Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual person solely because such individual's residential address is sealed or redacted pursuant to this Interim Order.  Service of all documents and notices upon individual persons whose residential address is sealed or redacted pursuant to this Interim Order shall be made to their residential addresses and confirmed in the corresponding certificate of service.  If a party is required to serve a document on a party whose address information has been redacted

pursuant to this Interim Order, the Debtor shall facilitate a means for that party to effectuate the service required by the Federal Rules of Bankruptcy Procedure.

5.      The requirement to provide notice to equity security holders of CalAmp Corp. is hereby modified, and the Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the registered and nominee holders of CalAmp Corp.'s equity securities with instructions to serve such notices down to the beneficial holders of equity securities.  The Debtors shall also publish the Notice of Commencement on the Debtors' case website located at https://cases.stretto.com/CalAmp and file a Form 8-K with the SEC within four (4) business days following the Petition Date, notifying their investors and other parties of the commencement of these Chapter 11 Cases.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

7.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

IMPAC 11532631v.5

# EXHIBIT B

## Proposed Final Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CalAmp Corp., *et al.*, | Case No. 24-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |
| | **Re: Docket No. __** |

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION; (II) MODIFYING THE REQUIREMENT TO PROVIDE NOTICE DIRECTLY TO THE EQUITY SECURITY HOLDERS; AND (III) GRATING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Final Order") under sections 105(a), 107(c) and 521 of the Bankruptcy Code, Rules 1007, 2002, 3017(d), and 9007 of the Bankruptcy Rules, and Local Rules 1001-1(c), 1007-2, 2002-1, 9013-1(m), and 9018-1(d) authorizing the Debtors to (i) redact certain personally identifiable information, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994).  The Debtors' service address is 15635 Alton Parkway, Suite 250, Irvine, CA 92618.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, its estate, its creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED on a final basis, as set forth herein.

2.      The Debtors are authorized to redact on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other documents filed with the Court the home and email addresses of individuals.  The Debtors shall provide an unredacted version of the Creditor Matrix and any other filings redacted pursuant to this Final Order to (a) the Court (in the case of the Court, the unredacted version should be filed with the Court), the U.S. Trustee, counsel to any official committee appointed in the Chapter 11 Cases, the Debtors' proposed claims and noticing agent, and (b) to any party in interest upon a request to the Debtors (email is sufficient) or to the Court, that is reasonably related to the Chapter 11 Cases; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  Any party in interest that is not provided with an unredacted version of the applicable document upon request may file a motion with the Court to obtain such document.  Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

3.      When serving any notice in the Chapter 11 Cases on the Debtors' employees, or other individual creditors, the Debtors' proposed claims and noticing agent, and, where applicable, the Clerk of the Court, shall use the employee's or individual's home address.  Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of

2

IMPAC 11532631v.5

any notice to any individual person solely because such individual's residential address is sealed or redacted pursuant to this Final Order. Service of all documents and notices upon individual persons whose residential address is sealed or redacted pursuant to this Final Order shall be made to their residential addresses and confirmed in the corresponding certificate of service. If a party is required to serve a document on a party whose address information has been redacted pursuant to this Final Order, the Debtor shall facilitate a means for the party to effectuate the service required by the Federal Rules of Bankruptcy Procedure.

4.      The requirement to provide notice to equity security holders of CalAmp Corp. is hereby modified, and the Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the registered and nominee holders of CalAmp Corp.'s equity securities with instructions to serve such notices down to the beneficial holders of equity securities.

5.      All objections to entry of this Final Order, to the extent not withdrawn or settled, are overruled.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

IMPAC 11532631v.5