## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CalAmp Corp., *et al.*, | Case No. 24-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING A COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF PREPACKAGED PLAN; (II) ESTABLISHING THE PLAN AND DISCLOSURE STATEMENT OBJECTION DEADLINES AND RELATED PROCEDURES; (III) APPROVING THE SOLICITATION PROCEDURES AND FORM OF BALLOT; (IV) DIRECTING THAT A MEETING OF CREDITORS NOT BE CONVENED; (V) WAIVING THE REQUIREMENT OF FILING STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES; AND (VI) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follow in support of this motion (the "Motion"):[2]

### RELIEF REQUESTED

1.     By this Motion, the Debtors request entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Proposed Order"):

> a)     ***Combined Hearing.*** Scheduling a combined hearing (the "Combined Hearing") on (a) the adequacy of the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of CalAmp Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"), and (b) confirmation of the *Joint Prepackaged Chapter 11 Plan of Reorganization of CalAmp Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994). The Debtors' service address is 15635 Alton Parkway, Suite 250, Irvine, CA 92618.

[2]  The Debtors are a connected intelligence company that leverages a data-driven solutions ecosystem to help people and organizations improve operational performance. The facts and circumstances supporting this Motion are set forth in the *Declaration of Jikun Kim in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously with the filing of this Motion and incorporated by reference herein.

amended, supplemented or otherwise modified from time to time, the "<u>Plan</u>"), each filed concurrently herewith;[3]

b)   ***Objection Deadline***. Establishing the deadline (the "<u>Objection Deadline</u>") to object to the adequacy of the Disclosure Statement and Confirmation of the Plan;

c)   ***Solicitation Procedures.*** Approving the procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to the Plan ((i)-(iii), collectively, the "<u>Solicitation Procedures</u>"), substantially in the form described herein;

d)   ***Combined Notice.*** Approving the form and manner of the notice (the "<u>Notice Procedures</u>") of the commencement of the Debtors' Chapter 11 Cases, the Combined Hearing, and the Objection Deadline (the "<u>Combined Notice</u>"), substantially in the form attached to the Proposed Order as **<u>Exhibit 1</u>**;

e)   ***Publication Notice***. Approving the form and manner of publication notice of the commencement of the Debtors' Chapter 11 Cases, the Combined Hearing, and the Objection Deadline (the "<u>Publication Notice</u>"), substantially in the form attached to the Proposed Order as **<u>Exhibit 2</u>**;

(f)   ***Ballot.*** Approving the Class 3 Secured Term Loan Claims ballot, substantially in the form attached to the Proposed Order as **<u>Exhibit 3</u>** (the "<u>Class 3 Ballot</u>");

g)   ***Non-Voting Status Notice.*** Approving the form of notice applicable to Holders of Claims and Equity Interests that are (i) Unimpaired under the Plan and are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan; and (ii) Impaired under the Plan and are, pursuant to section 1126(g) of the Bankruptcy Code, deemed to reject the Plan (the "<u>Non-Voting Status Notice</u>"), substantially in the form attached to the Proposed Order as **<u>Exhibit 4</u>**;

h)   ***Class 8 Opt-Out Form.*** Approving the form by which a Holder of a Class 8 Equity Interest may choose to affirmatively opt out of the release provisions set forth in the Plan, substantially in the form attached to the Proposed Order as **<u>Exhibit 5</u>**;

i)   ***Creditors' Meeting.*** Waiving the requirements that the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") convene a meeting

---

[3] Copies of the Disclosure Statement and Plan have been filed contemporaneously with this Motion. Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Plan or, if not defined in the Plan, in the Disclosure Statement or the First Day Declaration, as applicable.

of creditors (the "<u>Creditors' Meeting</u>") under section 341(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>");

j)      ***Schedules and Statements***. Extending the deadlines by which each of the Debtors must file their schedules of assets and liabilities and statements of financial affairs (the "<u>Schedules and Statements</u>") by seventy-five (75) days without prejudice to the Debtors' ability to request additional extensions (the "<u>Schedules and Statements Deadline</u>") and, upon confirmation of the Plan, in each case, before the Schedules and Statements Deadline, waiving the requirements for the Debtors to file Schedules and Statements; and

h)      Granting related relief.

2.      In connection with the foregoing, the Debtors request that the Court approve the following schedule of proposed key dates and deadlines relevant to the Notice Procedures and sets forth the Debtors' proposed deadlines for, among other things, the Voting Record Date, the Commencement of Voting Solicitation, the Voting Deadline, the Class 8 Opt-Out Deadline, Objection Deadline, and the Combined Hearing (collectively, the "<u>Confirmation Schedule</u>"):

| Event | Proposed Date/Deadlines |
|-------|-------------------------|
| **Voting and Opt-Out** | |
| Voting Record Date | June 2, 2024 |
| Commencement of Voting Solicitation | June 2, 2024 |
| Voting Deadline | June 2, 2024 at 11:59 p.m. (ET) |
| Opt-Out Deadline | 4:00 pm (ET) on the date that is seven (7) days prior to the Combined Hearing |
| **Other Dates** | |
| Petition Date | June 3, 2024 |
| Plan Supplement Filing Date | Seven (7) days prior to the Confirmation Objection Deadline |
| Disclosure Statement/Confirmation Objection Deadline | 4:00 pm (ET) on the date that is seven (7) days prior to the Combined Hearing |

| | |
|---|---|
| Deadline to file proposed Confirmation Order(s) | 12:00 p.m. (ET) on the date that is two (2) days prior to the Combined Hearing |
| Deadline to file (i) brief in support of Confirmation of the Plan (including any replies to confirmation objections) (the "Confirmation Brief"), (ii) declarations in support of confirmation of the Plan and (iii) voting certification | 12:00 p.m. (ET) on the date that is two (2) days prior to the Combined Hearing |
| Combined Hearing | July 11, 2024 |

## **INTRODUCTION**

3.　　On June 3, 2024, following extensive, good-faith negotiations with their key stakeholders, the Debtors commenced these Chapter 11 Cases to implement a prepackaged chapter 11 plan that contemplates: (i) entering into the Amended and Restated Term Loan Credit Agreement with Holders of Secured Term Loan Claims, (ii) providing each Holder of an Allowed Secured Notes Claim payment in full in Cash on account of such Allowed Secured Notes Claim; *provided*, *however*, that the Consenting Noteholders have agreed to accept lesser treatment under the Plan and shall receive 100% of the New Equity Interests on account of their Secured Notes Claims, and (iii) providing payment in full of all Allowed General Unsecured Claims, as more fully set forth in the Plan. The Debtors have executed the Restructuring Support Agreement, dated May 31, 2024 (the "RSA"), with the Consenting Lenders, holding 100% of the Secured Term Loan Claims, the only Voting Class (as defined below), and 99.63% of the Secured Notes Claims.

4.　　The RSA and the Plan are the product of extensive negotiations among the Debtors and their key stakeholder, Lynrock, as Holder of the entirety of the Secured Term Loan Claims and as holder of 99.63% of the Secured Notes Claims, and  contemplate a consensual restructuring of the Debtors. Importantly, the Plan and the RSA contemplate payment in full in cash of Allowed General Unsecured Claims and, therefore, such Claims are Unimpaired. Moreover, Allowed

4

Secured Notes Claims are also Unimpaired under the Plan and will receive payment in full in cash, except that the Consenting Noteholders have agreed to accept lesser treatment under the Plan and shall receive 100% of the New Equity Interests on account of their Allowed Secured Notes Claims instead of payment in full in cash.

5.      Given the fact that the vote of the sole Voting Class regarding the Plan has already been solicited, the Debtors are proposing to proceed to Confirmation of the Plan on an expedited timeline, which will reduce the administrative costs the Debtors will incur as a result of the Chapter 11 Cases and minimize any disruption of the Debtors' business operations.

6.      In the Solicitation Package (as defined below) provided to Holders of Secured Term Loan Claims prior to the Petition Date, the Debtors took measures to ensure that the sole Voting Class will have sufficient notice of the proposed Plan, Disclosure Statement, Objection Deadline, and Combined Hearing. Moreover, as described in more detail below, the Debtors will mail the Combined Notice, attached as **Exhibit 1** to the Proposed Order, following entry of the Proposed Order to all known holders of Claims against, or Equity Interests in, the Debtors. The Combined Notice will set forth, among other things, (i) the notice of commencement of the Chapter 11 Cases, (ii) the date, time, and place of the Combined Hearing, (iii) instructions for obtaining copies of the Disclosure Statement and Plan, and (iv) the Objection Deadline and procedures for filing objections to the adequacy of the Disclosure Statement and/or confirmation of the Plan.

7.      As the ultimate goal of the restructuring contemplated by the RSA and the Plan is to maximize the value of the Debtors' business and estates, it is critical that the Debtors obtain Confirmation and emerge from these Chapter 11 Cases as soon as reasonably practicable to minimize potential uncertainty associated with the chapter 11 reorganization process, the impact on the Debtors' business, and the implementation costs. As such, by this Motion, the Debtors

5

request authority to proceed on the orderly timeline set forth herein, which will allow the Debtors to move these Chapter 11 Cases to the expeditious resolution contemplated by the RSA. Importantly, the Debtors believe that parties in interest will not be prejudiced by the relief requested herein given the highly consensual nature of these Chapter 11 Cases, the fact that the sole Voting Class has already voted to accept the Plan, and the fact that holders of Allowed General Unsecured Claims and Secured Notes Claims[4] will be Unimpaired under the Plan. Accordingly, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their Estates, and all stakeholders, and should be approved.

## JURISDICTION AND VENUE

8.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

9.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

10.     The statutory bases for the relief requested herein are sections 105(a), 341, 363, 521, 1125, 1126, and 1128(a) of the Bankruptcy Code, rules 2002, 3017, 3018, 3020, and 9006 of

---

[4] As noted above, the Consenting Noteholders have agreed to lesser treatment under the Plan.

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1007-1,

3017-1, and 9006-1.

## THE SOLICITATION

I.  **Plan Summary**

11.     The Plan creates 8 Classes of Claims and Equity Interests, as shown on the chart

below:

| Class | Claims and Equity Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| Class 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| Class 3 | Secured Term Loan Claims | Impaired | Entitled to Vote |
| Class 4 | Secured Notes Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| Class 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| Class 6 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Conclusively Presumed to Accept) / Not Entitled to Vote (Deemed to Reject) |
| Class 7 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Conclusively Presumed to Accept) / Not Entitled to Vote (Deemed to Reject) |
| Class 8 | Equity Interests and Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

7

12.     Class 3 (the "Voting Class") is the only Class entitled to vote on the Plan.

13.     Holders of Claims and/or Equity Interests in Classes 1, 2, 4, 5, 6, and 7 are not entitled to vote on the Plan and are not being solicited. Holders of Class 8 Equity Interests and Section 510(b) Clams, which are Impaired and will receive no distributions under the Plan, are deemed to reject the Plan and are not entitled to vote on the Plan (collectively, the Holders of Claims and/or Equity Interests in Classes 1, 2, 4, 5, 6, 7, and 8, the "Non-Voting Classes").

**A.  Notice Provided to the Voting Class**

14.     As noted above, the Debtors commenced the solicitation of votes from Class 3 Secured Term Loan Claims before filing these Chapter 11 Cases in accordance with the following Solicitation Procedures and applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

15.     Specifically, the Debtors commenced the solicitation of votes on the Plan on June 2, 2024 by causing their solicitation agent, Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), to distribute the Plan, Disclosure Statement, and Class 3 Ballot (the Disclosure Statement, the Plan, the Class 3 Ballot, and other solicitation documents described herein together comprise the "Solicitation Package") to Holders of Claims in the Voting Class or their counsel of record. Holders of Claims and/or Equity Interests in the Non-Voting Classes for the Plan were not entitled to vote on the Plan and were not solicited.

16.     Holders of Class 3 Secured Term Loan Claims that received the Solicitation Package were directed in the Disclosure Statement and Class 3 Ballot to follow the instructions contained in the Class 3 Ballot to complete and submit the Class 3 Ballot to cast a vote to accept or reject the Plan. The Disclosure Statement and Class 3 Ballot provided to holders of Class 3 Secured Term Loan Claims expressly provided that a Holder of a Class 3 Secured Term Loan Claims seeking to vote on the Plan must submit its Class 3 Ballot so that it is actually received by

8

the Claims, Noticing, and Solicitation Agent on or before **June 2, 2024 at 11:59 p.m. (ET)** (the

"<u>Voting Deadline</u>").

17.    The Debtors' procedures and standard assumptions for tabulating Class 3 Ballot

include:

(a)    <u>**Use of Ballot**</u>: To ensure that your vote is counted, you must: (w) complete your Class 3 Ballot in accordance with these instructions; (x) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 3 Ballot; (y) if (i) you abstain from voting on the Plan or reject the Plan *and* (ii) choose to opt out of the Third-Party Release provision in the Plan, you must clearly indicate your election to opt out of the Third-Party Release in Item 3 of the Class 3 Ballot;[5] and (z) compete and sign the certification in Item 5 of the Class Ballot and submit your Class 3 Ballot as instructed therein.

(b)    Your Class 3 Ballot **must** be returned to the Claims, Noticing, and Solicitation Agent so as to be **actually received** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline.

(c)    If your Class 3 Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, your vote may or may not be counted in the sole and absolute discretion of the Debtors. Additionally, **the following Class 3 Ballots will <u>not</u> be counted**:

(i)    Any Class 3 Ballot that (x) partially rejects and partially accepts the Plan, (y) is not marked to accept or reject the Plan, or (z) is marked both to accept and reject the Plan;

(ii)    Any Class 3 Ballot not sent to the Claims, Noticing, and Solicitation Agent;

(iii)    Any Class 3 Ballot sent to the Debtors, the Debtors' agents (other than the Claims, Noticing, and Solicitation Agent), indenture trustee, or the Debtors' financial or legal advisors;

(iv)    Any Class 3 Ballot sent by telecopy, facsimile, or other electronic means (except for the E-Ballots and Ballots submitted by email as described in the form of Class 3 Ballot);

---

[5] For the avoidance of doubt, a vote to *accept* the plan in the Class 3 Ballot shall be deemed as consent to the Third-Party Release provision of the Plan.

IMPAC 11535238v.9

(v)      Any Class 3 Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim voted;

(vi)     Any Class 3 Ballot cast by a Person that does not hold a Class 3 Secured Term Loan Claim or is not an authorized signatory for such Holder; and/or

(vii)    Any unsigned Class 3 Ballot (for the avoidance of doubt, electronic signatures contained in E-Ballots validly submitted through the E-Ballot Portal will be deemed immediately legally valid and effective).

(d)      The method of delivery of a Class 3 Ballot to the Claims, Noticing, and Solicitation Agent is at your election and risk. Except as otherwise provided in the Class 3 Ballot, such delivery will be deemed made only when the Claims, Noticing, and Solicitation Agent **actually receives** your executed Class 3 Ballot, validly submitted through the E-Ballot Portal, by email, or by any other method authorized under the voting instructions attached to the Class 3 Ballot.

(e)      If multiple Class 3 Ballots are received from the same Holder prior to the applicable Voting Deadline, the latest, timely received, and valid Class 3 Ballot will supersede and revoke any earlier received Class 3 Ballots.

(f)      You must vote all of your Claims either to accept or reject the Plan and may not split your vote.

(g)      The Class 3 Ballot does not constitute, and shall not be deemed to be, (a) a proof of Claim or (b) an assertion or admission with respect to any Claim.

**B.  Notice Provided to Non-Voting Classes**

18.    The Debtors will also mail, or cause to be delivered, (i) to all Holders of Claims and Equity Interests in the Non-Voting Classes, the Non-Voting Status Notice attached to the Proposed Order as **Exhibit 4** and (ii) to all Holders of Equity Interests and Section 510(b) Claims, the Class 8 Opt-Out Form, attached as **Exhibits 5** to the Proposed Order.  The Notice of Non-Voting Status and the Class 8 Opt-Out Form (a) informs the applicable recipients of their status as Holders or potential Holders of Claims and/or Equity Interests in Non-Voting Classes and (b) provides the full text of the releases, exculpation and injunction provisions set forth in the Plan.

In addition, the Class 8 Opt-Out Form includes a form by which Holders of Class 8 Equity Interests can elect to opt out of the Third-Party Release included in the Plan by checking a prominently featured and clearly labeled box (the "Class 8 Opt-Out Form"). The Class 8 Opt-Out Form also contains information on how Holders of Class 8 Equity Interests can opt out electronically via the online portal maintained by the Claims, Noticing, and Solicitation Agent ("E-Ballot"). The opt-out data created by such electronic submission shall become part of the record of any Class 8 Opt-Out Form submitted in this manner, and the applicable Holder's electronic signature will be deemed to be immediately legally valid and effective.

## **BASIS FOR RELIEF**

### I.    **Scheduling the Combined Hearing**

19.    Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest . . . to consider the disclosure statement and any objections or modifications thereto." Local Rule 3017-1 provides that a hearing on a disclosure statement "shall be at least thirty-five (35) days following service of the disclosure statement." Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."

20.    The Court may combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan. *See* 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the Court to combine a hearing on approval of a disclosure statement with the confirmation hearing). The Debtors submit that a Combined Hearing would promote judicial economy and the expedient reorganization of the Debtors. Additionally, courts in this district have found the notice requirements of Bankruptcy Rules 2002(b) and 3017(a) satisfied under similar circumstances. *See, e.g.*, *In re Lucky Bucks, LLC*, Case No. 23-10758 (KBO) (Bankr. D. Del. June 15, 2023); *In re Pennsylvania Real Estate Investment Trust*, Case No. 20-12737 (KBO) (Bankr. D. Del. Nov. 3,

2020); *In re Anna Holdings, Inc.*, Case No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019); *In re Joerns Woundco Holdings, Inc.*, 19-11401 (JTD) (Bankr. D. Del. June 26, 2019); *In re Arsenal Energy Holdings LLC*, Case No. 19-10226) (BLS) (Bankr. D. Del. Feb. 6, 2019).

21.    The proposed Confirmation Schedule affords all parties-in-interest ample notice of the Chapter 11 Cases and the Combined Hearing. Specifically, the proposed schedule affords at least twenty-eight (28) days' notice of the Objection Deadline and thirty-five (35) days' notice of the Combined Hearing. As a result, parties will have sufficient time to evaluate their rights in respect of the Plan prior to the proposed Combined Hearing thereon and, therefore, no party in interest will be prejudiced by the requested relief. Therefore, the Debtors respectfully request entry of the Proposed Order, setting July 11, 2024 as the date for the Combined Hearing.

## II.    Deadline and Procedures for Objections to the Disclosure Statement and Confirmation of the Plan

22.    Bankruptcy Rule 3017(a) authorizes the Court to fix a time for filing objections to the adequacy of a disclosure statement and Bankruptcy Rule 3020(b)(1) authorizes the Court to fix a time for filing objections to a plan of reorganization. Further, Bankruptcy Rule 2002(b) requires at least twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections to approval of a disclosure statement and confirmation of a plan of reorganization. Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Moreover, Local Rule 9006-1 provides that (a) the deadline for objections shall be no later than seven (7) days before the hearing date and (b) the deadline for filing reply papers shall be no later than 4:00 p.m. on the day before the deadline for filing the hearing agenda. As set forth above, the Debtors' proposed timeline satisfies the notice requirements set forth in the Bankruptcy Rules.

23.     The Debtors request that the Court set **4:00 p.m. (ET) on the date that is seven (7) days prior to the Combined Hearing**, as the Objection Deadline for filing objections to the adequacy of the Disclosure Statement or confirmation of the Plan. The proposed Objection Deadline provides parties in interest with sufficient notice of the deadline for filing objections to the Disclosure Statement and Plan, while affording the Debtors and any parties-in-interest time to file a responsive brief and resolve consensually as many of those objections as possible.

24.     The Debtors further request that the Court direct that any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the amount and nature of such party's claim or interest, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with proof of service on or before the Objection Deadline.

25.     In addition to being filed with the Court, any such responses or objections must be served on the following parties (collectively, the "Notice Parties") by the Objection Deadline: (i) proposed counsel to the Debtors, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: L. Katherine Good (kgood@potteranderson.com), Aaron H. Stulman (astulman@potteranderson.com), and Gregory J. Flasser (gflasser@potteranderson.com)); (ii) counsel to any statutory committee appointed in these Chapter 11 Cases; (iii) the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov)); (iv) co-counsel to the Required Consenting Lenders, (a) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745 (Attn: Michael S. Stamer (mstamer@akingump.com) and Jason P. Rubin (jrubin@akingump.com)) and (b) Pashman Stein

13

Walder Hayden P.C., 1007 North Orange Street, 4th Floor #183, Wilmington, DE 19801 (Attn: John W. Weiss (jweiss@pashmanstein.com) and Joseph C. Barsalona II (jbarsalona@pashmanstein.com)); and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.

26.    The Debtors also request that the Court set (i) 12:00 p.m. (ET) on the date that is two (2) days prior to the Combined Hearing as the deadline for the Debtors to file the proposed Confirmation Order (the "Confirmation Order Deadline"), and (ii) 12:00 p.m. (ET) on the date that is two (2) days prior to the Combined Hearing as the deadline for the Debtors to file the Confirmation Brief, including any replies to any objections (the "Confirmation Brief Deadline"), and any declarations in support of Confirmation, two (2) Business Days before the Combined Hearing.

27.    The Debtors believe that setting the Objection Deadline, the Confirmation Order Deadline, and the Confirmation Brief Deadline as requested, and requiring that objecting parties satisfy the foregoing conditions, is warranted. First, the Debtors' proposed schedule would provide entities at least twenty-eight (28) days' notice of the Objection Deadline as required by Bankruptcy Rule 2002(b)(1) and in compliance with the requirements of Local Rules 3017-1. Second, the requested relief will afford all parties in interest sufficient time to consider the objections prior to the Combined Hearing and afford the Debtors sufficient time to address any objections through responsive briefs, modifications to the Plan, or otherwise.

### III.    Approval of Form and Manner of Notice of the Commencement of the Chapter 11 Cases, the Combined Hearing, and the Objection Deadline

28.    The Debtors propose to mail (or cause to be mailed, electronic mail being sufficient) the Combined Notice, substantially in the form annexed the Proposed Order as **Exhibit 1**, no later than forty-eight (48) hours after entry of the Proposed Order or as soon as

14

reasonably practicable thereafter, to all known holders of Claims against, or Equity Interests in, the Debtors. As noted above, the Combined Notice will set forth, among other things, (i) the date, time, and place of the Combined Hearing, (ii) instructions for obtaining copies of the Disclosure Statement and Plan, and (iii) the Objection Deadline and procedures for filing objections to the adequacy of the Disclosure Statement and/or confirmation of the Plan.

29.    Bankruptcy Rule 2002(f)(1) provides that notice of "the order for relief" shall be sent by mail to all creditors. Bankruptcy Rule 2002(d) similarly provides that, unless otherwise ordered by the court, notice of the "order for relief" shall be given to all of the Debtors' equity security holders.

30.    To provide another layer of notice to parties-in-interest in these Chapter 11 Cases, the Debtors will post to the Claims, Noticing, and Solicitation Agent's website (https://cases.stretto.com/CalAmp) (the "Case Website") various chapter 11 documents, including the following: (i) the Plan; (ii) the Disclosure Statement; (iii) this Motion and any orders entered in connection with this Motion; and (iv) the Combined Notice.

31.    Finally, pursuant to Bankruptcy Rule 2002(l), the Debtors will publish a form of the Combined Notice, modified for publication, in *USA Today* within seven (7) business days after entry of the Proposed Order, or as soon as reasonably possible thereafter; *provided*, that the Debtors may, in addition to the foregoing, publish a form of the Combined Notice, modified for publication in a newspaper local to the Debtors' business within the aforementioned within the same timeframe.

32.    The proposed service and publication of the Combined Notice will provide sufficient notice to all parties-in-interest in these Chapter 11 Cases of the commencement of such

15

cases, the date, time, and place of the Combined Hearing, and the procedures for objecting to the adequacy of the Disclosure Statement or the confirmation of the Plan.

33.     Accordingly, the Debtors respectfully request that this Court approve the form and manner of service of the Combined Notice, substantially in the form attached to the Proposed Order as **Exhibit 1**.

IV.     **Approval of the Solicitation Procedures and Form of Ballot**

34.     The Debtors distributed the Solicitation Package and commenced solicitation of votes to accept or reject the Plan, as applicable, prior to the commencement of these Chapter 11 Cases in accordance with sections 1125 and 1126 of the Bankruptcy Code. *See* 11 U.S.C. § 1125(g) (debtors may commence solicitation prior to filing chapter 11 petitions); 11 U.S.C. § 1126(b)(2) (holders of claims or interests that accepted or rejected a plan before the commencement of a chapter 11 case are deemed to accept or reject the plan so long as the solicitation provided adequate information). Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims or interests for the purpose of soliciting their votes to accept or reject a plan of reorganization. Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3017(e) provides that "the court shall consider the procedures for transmitting the documents and information required by [Bankruptcy Rule 3017(d)] to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of the procedures, and enter any orders the court deems appropriate." Fed. R. Bankr. P. 3017(e). As set forth herein, the Solicitation Procedures comply with the Bankruptcy Code and the Bankruptcy Rules, and, therefore, the Debtors seek approval of the Solicitation Procedures, the Class 3 Ballot, and the procedures used for tabulating votes to accept or reject the Plan.

## A. Voting Record Date

35.     Bankruptcy Rule 3018(b) provides that, in a prepetition solicitation, the holders of record of the applicable claims or interests against a debtor entitled to receive ballots and related solicitation materials are to be determined "on the date specified in the solicitation." Fed. R. Bankr. P. 3018(b). The Disclosure Statement and Class 3 Ballot clearly identify June 2, 2024 as the Voting Record Date.

## B. Plan Distribution and Voting Deadline

36.     Bankruptcy Rule 3018(b) provides that prepetition acceptances and rejections of a plan are valid only if the plan was transmitted to substantially all the holders of claims and interests entitled to vote on the plan and the time for voting was not unreasonably short. *See id*. As mentioned above, Holders of Class 3 Secured Term Loan Claims, the sole Voting Class, were transmitted the Plan on June 2, 2024.  The Voting Deadline was set for June 2, 2024 at 11:59 p.m. (ET).  Thus, the Holders of Class 3 Secured Term Loan Claims had approximately one (1) day to consider and return votes with respect to the Plan.

37.     The Debtors respectfully submit that holders of Class 3 Secured Term Loan Claims, the sole Voting Class, have had reasonable and adequate time to consider the Plan and the Disclosure Statement and to submit a Ballot before the applicable Voting Deadline. Indeed, the period of time prior to the Voting Deadline is consistent with the solicitation period in other prepackaged chapter 11 cases. *See, e.g.*, *In re Lucky Bucks, LLC*, Case No. 23-10758 (KBO) (Bankr. D. Del. June 15, 2023) (approving procedures for solicitation that included two-day voting period); *In re PES Holdings, LLC*, No. 18-10122 (KG) (Bankr. D. Del. Jan. 29, 2018) (approving procedures for solicitation that included a two-day voting period); *see also In re Longview Power, LLC*, No. 20-10951 (BLS) (Bankr. D. Del. Apr. 15, 2020) (approving procedures for solicitation that included a 18-day voting period); *In re Blackhawk Mining LLC*, No. 19-11595 (LSS) (Bankr.

17

D. Del. July 22, 2019) (approving procedures for solicitation that included a 11-day voting period); *In re EV Energy Partners, L.P.*, No. 18-10814 (CSS) (Bankr. D. Del. April 4, 2018) (approving procedures for solicitation that included a 16-day voting period).

38.     Moreover, the Debtors submit that holders of Claims in Class 3 are sophisticated market participants and are able to evaluate the merits of the Plan. In addition, prior to, and subsequent to, the commencement of solicitation, the Plan and Disclosure Statement were subject to extensive review and comment by the Required Consenting Lenders, representing an overwhelming majority of the Claims, and all of the Claims in Class 3 have already signed on to the RSA to support the Plan by the Voting Deadline. For these reasons, the Debtors believe that the solicitation period is reasonable and appropriate for holders of Claims entitled to vote on the Plan to make an informed decision to accept or reject the Plan.

### C.  The Class 3 Ballot

39.     Bankruptcy Rule 3017(d) requires the Debtors to transmit a form of ballot, which substantially conforms to Official Form 314, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(c) provides that "[a]n acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form." Fed. R. Bankr. P. 3018(c). As set forth herein, all holders of Class 3 Secured Term Loan Claims, the sole Voting Class, were transmitted the Class 3 Ballot. The Class 3 Ballot used in the Solicitation Package is based on Official Form 314, and has been modified, as applicable, to address the particular circumstances of these Chapter 11 Cases to include certain information that the Debtors believe to be relevant and appropriate for holders of Claims entitled to vote to accept or reject the Plan.

18

### D. Voting Tabulation

40.    The Debtors' Claims, Noticing, and Solicitation Agent is using standard tabulation procedures in tabulating votes for the Plan. These procedures are consistent with section 1126(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a). These tabulation procedures are also consistent with those previously used in cases in this district. *See, e.g.*, *In re Lucky Bucks, LLC*, Case No. 23-10758 (KBO) (Bankr. D. Del. June 15, 2023) (approving vote tabulation procedures); *In re Longview Power, LLC*, No. 20- 10951 (BLS) (Bankr. D. Del. Apr. 15, 2020) (same); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Dec. 19, 2019) (same); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Blackhawk Mining LLC*, No. 19-11595 (LSS) (Bankr. D. Del. July 22, 2019) (same).

### E. The Debtors' Prepetition Solicitation Was Exempt from Registration and Disclosure Requirements Otherwise Applicable Under Non-Bankruptcy Law

41.    Section 1125(g) of the Bankruptcy Code provides that "an acceptance or rejection of the plan may be solicited from a holder of a claim or interest if such solicitation complies with applicable non-bankruptcy law and if such holder was solicited before the commencement of the case in a manner complying with applicable non-bankruptcy law." 11 U.S.C. § 1125(g). Further, section 1126(b) of the Bankruptcy Code provides that:

> [A] holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if—(1) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or (2) if there is not any such law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

11 U.S.C. § 1126(b).

42.    Therefore, prepetition solicitation must either comply with generally applicable federal or state securities laws and regulations (including the registration and disclosure

requirements thereof) or, if such laws and regulations do not apply, the solicited holders must receive "adequate information" under section 1125 of the Bankruptcy Code. *See id*. Because the Plan contemplates, among other things, the issuance of New Equity Interests to holders of Secured Notes Claims, the Debtors' prepetition solicitation is in part governed by the Securities Act of 1933, as amended (the "Securities Act"). *See* 15 U.S.C. § 77e; *see also* 15 U.S.C. § 77b(a)(1), (3). The Debtors respectfully submit that their prepetition solicitation is exempt from the registration requirements under the Securities Act under one or more of the exceptions from registration provided thereunder, including section 4(a)(2) thereof, state "Blue Sky" laws, or any similar rules, regulations, or statutes.

43.    In general, the Securities Act requires an issuer of securities to file a registration statement with the U.S. Securities and Exchange Commission prior to commencing a public offering. 15 U.S.C. § 77. The Debtors, however, were not required to file a registration statement under one or more of the exceptions to the registration requirements of the Securities Act, state "Blue Sky" laws, and similar statutes, rules, and regulations. In particular, shares of New Equity Interests will be issued in reliance upon either (a) section 1145 of the Bankruptcy Code, which creates an exemption from, among other things, the registration requirements under the Securities Act and any other applicable U.S. state or local law for securities issued under a plan of reorganization, or (b) section 4(a)(2) of the Securities Act and Regulation D (a safe harbor regulation promulgated under that section), which create an exemption from the Securities Act's registration requirements and otherwise applicable state laws for transactions not involving a "public offering." 15 U.S.C. § 77r(b)(4)(E) (preempting state law in offerings conducted pursuant to regulations under section 4(a)(2) of the Securities Act). The Debtors understand that all holders of Claims entitled to vote on the Plan were accredited investors, as that term is defined in Rule 501

20

of Regulation D, there was no general solicitation in connection with the sale of securities under the Plan, and that such holders had sufficient knowledge and experience in financial and business matters to be capable of evaluating the merits and risks of the sale of securities under the Plan. *See* 17 C.F.R. § 230.506(b). Accordingly, the Debtors were not required to file a registration statement regarding the offer of the New Equity Interests.

44.     Debtors in this district have utilized section 4(a)(2) of the Securities Act to exempt their prepetition solicitation from the registration and disclosure requirements otherwise applicable under nonbankruptcy law. *See, e.g.*, *In re Lucky Bucks, LLC*, Case No. 23-10758 (KBO) (Bankr. D. Del. June 15, 2023); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Dec. 19, 2019) (approving solicitation procedures that included a section 4(a)(2) exemption); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Blackhawk Mining LLC*, No. 19-11595 (LSS) (Bankr. D. Del. July 22, 2019) (same); *In re EV Energy Partners, L.P.*, No. 18-10814 (CSS) (Bankr. D. Del. Apr. 4, 2018) (same).

### F.  Waiver of Certain Solicitation Package Mailings

45.     The Debtors request that the Court waive the requirement that they mail a copy of the Solicitation Package to holders of Claims presumed to accept or reject the Plan. *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of a court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and holders unless the court orders otherwise). Bankruptcy Rule 3017(d) applies, in relevant part, "[u]pon approval of a disclosure statement." *See id*. Accordingly, Bankruptcy Rule 3017 may be deemed not to apply here considering the prepetition solicitation process employed. *See also* 11 U.S.C. § 1126(f)–(g) (providing that solicitation of parties either presumed to accept or deemed to reject is unnecessary). Distributing the Solicitation Package to non-voting creditors or equity holders is costly and administratively burdensome. The Debtors submit that their resources should not be dissipated by having to satisfy this mailing requirement,

especially given that the Debtors have made the Solicitation Package available at no cost on the Case Website maintained in the Chapter 11 Cases.

46.     Similar waivers have been granted in other chapter 11 cases in this district. *See, e.g.*, *In re Lucky Bucks, LLC*, Case No. 23-10758 (KBO) (Bankr. D. Del. June 15, 2023) (providing that debtors shall mail a copy of the plan or the disclosure statement to claimants presumed to accept or deemed to reject the plan only upon request of such claimants); *In re Pennsylvania Real Estate Investment Trust*, Case No. 20-12737 (Bankr. D. Del. November 3, 2020) (same); *In re Pyxus Int'l, Inc.*, Case No. 20-11570 (LSS) (Bankr. D. Del. June 17, 2020) (same); *In re Skillsoft Corporation*, Case No. 20-11532 (MFW) (Bankr. D. Del. June 16, 2020) (same); *In re Anna Holdings, Inc.*, Case No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Blackhawk Mining LLC*, No. 19-11595 (LSS) (Bankr. D. Del. July 22, 2019) (same).

### G. Approval of the Form and Manner of Notice to Non-Voting Classes and Class 8 Opt-Out Form

47.     The Debtors propose to distribute to the Non-Voting Classes a package (the "Non-Voting Package"), which shall consist of (i) the Combined Notice; (ii) an applicable Notice of Non-Voting Status, among other things: (a) informs recipients of their status as Holders or potential Holders of Claims and/or Equity Interests in Non-Voting Classes and (b) provides the full text of the releases, exculpation, and injunction provisions set forth in the Plan; and (iii) for Holders of Class 8 Equity Interests a Class 8 Opt-Out Form by which Holders of Class 8 Equity Interests could elect to opt out of the Third-Party Release included in the Plan by checking a prominently featured and clearly labeled box.

48.     The Non-Voting Package will be served upon (a) the Holders of Claims in Classes that are not Impaired under the Plan and, therefore, conclusively presumed to have accepted the Plan pursuant to Bankruptcy Code section 1126(f) and (b) the Holders of Claims and/or Equity

Interests in Classes that are Impaired under the Plan and anticipated to receive no distribution on account of their Claims or Equity Interests and, therefore, conclusively presumed to have rejected the Plan pursuant to Bankruptcy Code section 1126(g). The Debtors will serve such holders in the Non-Voting Classes following the Court's entry of the Proposed Order. As clearly set forth in the Class 8 Opt-Out Form, the Class 8 Opt-Out Form must be returned no later than **4:00 p.m. (ET) on the date that is seven (7) days prior to the Combined Hearing** (the "Class 8 Opt-Out Deadline"). The Debtors respectfully submit that Holders of Class 8 Equity Interests will have had adequate time to consider the Plan and the Disclosure Statement and opt out of the releases thereunder by the Class 8 Opt-Out Deadline.

### H.  Approval of the Disclosure Statement at the Combined Hearing

49.    At the Combined Hearing, the Debtors will request that the Court find that the Disclosure Statement contains "adequate information," as defined in section 1125(a) of the Bankruptcy Code. *See* 11. U.S.C. § 1126(b)(2) (providing that, if no non-bankruptcy law governs the solicitation of holders of claims or interests prior to the debtors commencing chapter 11 cases, such solicitation must have been based on the debtors providing such holders "adequate information"). To the extent that the Court believes section 1125(b) of the Bankruptcy Code requires conditional approval of the Disclosure Statement now, before the Combined Hearing, for the Debtors' prepetition solicitation to continue postpetition, however, the Debtors respectfully submit that such conditional approval is warranted because the Disclosure Statement contains adequate information.[6]

---

[6]  Pursuant to section 1125(g), the Debtors do not believe that the Disclosure Statement must be conditionally approved for the Debtors' prepetition solicitation to continue postpetition. Out of an abundance of caution, however, the Debtors request that the Court conditionally approve the Disclosure Statement if the Court deems necessary.

IMPAC 11535238v.9

50.     The Disclosure Statement contains adequate information, which is extensive and comprehensive. "Adequate information" is based on the facts and circumstances of each case, but the standard is to prove sufficient information to enable parties to vote in an informed way. That standard is easily met here. *See* 11 U.S.C. § 1125(a)(1); *see also Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321–22 (3d Cir. 2003) (providing that a disclosure statement must contain "adequate information to enable a creditor to make an informed judgment about the Plan") (internal quotations omitted); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) (noting that "adequate information" varies on a case-by-case basis).

51.     Here, the Disclosure Statement contains descriptions and summaries of, among other things: (a) the Plan; (b) certain events and relevant negotiations preceding the commencement of these Chapter 11 Cases; (c) risk factors affecting Consummation of the Plan; (d) a liquidation analysis setting forth an estimated recovery that holders of Claims and Equity Interests would receive in a hypothetical chapter 7 case; (e) financial information that is relevant in determining whether to accept or reject the Plan;  (f) securities law consequences of the Plan; and (g) federal tax law consequences of the Plan.

52.     In addition, the Disclosure Statement and the Plan were subject to extensive review and comment by the parties to the RSA. Accordingly, the Debtors submit that the Disclosure Statement contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code and should be approved.

## V.     Conditional Waiver of Requirements for the Creditors' Meeting and the Schedules and Statements

53.     The Debtors submit that the circumstances of the Chapter 11 Cases merit a waiver of the requirement that the U.S. Trustee convene the Creditors' Meeting and a provisional waiver

the requirement that the Debtors must file the Schedules and Statements. This relief is appropriate under the circumstances because the Debtors anticipate obtaining approval of the Disclosure Statement and entry of the Confirmation Order within forty-five (45) days hereof, subject to the Court's availability, and is consistent with other prepackaged chapter 11 cases.

### A.  Creditors' Meeting

54.     Although section 341(a) of the Bankruptcy Code typically requires the U.S. Trustee to convene and preside over the Creditors' Meeting, the Court can waive such a requirement "for cause." Specifically, section 341(e) provides:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e). As discussed above, the Debtors commenced solicitation for acceptance of the Plan before the Petition Date. Moreover, holders of 100% of the Class 3 Secured Term Loan Claims and approximately 99.63% of the Class 4 Secured Notes Claims executed the RSA. The Debtors are also seeking, pursuant to the Plan, to pay all Allowed General Unsecured Claims in full. On this basis, the Debtors submit that cause exists for the Court to grant the relief contemplated by section 341(e) of the Bankruptcy Code. The Debtors intend to proceed expeditiously to confirm the Plan within sixty (60) days from the Petition Date and emerge from chapter 11 promptly thereafter. Accordingly, given the timeline for confirmation of the Plan requested by the Debtors in this Motion, the Debtors propose that the Court waive the Creditors' Meeting requirement.

55.     This Court has granted the requested waiver in other prepackaged chapter 11 cases. *See, e.g.*, *In re Lucky Bucks, LLC*, Case No. 23-10758 (KBO) (Bankr. D. Del. June 15, 2023) (conditionally waiving the requirement to hold a meeting of creditors); *In re Longview Power,*

*LLC*, No. 20-10951 (BLS) (Bankr. D. Del. Apr. 15, 2020) (same); *In re Clover Techs. Grp., LLC*,

No. 19-12680 (KBO) (Bankr. D. Del. Dec. 19, 2019) (same); *In re Anna Holdings, Inc.*, No 19-

12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Blackhawk Mining LLC*, No. 19-11595

(LSS) (Bankr. D. Del. July 22, 2019) (same); *see, e.g.*, *In re David's Bridal, Inc.*, Case No. 18-

12635 (LSS) (Bankr. D. Del. Nov. 20, 2018) (same); *In re Mattress Firm, Inc.*, Case No. 18-12241

(CSS) (Bankr. D. Del. Oct. 9, 2018) (same).

### B. Schedules and Statements

56.    The Debtors request that the requirements to file Schedules and Statements be

extended by through and including the date that is seventy-five (75) days after the Petition Date

and waived in the event that the Plan is confirmed by such date. Section 521 of the Bankruptcy

Code requires a debtor to file the Schedules and Statements unless the court orders otherwise.

Schedules and Statements must be filed within fourteen (14) days after the Petition Date. FED. R.

BANKR. P. 1007(c). As a matter of course, the Debtors are entitled to an automatic extension of

twenty-eight (28) days from the Petition Date because they filed a list of creditors

contemporaneously with their petitions and have in excess of 200 creditors. *See* DEL. BANKR.

L.R. 1007-1(b). Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), the Court has

authority to grant a further extension "for cause." An extension for cause merely requires that a

debtor "demonstrate some justification for the issuance of the order," and "normally will be

granted in the absence of bad faith or prejudice to the adverse party." *See, e.g.*, *Bryant v. Smith*,

165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extension under

Bankruptcy Rule 1007) (citations omitted).

57.    Here, cause exists to extend and, if applicable, waive the deadline to file the

Schedules and Statements. The primary justification for requiring the Debtors to file the Schedules

and Statements—to allow interested parties to assess the Debtors' assets and liabilities and

26

thereafter negotiate and confirm a plan of reorganization—does not exist in the Chapter 11 Cases. Under the circumstances, the benefits of filing the Schedules and Statements are heavily outweighed by the costs. Preparing the Schedules and Statements would be time consuming and distracting to the Debtors' management and advisors at a time when they are focused on achieving expedited Confirmation of the Plan and would be costly to the Debtors' estates. Given the requested accelerated Confirmation timeline of the Chapter 11 Cases and structure of the Plan, the Schedules and Statements would also be of limited utility to most parties in interest. The minimal benefit of requiring the Debtors to prepare the Schedules and Statements following the Petition Date would be significantly outweighed by the substantial expenditure of time and resources the Debtors and their professionals would be required to devote to the preparation and filing of such documents. No party in interest would be prejudiced by the Court granting the Debtors' request for an extension because the Debtors have proposed the Plan, under which Allowed General Unsecured Claims and Secured Notes Claims will be Unimpaired.

58.    Accordingly, the Debtors request that the Court (a) extend the deadline by which the Debtors must file Schedules and Statements by approximately seventy-five (75) days, through and including August 17, 2024, without prejudice to the Debtors' ability to seek further extensions, in each case without filing a supplemental motion, upon further order of the Court submitted under certification of counsel with prior notice to and with the agreement of the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases; *provided* that this relief is without prejudice to the Debtors' rights to request further extensions thereof by motion (including if the Debtors, the U.S. Trustee, and any statutory committee appointed in these Chapter 11 Cases are unable to reach agreement pursuant to the preceding proviso) and (b) permanently waive the Debtors' requirement to file Schedules and Statements upon confirmation of the Plan; *provided*

27

that Confirmation of the Plan, respectively, occurs before the extended deadline to file such Schedules and Statements.

59.     This Court has granted the requested conditional waiver or substantially similar relief in other prepackaged chapter 11 cases. *See, e.g.*, *In re Lucky Bucks, LLC*, Case No. 23-10758 (KBO) (Bankr. D. Del. June 15, 2023); *In re Longview Power, LLC*, No. 20-10951 (BLS) (Bankr. D. Del. Apr. 15, 2020); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Dec. 19, 2019); *In re Anna Holdings, Inc.*, No 19- 12551 (CSS) (Bankr. D. Del. Dec. 3, 2019); *In re Blackhawk Mining LLC*, No. 19-11595 (LSS) (Bankr. D. Del. July 22, 2019).

## **WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)**

60.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## **NOTICE**

61.     The Notice of this motion will be provided to the following parties or their respective counsel: (a) the Office of the United States Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) counsel to the Required Consenting Lenders; (d) the Secured Notes Collateral Agents; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the United States Attorney's Office for the District of Delaware; (h) registered and nominee holders of CalAmp Corp.'s equity securities; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within forty-eight (48) hours of the entry of an order with respect to this Motion, the Debtors will serve copies of this Motion and any order entered with respect to this Motion as

28

required by Local Rule 9013-1(m). The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## NO PRIOR REQUEST

62.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

Dated: June 3, 2024
          Wilmington, Delaware

Respectfully submitted,

*/s/ L. Katherine Good*

L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
Gregory J. Flasser (No. 6154)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
         astulman@potteranderson.com
         gflasser@potteranderson.com

*Proposed Counsel to the Debtors and Debtors in Possession*

29

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CalAmp Corp., *et al.*, | Case No. 24-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

**ORDER (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF
DISCLOSURE STATEMENT AND CONFIRMATION OF PREPACKAGED PLAN;
(II) ESTABLISHING THE PLAN AND DISCLOSURE STATEMENT OBJECTION
DEADLINES AND RELATED PROCEDURES; (III) APPROVING THE
SOLICITATION PROCEDURES AND FORM OF BALLOT; (IV) DIRECTING THAT A
MEETING OF CREDITORS NOT BE CONVENED; (V) WAIVING THE
REQUIREMENT OF FILING STATEMENTS OF FINANCIAL AFFAIRS AND
SCHEDULES OF ASSETS AND LIABILITIES; AND
(VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above captioned debtors and debtors in possession

in the above-captioned Chapter 11 Cases (collectively, the "Debtors") for entry of an order (this

"Order") (i) scheduling the Combined Hearing on the adequacy of the Disclosure Statement and

Confirmation of the Plan; (ii) establishing the Objection Deadline and approving related

procedures; (iii) approving the Solicitation Procedures; (iv) approving the form and manner of the

Combined Notice; (v) directing that the Office of the U.S. Trustee for the District of Delaware (the

"U.S. Trustee") waive the requirement to convene a Creditors' Meeting under section 341(a) of

the Bankruptcy Code; (vi) extending the deadlines by which the Debtors must file their Schedules

and Statements and, upon confirmation of the Plan before the Schedules and Statements Deadline,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994). The Debtors' service address is 15635 Alton Parkway, Suite 250, Irvine, CA 92618.

[2]   Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion, or, in not defined in the Motion, as defined in the Plan or, if not defined in the Plan, in the Disclosure Statement or First Day Declaration.

respectively, waiving the requirements for the Debtors to file Schedules and Statements; and (vii) granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice being adequate and appropriate under the circumstances; and this Court having reviewed the Motion and the First Day Declaration, and having heard the statements in support of the relief requested therein at the Combined Hearing before this Court (the "Hearing"); and this Court having found that it may enter this Order consistent with Article III of the United States Constitution; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is, it is **HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Combined Hearing (at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and Confirmation of the Plan) shall be held before this Court on **[•], 2024 at [•] [a.m. / p.m.] (prevailing Eastern Time)**. The Combined Hearing may be adjourned from time to time by the Court without further notice other than adjournments announced in open court or in the filing of a notice or a hearing agenda in the Chapter 11 Cases and notice of such adjourned date(s) will be available on the electronic case docket.

3.      The Debtors are authorized to combine the notice of the Combined Hearing and the Objection Deadlines (and related procedures) with the notice of commencement of the Chapter 11 Cases.

4.      Any responses or objections to the adequacy of the Disclosure Statement or Confirmation of the Plan must: (a) be in writing, (b) conform to the applicable Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state the name and address of the objecting party and the amount and nature of the Claim owned by such entity; (d) state, with particularity, the legal and factual basis for the objection, and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (e) be filed with the Court, together with a proof of service, no later than **4:00 p.m. (ET) on the date that is seven (7) days prior to the Combined Hearing** (the "Objection Deadline"). In addition to being filed with the Court, any such response or objection must also be served on the following parties,: (i) proposed counsel to the Debtors, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: L. Katherine Good (kgood@potteranderson.com), Aaron H. Stulman (astulman@potteranderson.com), and Gregory J. Flasser (gflasser@potteranderson.com)); (ii) counsel to any statutory committee appointed in these Chapter 11 Cases; (iii) the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (Attn.: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov)); and (iv) co-counsel to the Required Consenting Lenders, (a) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745 (Attn: Michael S. Stamer (mstamer@akingump.com) and Jason P. Rubin (jrubin@akingump.com)) and (b) Pashman Stein Walder Hayden P.C., 1007 North Orange Street, 4th Floor #183, Wilmington, DE 19801 (Attn: John W. Weiss (jweiss@pashmanstein.com) and Joseph C. Barsalona II (jbarsalona@pashmanstein.com)). The

3

Debtors and any other parties supporting Confirmation, as applicable, shall on or before 12:00 p.m. (ET) on the date that is two (2) days prior to the Combined Hearing, file with the Court (a) any replies in support of the Disclosure Statement or the Plan, (b) the Confirmation Order, and (c) the Confirmation Brief.

5.      To the extent that section 1125(b) of the Bankruptcy Code requires that the Debtors' prepetition solicitation of acceptances for the Plan requires an approved disclosure statement to proceed towards confirmation on a postpetition basis, the Court conditionally approves the Disclosure Statement as having adequate information, as required by section 1125 of the Bankruptcy Code, without prejudice to any party in interest objecting to the Disclosure Statement at the Combined Hearing.

6.      The Confirmation Schedule is approved (subject to modification as necessary) as follows:

| Event | Proposed Date/Deadlines |
|---|---|
| **Voting and Opt-Out** | |
| Voting Record Date | June 2, 2024 |
| Commencement of Voting Solicitation | June 2, 2024 |
| Voting Deadline | June 2, 2024 at 11:59 p.m. (ET) |
| Opt-Out Deadline | 4:00 pm (ET) on the date that is seven (7) days prior to the Combined Hearing |
| **Other Dates** | |
| Petition Date | June 3, 2024 |
| Plan Supplement Filing Date | Seven (7) days prior to the Confirmation Objection Deadline |
| Disclosure Statement/Confirmation Objection Deadline | 4:00 pm (ET) on the date that is seven (7) days prior to the Combined Hearing |

IMPAC 11535238v.9

| Deadline to file proposed Confirmation Order(s) | 12:00 p.m. (ET) on the date that is two (2) days prior to the Combined Hearing |
|---|---|
| Deadline to file (i) brief in support of Confirmation of the Plan (including any replies to confirmation objections) (the "Confirmation Brief"), (ii) declarations in support of confirmation of the Plan and (iii) voting certification | 12:00 p.m. (ET) on the date that is two (2) days prior to the Combined Hearing |
| Combined Hearing | July 11, 2024 |

7.      The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Package as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

8.      The Class 3 Ballot, in substantially the form attached hereto as **Exhibit 3,** is approved.

9.      The tabulation procedures used for the tabulation of votes to accept or reject the Plan as set forth in the Motion and as described in the Solicitation Package are approved.

10.     The notice of the combined hearing as proposed in the Motion (the "Combined Notice"), substantially in the form attached hereto as **Exhibit 1**, and the Publication Notice, substantially in the form attached hereto as **Exhibit 2,** are approved. The Debtors shall cause the Claims, Noticing, and Solicitation Agent to mail a copy of the Combined Notice to their creditors and registered and nominee holders of the Debtors' equity securities as set forth in the Motion no later than forty-eight (48) hours from the entry of this Order, or as soon as reasonably possible thereafter. The Notice Procedures set forth in the Motion and herein constitute good and sufficient notice of the commencement of the Chapter 11 Cases, the Combined Hearing, the Objection Deadline, and procedures for objecting to the adequacy of the Disclosure Statement and Confirmation of the Plan, and no other or further notice shall be necessary.

5

11.     The Debtors are not required to mail a copy of the Plan or Disclosure Statement to holders of Claims or Equity Interests in the Classes deemed to accept or reject the Plan; *provided, however*, that if any Holder of a Claim, against or Interest in, a Debtor requests from such Debtors, such Debtors' counsel or the Claims, Noticing, and Solicitation Agent a copy of the Plan and/or Disclosure Statement, regardless of whether such Holder is in the Voting Class, such Debtors' counsel or the Claims, Noticing, and Solicitation Agent shall serve the requested document or documents on such Holder, at such Debtors' cost, no later than two (2) business days from the date such request is made.

12.     The Debtors shall also serve the Combined Notice on (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in the Chapter 11 Cases; (v) all state and local taxing authorities in the states in which the Debtors have tax liability; (iv) all federal, state and local authorities that regulate any portion of the Debtors' business; (vi) the Securities and Exchange Commission; (vii) all counterparties to executory contracts and unexpired leases; and (viii) all parties listed on the creditor matrix, to the extent not already covered in (i)-(vii), no later than June 6, 2024, or as soon as reasonably possible thereafter; *provided* that the Notice shall be made no later than the date that is twenty- eight (28) days prior to the Objection Deadline.

13.     Within forty-eight (48) hours of the service of the Combined Notice, the Debtors shall cause various documents related to these Chapter 11 Cases to be posted (if not already posted thereon) on https://cases.stretto.com/CalAmp (the "Case Website"), including among others, the following: (i) the Plan; (ii) the Disclosure Statement; (iii) the Motion and this Order; and (iv) the Combined Notice.

14.     The Debtors are authorized, pursuant to Bankruptcy Rule 2002(l), to provide supplemental publication notice of the Combined Hearing, in substantially the form attached to the Proposed Order as **Exhibit 2**, by publishing the Publication Notice in *USA Today* on a date no later than seven (7) business days after entry of this Order, or as soon as reasonably possible thereafter; *provided*, that the Debtors may, in addition to the foregoing, provide supplemental publication notice of the Combined Hearing, in substantially the form attached to the Proposed Order as **Exhibit 2**, by publishing the Publication Notice in a newspaper local to the Debtors' business.

15.     The Non-Voting Status Notice and the Class 8 Opt-Out Form, substantially in the forms attached hereto as **Exhibits 4** and **5**, respectively, are approved and constitute sufficient notice to Holders in the Non-Voting Classes.

16.     The U.S. Trustee shall not schedule a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code.

17.     The requirement that the Debtors file their respective Schedule and Statements is extended by approximately 75 days, through and including August 17, 2024, without prejudice to the Debtors' respective rights to request further extensions thereof, in each case without filing a supplemental motion, upon further order of the Court submitted under certification of counsel with prior notice to and an agreement with the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases; *provided* that this relief is without prejudice to the Debtors' rights to request further extensions thereof by motion (including if the Debtors, the U.S. Trustee, and any statutory committee appointed in these Chapter 11 Cases are unable to reach agreement pursuant to the preceding proviso). The Debtors' respective requirement to file their Schedules and Statements shall be permanently waived upon confirmation of the Plan, as applicable; *provided*

7

that confirmation of the Plan occurs on or before the deadline to file the applicable Schedules and Statements, as may be extended.

18.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19.    The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order in accordance with the Motion.

20.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

8

## **Exhibit 1**

**Combined Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CalAmp Corp., *et al.*, | Case No. 24-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED CHAPTER 11
BANKRUPTCY CASES, (II) COMBINED HEARING ON THE
DISCLOSURE STATEMENT, CONFIRMATION OF THE JOINT
PREPACKAGED CHAPTER 11 PLAN, AND RELATED MATTERS, AND
(III) RELATED OBJECTION AND BRIEFING DEADLINES**

**NOTICE IS HEREBY GIVEN** as follows:

On June 3, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") the *Joint Prepackaged Chapter 11 Plan of Reorganization of CalAmp Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [•]] (as amended, supplemented, or otherwise modified from time to time, the "Plan") and proposed *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of CalAmp Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [•]] (as amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code (the "Bankruptcy Code"). Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' proposed counsel, Potter Anderson & Corroon LLP, at the addresses specified below. The Plan and the Disclosure Statement also are available for inspection free of charge on the Debtors' case website at https://cases.stretto.com/CalAmp (the "Case Website"). Once the Debtors commence the Chapter 11 Cases, the Plan and Disclosure Statement will also be available for inspection for a fee on the Bankruptcy Court's website at www.deb.uscourts.gov (the "Courts' Website"), and will be on file with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, where they will be available for review between the hours of 8:00 a.m. to 4:00 p.m., prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE THAT** on June 2, 2024, the Debtors commenced a solicitation of votes from holders of Class 3 Secured Term Loan Claims pursuant to the Plan, attached as Exhibit A to the Disclosure Statement.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994). The Debtors' service address is 15635 Alton Parkway, Suite 250, Irvine, CA 92618.

The Plan was developed in accordance with the terms of that certain restructuring support agreement dated as of May 31, 2024 (as amended from time to time, the "RSA") among the Debtors, Consenting Term Lenders, and the Consenting Noteholders (such Consenting Term Lenders and Consenting Noteholders, collectively, the "Consenting Lenders"). Among other things, the RSA obligates the Consenting Lenders to vote to approve the Plan and the Debtors' restructuring.

If you have any questions regarding this notice, the voting instructions, the procedures for voting, or need to obtain additional copies of the documents contained in the Solicitation Package, please contact Stretto, Inc. (the Debtors' proposed Claims, Noticing, and Solicitation Agent) by (1) emailing TeamCalAmp@stretto.com and reference "CalAmp" in the subject line, or (2) writing to the following address: CalAmp Corp., et al., Solicitation Agent, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**AS FURTHER DESCRIBED HEREIN, PLEASE BE ADVISED THAT ARTICLE IX OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED. HOLDERS OF CLAIMS AND EQUITY INTERESTS THAT DO NOT TIMELY OBJECT TO THE RELEASES SET FORTH IN ARTICLE IX OF THE PLAN WILL BE DEEMED TO HAVE PROVIDED SUCH RELEASES.**

## I.    <u>Hearing to Consider Compliance with Disclosure Requirements and Confirmation of the Plan</u>

A combined hearing to consider the Disclosure Statement's compliance with the Bankruptcy Code's disclosure requirements, confirmation of the Plan, any objections to the foregoing, and any other matter that may properly come before the Bankruptcy Court (the "Combined Hearing"), will be held before the Bankruptcy Court, 824 North Market Street, Wilmington, Delaware 19801, **on or about July 11, 2024 at a time and courtroom to be identified and will be set forth on the Case Website, or such other date as the Court may direct**. The Combined Hearing may be rescheduled from time to time without further notice other than an announcement in open court or in the filing of a notice or a hearing agenda in the Chapter 11 Cases. Notice of such rescheduled date(s) will be made available on the Case Website.

Pursuant to the Plan, the Voting Record Date was **June 2, 2024**, which was the date for determining which holders of Claims in Class 3 of the Plan were entitled to vote on the Plan. Holders of Claims in Classes other than Class 3 are not entitled to vote on the Plan as set forth in the table below.

2

| Class | Claims and Equity Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| Class 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| Class 3 | Secured Term Loan Claims | Impaired | Entitled to Vote |
| Class 4 | Secured Notes Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| Class 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| Class 6 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Conclusively Presumed to Accept) / Not Entitled to Vote / (Deemed to Reject) |
| Class 7 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Conclusively Presumed to Accept) / Not Entitled to Vote / (Deemed to Reject) |
| Class 8 | Equity Interests and Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

The deadline for filing objections (each, an "Objection") to the Plan and Disclosure Statement is **4:00 p.m. (ET) on the date that is seven (7) days prior to the Combined Hearing or such other date as the Court may direct** (the "Objection Deadline"). Any such Objections must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objections; and (e) be filed with the Court with proof of service thereof no later than the Objection Deadline and be served upon the following parties (the "Notice Parties"):

the Debtors:

      CalAmp Corp.
      15635 Alton Parkway, Suite 250
      Irvine, CA 92618
      Attn: Legal Department (Legal@CalAmp.com)

      With copies to:

      Potter Anderson & Corroon LLP
      1313 North Market Street, 6th Floor
      Wilmington, Delaware 19801
      Attn: L. Katherine Good (kgood@potteranderson.com), Aaron H. Stulman
      astulman@potteranderson.com), and Gregory J. Flasser
      (gflasser@potteranderson.com)

the Required Consenting Lenders:

      Akin Gump Strauss Hauer & Feld LLP
      One Bryant Park
      New York, New York 10036
      Attn: Michael S. Stamer (mstamer@akingump.com) and Jason P. Rubin
      (jrubin@akingump.com)

      and

      Pashman Stein Walder Hayden P.C.
      1007 North Orange Street, 4th Floor #183
      Wilmington, DE 19801
      Attn: John W. Weiss (jweiss@pashmanstein.com) and Joseph C. Barsalona II
      (jbarsalona@pashmanstein.com)

the U.S. Trustee:

      Office of the United States Trustee for the District of Delaware
      844 King Street, Suite 2207, Lockbox 35
      Wilmington, Delaware 19801
      Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov)

If any statutory committee is appointed in the Chapter 11 Cases:
To its counsel.

      Any brief in support of confirmation of the Plan and reply to any objections shall be filed on or about **12:00 p.m. (ET) on the date that is two (2) days prior to the Combined Hearing**, or **such other date as the Court may direct.**

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

## II.    <u>Discharge, Releases, Exculpation, and Injunction</u>

Please be advised that the Plan contains certain release, exculpation, discharge, and injunction provisions as follows:

### A.  Relevant Definitions

"<u>Affiliate</u>" has the meaning set forth in section 101(2) of the Bankruptcy Code.  With respect to each Entity that is not a Debtor, the term "Affiliate" shall apply to such Entity as if the Entity were a Debtor.

"<u>Avoidance Actions</u>" means any and all actual or potential avoidance, recovery, subordination, or other Claims, Causes of Action, or remedies that may be brought by or on behalf of the Debtors, their Estates or other authorized parties in interest under the Bankruptcy Code or applicable non-bankruptcy law, including Claims, Causes of Action, or remedies arising under chapter 5 of the Bankruptcy Code or under similar or related local, state, federal, or foreign statutes or common law, including fraudulent transfer laws.

"<u>Causes of Action</u>" means any claims, interests, damages, remedies, causes of action, demands, rights, actions, suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, liens, indemnities, guaranties and franchises of any kind or character whatsoever, whether known or unknown, choate or inchoate, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, Disputed or undisputed, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, in contract, tort, Law, equity or otherwise including: (a) all rights of setoff, counterclaim or recoupment and claims under contracts or for breaches of duties imposed by Law; (b) any claim based on or relating to, or in any manner arising from, in whole or in part, breach of contract, breach of fiduciary duty, violation of local, state, federal or foreign Law, or breach of any duty imposed by Law or in equity, including securities Laws, negligence and gross negligence; (c) the right to object to or otherwise contest Claims or Interests; (d) claims pursuant to sections 362, 510, 542, 543, 544 through 550 or 553 of the Bankruptcy Code; and (e) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code.

"<u>Debtor Release</u>" has the meaning set forth in Section 9.2 of the Plan.

"<u>Entity</u>" has the meaning set forth in section 101(15) of the Bankruptcy Code.

"<u>Estate</u>" means as to each Debtor, the estate created for such Debtor in its Chapter 11 Case pursuant to sections 301 and 541 of the Bankruptcy Code upon the commencement of such Debtor's Chapter 11 Case.

"<u>Exculpated Parties</u>" means collectively, and in each case in its capacity as such, (a) the Debtors; (b) the officers of each of the Debtors and the members of any board of directors or managers of each Debtor (or comparable governing body or Person of each of the Debtors), in each case, who served in the

Debtors' Chapter 11 Cases between the Petition Date and the Effective Date; (c) the Committee (if any) and its members; and (d) all Retained Professionals.

"Equity Interests" means, collectively, and any issued, unissued, authorized, or outstanding shares (or any class thereof) of common stock, preferred stock, limited liability company interests, and any other equity, ownership, or profits interests of any Debtor, and options, warrants, rights, or other securities or agreements to acquire or subscribe for, or which are convertible into the shares (or any class thereof) (excluding, for the avoidance of doubt, the Secured Notes) of common stock, preferred stock, limited liability company interests, or other equity, ownership, or profits interests of any Company Party (in each case whether or not arising under or in connection with any employment agreement) and all rights arising with respect thereto that existed immediately before the Petition Date.

"Plan Supplement" means the compilation of documents and forms of documents, agreements, instruments schedules, and exhibits to the Plan (in each case, as may be altered, amended, modified, or supplemented from time to time in accordance with the terms hereof, the RSA, the Bankruptcy Code and Bankruptcy Rules) to be Filed by the Debtors before the Confirmation Hearing or such later date as may be approved by the Bankruptcy Court on notice to parties in interest, including the following, as applicable: (a) the New Corporate Governance Documents; (b) to the extent known, the identity of the members of the New Board; (c) the Rejected Executory Contracts and Unexpired Leases Schedule, if any; (f) the List of Retained Causes of Action; (g) the Amended and Restated Secured Term Loan Credit Agreement; and (h) any and all other documentation necessary to effectuate the Restructuring Transactions or that is contemplated by the Plan.

"Related Parties" means, with respect to an Entity, collectively, (a) such Entity's current and former Affiliates and (b) such Entity's and such Entity's current and former Affiliates' directors, managers, officers, committee members, members of any governing body, shareholders, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns (whether by operation of law or otherwise), subsidiaries, current, former, and future associated entities, managed or advised entities, accounts or funds, partners, limited partners, general partners, principals, members, management companies, fund advisors, managers, fiduciaries, trustees, employees, agents (including any disbursing agent), advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, other representatives, and other professionals, representatives, advisors, predecessors, successors, and assigns, each solely in their capacities as such (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), and the respective heirs, executors, estates, servants and nominees of the foregoing.

"Released Parties" means each of, and in each case in their capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Term Loan Secured Party; (d) the Secured Noteholders; (e) the Indenture Trustee; (f) the Secured Notes Collateral Agents; (g) all Holders of Claims and/or Equity Interests; and (h) each Related Party of each Entity in clauses (a) through (g), solely in their capacity as such; provided however, that in each case, an entity shall not be a Released Party if it (x) timely elects to opt out of the releases contained in the Plan or (y) timely Files with the Bankruptcy Court on the docket of the Chapter 11 Cases an objection to the releases contained in the Plan that is not resolved or withdrawn before Confirmation.

"Releasing Parties" means, each of, and in each case in its capacity as such:  (a) the Debtors; (b) the Reorganized Debtors; (c) each Company Party; (d) the Secured Term Loan Party; (e) the Secured Noteholders; (f) the Indenture Trustee; (g) the Secured Notes Collateral Agents; (h) all Holders of Claims that (1) are deemed to accept the Plan or (2) are entitled to vote on the Plan and vote to accept the Plan; (i) all Holders of Class 8 Equity Interests who do not affirmatively opt out of the releases provided by the Plan

by checking the box on the Class 8 opt-out form indicating that they opt not to grant the releases provided in the Plan; (j) with respect to each of the Entities in clauses (a) through (i), such Entities' Related Parties, in each case solely in their capacity as such; provided that in each case, an Entity shall not be a Releasing Party if it timely objects to the releases contained in Section 9.2 of the Plan and such objection is not resolved before Confirmation.

"Secured Noteholders" means the Holders of the Secured Notes.

**B. Discharge of Claims and Termination of Equity Interests; Compromise and Settlement of Claims, Equity Interests, and Controversies.**

Pursuant to and to the fullest extent permitted by section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in full and final satisfaction, settlement, release, and discharge, effective as of the Effective Date, of all Equity Interests and Claims of any nature whatsoever, including any interest accrued on Claims from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against the Debtors, the Reorganized Debtors or any of their Assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims, including demands, liabilities, and causes of action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (i) a Proof of Claim or Equity Interest is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (ii) a Claim or Equity Interest is Allowed; or (iii) the Holder of such Claim or Equity Interest has accepted or rejected, or been deemed to accept or reject, the Plan. Except as otherwise provided herein, any default by the Debtors or their Affiliates with respect to any Claim or Equity Interest that existed immediately prior to or on account of the filing of the Chapter 11 Cases shall be deemed cured on the Effective Date. **The Confirmation Order shall be a judicial determination of the discharge of all Claims and Equity Interests subject to the Effective Date occurring, except as otherwise expressly provided in the Plan.**

Pursuant to Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith compromise of all Claims, Equity Interests, and controversies relating to the contractual, legal, and subordination rights that a Holder of a Claim or Equity Interest may have with respect to any Allowed Claim or Equity Interest, or any distribution to be made on account of such Allowed Claim or Equity Interest. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Equity Interests, and controversies, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of the Debtors, their Estates, and Holders of Claims and Equity Interests and is fair, equitable, and reasonable. **Subject to the provisions of the Plan, pursuant to Bankruptcy Rule 9019, without any further notice to or action, order, or approval of the Bankruptcy Court, after the Effective Date, the Reorganized Debtors may compromise and settle Claims against the Debtors and their Estates and Causes of Action against other Entities.**

### C. Debtors' Plan Releases, Exculpation, Injunction and Related Provisions

(a)    <u>Releases by the Debtors</u>

NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS DEEMED, HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED BY THE DEBTORS, THE REORGANIZED DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, REPRESENTATIVES, ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS (THE "<u>DEBTOR RELEASE</u>") FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION WHATSOEVER (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THEIR ESTATES), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, EXISTING OR HEREINAFTER ARISING, WHETHER IN LAW OR EQUITY, WHETHER SOUNDING IN TORT OR CONTRACT, WHETHER ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL, FOREIGN OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT OR OTHERWISE, THAT THE DEBTORS, THEIR ESTATES, OR THEIR AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST OR INTEREST IN A DEBTOR OR OTHER ENTITY, OR THAT ANY HOLDER OF ANY CLAIM AGAINST OR INTEREST IN A DEBTOR OR OTHER ENTITY COULD HAVE ASSERTED ON BEHALF OF THE DEBTORS, BASED ON OR RELATING TO OR IN ANY MANNER ARISING FROM IN WHOLE OR IN PART, THE DEBTORS OR THEIR ESTATES, THE DEBTORS' OPERATIONS, THE DEBTORS' RESTRUCTURING EFFORTS, THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED UNDER THE PLAN, THE SECURED NOTES, THE SECURED NOTES CLAIMS, THE INDENTURE, THE SECURED TERM LOAN CLAIMS, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASES, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR INTERACTIONS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, SOLICITATION, NEGOTIATION, ENTRY INTO, FILING OR IMPLEMENTATION OF THE RSA, THE CASH COLLATERAL ORDERS,

8

**THE DISCLOSURE STATEMENT, THE SOLICITATION OF VOTES ON THE PLAN, THE PLAN, ANY PLAN SUPPLEMENT, THE AMENDED AND RESTATED SECURED TERM LOAN CREDIT DOCUMENTS, THE NEW EQUITY INTERESTS, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RSA, THE DISCLOSURE STATEMENT, THE PLAN, ANY PLAN SUPPLEMENT, THE NEW EQUITY INTERESTS, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE: (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, OR ANY POST-EFFECTIVE DATE TRANSACTION CONTEMPLATED BY THE RESTRUCTURING TRANSACTIONS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN ANY PLAN SUPPLEMENT, AS APPLICABLE) EXECUTED TO IMPLEMENT THE PLAN OR THE RESTRUCTURING TRANSACTIONS; (B) THE RIGHTS OF ANY HOLDER OF ALLOWED CLAIMS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN; OR (C) ANY MATTERS RETAINED BY THE DEBTORS AND THE REORGANIZED DEBTORS PURSUANT TO THE SCHEDULE OF RETAINED CAUSES OF ACTION.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE DEBTOR RELEASES SHALL NOT BE CONSTRUED AS RELEASING ANY RELEASED PARTY FROM ANY CLAIM OR CAUSE OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT OR GROSS NEGLIGENCE.**

9

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, THE RELEASED PARTIES' CONTRIBUTION TO FACILITATING THE RESTRUCTURING TRANSACTIONS AND IMPLEMENTING THE PLAN; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (C) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.

(b)    <u>Releases by Releasing Parties</u>

AS OF THE EFFECTIVE DATE, AND TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, EACH RELEASED PARTY IS HEREBY DEEMED TO HAVE BEEN CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, RELEASED AND DISCHARGED (THE "<u>THIRD PARTY RELEASE</u>") BY EACH RELEASING PARTY, IN EACH CASE ON BEHALF OF ITSELF AND ITS RESPECTIVE SUCCESSORS, ASSIGNS AND REPRESENTATIVES AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, IN EACH CASE SOLELY TO THE EXTENT OF THE RELEASING PARTIES' AUTHORITY TO BIND ANY OF THE FOREGOING, INCLUDING PURSUANT TO AGREEMENT OR APPLICABLE NON-BANKRUPTCY LAW, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION WHATSOEVER (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THEIR ESTATES), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, EXISTING OR HEREINAFTER ARISING, WHETHER IN LAW OR EQUITY, WHETHER SOUNDING IN TORT OR CONTRACT, WHETHER ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL, FOREIGN OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT OR OTHERWISE, THAT SUCH PARTIES OR THEIR ESTATES, AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO OR IN

10

ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THEIR ESTATES, DEBTORS' OPERATIONS, THE DEBTORS' RESTRUCTURING EFFORTS, THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED UNDER THE PLAN, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASES, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR INTERACTIONS BETWEEN THE DEBTORS AND ANY RELEASING PARTY, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, SOLICITATION, NEGOTIATION, ENTRY INTO, FILING, OR IMPLEMENTATION OF THE RSA, THE CASH COLLATERAL ORDERS, THE DISCLOSURE STATEMENT, THE SOLICITATION OF VOTES ON THE PLAN, THE PLAN, THE PLAN SUPPLEMENT, THE AMENDED AND RESTATED SECURED TERM LOAN CREDIT DOCUMENTS, THE NEW EQUITY INTERESTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RSA THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE NEW EQUITY INTERESTS, THE CHAPTER 11 CASES, THE FILING OF THE SET CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE THIRD-PARTY RELEASE DOES NOT RELEASE: (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, OR ANY POST-EFFECTIVE DATE TRANSACTION CONTEMPLATED BY THE RESTRUCTURING TRANSACTIONS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN OR THE RESTRUCTURING TRANSACTIONS; OR (B) THE RIGHTS OF ANY HOLDER OF AN ALLOWED CLAIM TO RECEIVE DISTRIBUTIONS UNDER THE PLAN.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE THIRD PARTY RELEASES SHALL NOT BE CONSTRUED AS RELEASING ANY RELEASED PARTY FROM ANY CLAIM OR CAUSE OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT OR GROSS NEGLIGENCE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD-PARTY RELEASE, WHICH INCLUDES BY REFERENCE EACH OF

11

**THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD-PARTY RELEASE IS: (A) CONSENSUAL; (B) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (C) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD-PARTY RELEASE; (D) IN THE BEST INTERESTS OF THE DEBTORS AND THEIR ESTATES; (E) FAIR, EQUITABLE, AND REASONABLE; (F) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; AND (G) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE THIRD-PARTY RELEASE.**

<div align="center">

**(c)**     <u>**Exculpation and Limitation of Liability**</u>

</div>

**NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, AND WITHOUT LIMITING ANY RELEASE, INDEMNITY, EXCULPATION OR LIMITATION OF LIABILITY OTHERWISE SET FORTH IN THE PLAN OR IN ANY APPLICABLE LAW OR RULES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, NO EXCULPATED PARTY SHALL HAVE OR INCUR ANY LIABILITY FOR, AND EACH EXCULPATED PARTY SHALL BE RELEASED AND EXCULPATED FROM ANY CAUSE OF ACTION FOR ANY CLAIM RELATED TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO ANY TRANSACTIONS APPROVED BY THE BANKRUPTCY COURT IN THESE CHAPTER 11 CASES, INCLUDING THE SOLICITATION OF VOTES FOR THE PLAN, OR OTHER ACTIONS TAKEN IN CONNECTION WITH, THE FORMULATION, PREPARATION, DISSEMINATION, SOLICITATION, NEGOTIATION, ENTRY INTO, FILING, OR IMPLEMENTATION OF THE RSA, THE CASH COLLATERAL ORDERS, THE DISCLOSURE STATEMENT, THE PLAN, ANY PLAN SUPPLEMENT, THE NEW EQUITY INTERESTS, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RSA, THE DISCLOSURE STATEMENT, THE PLAN, ANY PLAN SUPPLEMENT, THE AMENDED AND RESTATED SECURED TERM LOAN CREDIT DOCUMENTS, THE NEW EQUITY INTERESTS, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE, WILLFUL MISCONDUCT, OR ACTUAL FRAUD. THE EXCULPATED PARTIES HAVE, AND UPON COMPLETION OF THE PLAN SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION**

<div align="center">12</div>

**GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.**

> **(d)** <u>**Injunction**</u>

**EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT: (A) ARE SUBJECT TO COMPROMISE AND SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN; (B) HAVE BEEN RELEASED PURSUANT TO SECTION 9.2 OF THE PLAN; (C) ARE SUBJECT TO EXCULPATION PURSUANT TO SECTION 9.3 OF THE PLAN; OR (D) ARE OTHERWISE RELEASED, SUBJECT TO EXCULPATION, DISCHARGED, SATISFIED, STAYED OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (3) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS DISCHARGED, RELEASED, EXCULPATED OR SETTLED PURSUANT TO THE PLAN.**

**IV.    Treatment of Executory Contracts and Unexpired Leases**

Please be advised that the Plan contains certain provisions relating to Executory Contracts and Unexpired Leases for the Debtors as follows:

13

### A. Assumption of Executory Contracts and Unexpired Leases

Each Executory Contract and Unexpired Lease shall be deemed assumed, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, as of the Effective Date under section 365 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (a) was assumed or rejected previously by the Debtors; (b) previously expired or terminated pursuant to its own terms; (c) is the subject of a motion to reject Filed on or before the Effective Date; or (d) is identified on the Rejected Executory Contract and Unexpired Leases Schedule; *provided*, that the rejection of any Executory Contract or Unexpired Lease shall be subject to the reasonable consent of the Required Consenting Lenders. The assumption of Executory Contracts and Unexpired Leases hereunder may include the assignment of certain of such contracts to Affiliates. The Confirmation Order will constitute an order of the Bankruptcy Court approving the above-described assumptions and assignments.

Except as otherwise provided herein or agreed to by the Debtors and the applicable counterparty, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests. To the maximum extent permitted by Law, to the extent any provision in any Executory Contract or Unexpired Lease assumed pursuant to the Plan restricts or prevents, purports to restrict or prevent or is breached or deemed breached by, the assumption of such Executory Contract or Unexpired Lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto. Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during the Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith.

Notwithstanding anything to the contrary in the Plan, the Debtors (with the reasonable consent of the Required Consenting Lenders) or the Reorganized Debtors, as applicable, reserve the right to alter, amend, modify or supplement the Rejected Executory Contracts and Unexpired Leases Schedule at any time through and including the Effective Date.

Notwithstanding anything to the contrary in the Plan, the RSA shall be deemed assumed by the Debtors upon entry of the Confirmation Order.

### B. Indemnification Obligations

The Debtors, and upon the Effective Date, the Reorganized Debtors, shall assume all of the Indemnification Obligations in place on and before the Effective Date for Indemnified Parties Claims related to or arising out of any actions, omissions or transactions occurring before the Effective Date. To the extent necessary, the New Corporate Governance Documents shall include provisions to give effect to the foregoing. After the Effective Date, the Reorganized Debtors shall not terminate or otherwise reduce the coverage under any directors' and officers' insurance

14

policies and all members, managers, directors and officers of the Debtors who served in such capacity at any time prior to the Effective Date shall be entitled to the full benefits of any such policy for the full term of such policy regardless of whether such members, managers, directors, and/or officers remain in such positions after the Effective Date.

### C.  Assumption of the D&O Liability Insurance Policies

The Debtors, and upon the Effective Date, the Reorganized Debtors, shall assume all of the D&O Liability Insurance Policies pursuant to section 365(a) of the Bankruptcy Code.  Unless previously effectuated by separate order entered by the Bankruptcy Court, entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtors' foregoing assumption of each of the D&O Liability Insurance Policies and authorization for the Debtors to take such actions, and to execute and deliver such documents, as may be reasonably necessary or appropriate to implement, maintain, cause the binding of, satisfy any terms or conditions of, or otherwise secure for the insureds the benefits of the D&O Liability Insurance Policies.

In addition and for the avoidance of doubt, after the Effective Date, none of the Company Parties shall terminate or otherwise reduce the coverage under any D&O Liability Insurance Policies covering the Debtors' current boards of directors or other governing bodies in effect on or after the Petition Date and, subject to the terms of the applicable D&O Liability Insurance Policies, all directors and officers of the Debtors who served in such capacity at any time before the Effective Date shall be entitled to the full benefits of any such policy for the full term of such policy, to the extent set forth therein, regardless of whether such directors and officers remain in such positions after the Effective Date.

### D.  Claims Based on Rejection of Executory Contracts or Unexpired Leases

Entry of the Confirmation Order shall constitute a Bankruptcy Court order approving the rejections, if any, of any Executory Contracts or Unexpired Leases as provided for in the Plan or the Rejected Executory Contract and Unexpired Leases Schedule, as applicable. Unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, pursuant to the Plan or the Confirmation Order, if any, must be Filed with the Claims, Noticing, and Solicitation Agent at the address specified in any notice of entry of the Confirmation Order and served on the Reorganized Debtors no later than thirty (30) days after the effective date of such rejection. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed with the Claims, Noticing, and Solicitation Agent within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors, the Reorganized Debtors, the Estates, or their property, without the need for any objection by the Debtors or Reorganized Debtors, or further notice to, action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged, and be subject to the permanent injunction set forth in Section 9.4 of the Plan, notwithstanding anything in a Proof of Claim to the contrary. All Claims arising from the rejection by any Debtor of any Executory Contract or Unexpired Lease pursuant to section 365 of the Bankruptcy Code shall be treated as a General Unsecured Claim pursuant to Section 3.3(e)(ii) of the Plan and may be objected to in accordance with the provisions

15

of Article VI of the Plan and the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

**D.      Cure of Defaults for Executory Contracts and Unexpired Leases Assumed**

The Debtors or the Reorganized Debtors, as applicable, shall pay Cures, if any, on the Effective Date or as soon as reasonably practicable thereafter.  Unless otherwise agreed upon in writing by the parties to the applicable Executory Contract or Unexpired Lease, all requests for payment of Cure that differ from the amounts paid or proposed to be paid by the Debtors or the Reorganized Debtors to a counterparty must be Filed with the Bankruptcy Court on or before thirty (30) days after the Effective Date.  Any such request that is not timely Filed shall be disallowed and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against any Reorganized Debtor, without the need for any objection by the Reorganized Debtors or any other party in interest or any further notice to or action, order, or approval of the Bankruptcy Court.  Any Cure shall be deemed fully satisfied, released, and discharged upon payment by the Debtors or the Reorganized Debtors of the Cure; *provided* that nothing herein shall prevent the Reorganized Debtors from paying any Cure despite the failure of the relevant counterparty to File such request for payment of such Cure.  The Reorganized Debtors also may settle any Cure without any further notice to or action, order, or approval of the Bankruptcy Court.  In addition, any objection to the assumption of an Executory Contract or Unexpired Lease under the Plan must be Filed with the Bankruptcy Court on or before thirty (30) days after the Effective Date.  Any such objection will be scheduled to be heard by the Bankruptcy Court at the Debtors' or Reorganized Debtors', as applicable, first scheduled omnibus hearing, or such other setting as requested by the Debtors or Reorganized Debtors, for which such objection is timely Filed.  Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of any Executory Contract or Unexpired Lease will be deemed to have consented to such assumption.

If there is any dispute regarding any Cure, the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" within the meaning of section 365 of the Bankruptcy Code, or any other matter pertaining to assumption, then payment of Cure shall occur as soon as reasonably practicable after entry of a Final Order resolving such dispute, approving such assumption (and, if applicable, assignment), or as may be agreed upon by the Debtors or the Reorganized Debtors, as applicable, and the counterparty to the Executory Contract or Unexpired Lease.

Assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise and full payment of any applicable Cure pursuant to Section 5.5 of the Plan shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption.  **Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed in the Chapter 11 Cases, including pursuant to the Confirmation Order, and for which any Cure has been fully paid pursuant to Section 5.5 of the Plan, shall be deemed disallowed and expunged as of the Effective Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court**.

16

**Exhibit 2**

**Publication Notice**

17

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CalAmp Corp., *et al.*, | Case No. 24-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF COMMENCEMENT OF PREPACKAGED CHAPTER 11 BANKRUPTCY CASES AND COMBINED HEARING ON THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE JOINT PREPACKAGED CHAPTER 11 PLAN**

**TO:    ALL HOLDERS OF CLAIMS, HOLDERS OF EQUITY INTERESTS, AND PARTIES IN INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

      **PLEASE TAKE NOTICE THAT** On June 3, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") the *Joint Prepackaged Plan of Reorganization of CalAmp Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [•]] (as amended, supplemented, or otherwise modified from time to time, the "Plan") and proposed *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of CalAmp Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [•]] (as amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code (the "Bankruptcy Code"). Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' proposed counsel, Potter Anderson & Corroon LLP, at the addresses specified below. The Plan and the Disclosure Statement also are available for inspection free of charge on the Debtors' case website at https://cases.stretto.com/CalAmp (the "Case Website"). Once the Debtors commence the Chapter 11 Cases, the Plan and Disclosure Statement will also be available for inspection for a fee on the Bankruptcy Court's website at www.deb.uscourts.gov (the "Courts' Website"), and will be on file with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, where they will be available for review between the hours of 8:00 a.m. to 4:00 p.m., prevailing Eastern Time.

      **PLEASE TAKE FURTHER NOTICE THAT** a combined hearing to consider the Disclosure Statement's compliance with the Bankruptcy Code's disclosure requirements, confirmation of the Plan, any objections to the foregoing, and any other matter that may properly come before the Bankruptcy Court (the "Combined Hearing"), will be held before the Bankruptcy Court, 824 North Market Street, Wilmington, Delaware 19801, **on or about July 11, 2024 at a**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994). The Debtors' service address is 15635 Alton Parkway, Suite 250, Irvine, CA 92618.

**time and courtroom to be identified and will be set forth on the Case Website, or such other date as the Court may direct**. The Combined Hearing may be rescheduled from time to time without further notice other than an announcement in open court or in the filing of a notice or a hearing agenda in the Chapter 11 Cases. Notice of such rescheduled date(s) will be made available on the Case Website.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections (each, an "Objection") to the Plan and Disclosure Statement is **4:00 p.m. (ET) on the date that is seven (7) days prior to the Combined Hearing, or such other date as the Court may direct** (the "Objection Deadline"). Any such Objections must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objections; and (e) be filed with the Court with proof of service thereof no later than the Objection Deadline and be served upon the following parties (the "Notice Parties"):

the Debtors:

> CalAmp Corp.
> 15635 Alton Parkway, Suite 250
> Irvine, CA 92618
> Attn: Legal Department (Legal@CalAmp.com)

> With copies to:

> Potter Anderson & Corroon LLP
> 1313 North Market Street, 6th Floor
> Wilmington, Delaware 19801
> Attn: L. Katherine Good (kgood@potteranderson.com), Aaron H. Stulman astulman@potteranderson.com), and Gregory J. Flasser (gflasser@potteranderson.com)

the Required Consenting Lenders:

> Akin Gump Strauss Hauer & Feld LLP
> One Bryant Park
> New York, New York 10036
> Attn: Michael S. Stamer (mstamer@akingump.com) and Jason P. Rubin (jrubin@akingump.com)

> and

2

Pashman Stein Walder Hayden P.C.
1007 North Orange Street, 4th Floor #183
Wilmington, DE 19801
Attn: John W. Weiss (jweiss@pashmanstein.com) and Joseph C. Barsalona II
(jbarsalona@pashmanstein.com)

the U.S. Trustee:

Office of the United States Trustee for the District of Delaware
844 King Street, Suite 2207, Lockbox 35
Wilmington, Delaware 19801
Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov)


If any statutory committee is appointed in the Chapter 11 Cases:
To its counsel.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**<u>Exhibit 3</u>**

**Class 3 Ballot – Secured Term Loan Claims**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CalAmp Corp., *et al.*,<br><br><br><br>Debtors.[1] | Chapter 11<br><br>**IMPORTANT**: No chapter 11 case has been commenced as of the date of distribution of this ballot. This ballot is a prepetition solicitation of your vote on a plan of reorganization. |

**CLASS 3 BALLOT FOR ACCEPTING OR REJECTING THE JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF CALAMP CORP. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDERS OF CLASS 3 SECURED TERM LOAN CLAIMS.**

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY STRETTO, INC. (THE "CLAIMS, NOTICING, AND SOLICITATION AGENT") ON OR BEFORE JUNE 2, 2024 AT 11:59 P.M. (ET) OR THE VOTE REPRESENTED BY THIS BALLOT WILL NOT BE COUNTED.**

---

If you are the Holder of a Secured Term Loan Claim (Class 3) as of June 2, 2024 (the "Record Date"), please use this "Ballot" to cast your vote to accept or reject the *Joint Prepackaged Chapter 11 Plan of Reorganization of CalAmp Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Plan"),[2] which will be proposed by the above-captioned entities (the "Debtors"), who intend to commence chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Plan is included as Exhibit A to the accompanying *Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of CalAmp Corp. and Its Debtor Affiliates*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994). The Debtors' service address is 15635 Alton Parkway, Suite 250, Irvine, CA 92618.

[2]  Capitalized terms not defined herein shall have the same meanings ascribed to them in the Plan.

*Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement"). The Plan may be confirmed by the Bankruptcy Court and thereby made binding upon you if the Plan (a) is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in each Class that votes on the Plan, and (b) otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if the Plan (a) provides fair and equitable treatment to, and does not discriminate unfairly against, any Class of claims or interests that rejected the Plan, in accordance with section 1129(b) of the Bankruptcy Code, and (b) otherwise satisfies the requirements of sections 1129(a) and 1129(b) of the Bankruptcy Code.

Please carefully read the enclosed Disclosure Statement and Plan and follow the enclosed instructions for completing this Ballot. If you believe you have received this Ballot in error, if you believe that you have received the wrong Ballot,

**The Plan is subject to final approval and confirmation by the Bankruptcy Court.**

You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.

### PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

<div style="border:1px solid black;">

**IMPORTANT**

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 3 (Secured Term Loan Claims) under the Plan.**

**If your Ballot is not actually received by the Claims, Noticing, and Solicitation Agent on or before June 2, 2024 at 11:59 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended by the Debtors, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**To cast your vote, please either:**

**(i) complete and execute this paper Ballot and return it using the first-class mail pre-addressed postage pre-paid return envelope provided with this Ballot or by submitting it by overnight courier or hand delivery to the following address:**

**CalAmp Corp., et al., Ballot Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**-OR-**

</div>

(ii) complete and execute this Ballot and return it in PDF format by email to the Claims, Noticing, and Solicitation Agent (Attn: Stretto, Inc. (TeamCalAmp@stretto.com)).

-OR-

(iii) complete and submit your Ballot by upload via the Claims, Noticing, and Solicitation Agent's online portal at https://cases/stretto.com/CalAmp.  Click on the "Balloting" section of the website and follow the instructions to submit your Ballot by upload.

Ballots submitted by any means other than those listed in (i)-(iii) herein will not be accepted.

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.**  **Vote Amount**.  For purposes of voting to accept or reject the Plan, as of the Term Loan Claims Voting Record Date, the undersigned (the "Claimant") was a Holder of a Class 3 Secured Term Loan Claim in the aggregate principal amount set forth below.

$45,000,000

**Item 2.**  **Vote on the Plan.  CHECK ONE BOX ONLY:**

☐   **ACCEPTS (votes FOR) the Plan.**

☐   **REJECTS (votes AGAINST) the Plan**.

**Subject to the limitations set forth herein, you have the right to opt out of the Third-Party Release set forth in Section 9.2 of the Plan. If you vote to accept the Plan you shall be deemed to have consented to the Third-Party Release. If you (i) do not vote either to accept or reject the Plan,  (ii) vote to reject the Plan and do not check the box in Item 3 below, or (iii) do not timely object to the Third-Party Release set forth in Section 9.2 of the Plan, you shall be deemed to have consented to the Third-Party Release provision of the Plan.**

**Item 3.**  **Release Opt-Out Election**

By checking the box below, the undersigned Claimant elects to opt out of the Third-Party Release provision as set forth in Section 9.2 of the Plan.

☐   **The undersigned Claimant elects to decline to grant (i.e., OPTS OUT of) the Third-Party Release provision set forth in Section 9.2 of the Plan.**

3

**Item 4**. **Important Information Regarding Releases, Exculpation, and Injunction under the Plan**

Sections 9.2, 9.3, and 9.4 of the Plan provide as follows:

**Section 9.2** *Releases*.

*RELEASES BY THE DEBTORS.* **NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS DEEMED, HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED BY THE DEBTORS, THE REORGANIZED DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, REPRESENTATIVES, ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS (THE "DEBTOR RELEASE") FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION WHATSOEVER (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THEIR ESTATES), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, EXISTING OR HEREINAFTER ARISING, WHETHER IN LAW OR EQUITY, WHETHER SOUNDING IN TORT OR CONTRACT, WHETHER ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL, FOREIGN OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT OR OTHERWISE, THAT THE DEBTORS, THEIR ESTATES, OR THEIR AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST OR INTEREST IN A DEBTOR OR OTHER ENTITY, OR THAT ANY HOLDER OF ANY CLAIM AGAINST OR INTEREST IN A DEBTOR OR OTHER ENTITY COULD HAVE ASSERTED ON BEHALF OF THE DEBTORS, BASED ON OR RELATING TO OR IN ANY MANNER ARISING FROM IN WHOLE OR IN PART, THE DEBTORS OR THEIR ESTATES, THE DEBTORS' OPERATIONS, THE DEBTORS' RESTRUCTURING EFFORTS, THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED UNDER THE PLAN, THE SECURED NOTES, THE SECURED NOTES CLAIMS, THE INDENTURE, THE SECURED TERM LOAN CLAIMS, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASES, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR INTERACTIONS BETWEEN THE**

4

**DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, SOLICITATION, NEGOTIATION, ENTRY INTO, FILING OR IMPLEMENTATION OF THE RSA, THE CASH COLLATERAL ORDERS, THE DISCLOSURE STATEMENT, THE SOLICITATION OF VOTES ON THE PLAN, THE PLAN, ANY PLAN SUPPLEMENT, THE AMENDED AND RESTATED SECURED TERM LOAN CREDIT DOCUMENTS, THE NEW EQUITY INTERESTS, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RSA, THE DISCLOSURE STATEMENT, THE PLAN, ANY PLAN SUPPLEMENT, THE NEW EQUITY INTERESTS, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE: (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, OR ANY POST-EFFECTIVE DATE TRANSACTION CONTEMPLATED BY THE RESTRUCTURING TRANSACTIONS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN ANY PLAN SUPPLEMENT, AS APPLICABLE) EXECUTED TO IMPLEMENT THE PLAN OR THE RESTRUCTURING TRANSACTIONS; (B) THE RIGHTS OF ANY HOLDER OF ALLOWED CLAIMS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN; OR (C) ANY MATTERS RETAINED BY THE DEBTORS AND THE REORGANIZED DEBTORS PURSUANT TO THE SCHEDULE OF RETAINED CAUSES OF ACTION.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE DEBTOR RELEASES SHALL NOT BE CONSTRUED AS RELEASING ANY RELEASED PARTY FROM ANY CLAIM OR CAUSE OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT OR GROSS NEGLIGENCE.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS:  (A) IN EXCHANGE FOR THE GOOD AND VALUABLE**

**CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, THE RELEASED PARTIES' CONTRIBUTION TO FACILITATING THE RESTRUCTURING TRANSACTIONS AND IMPLEMENTING THE PLAN; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (C) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.**

***RELEASES BY RELEASING PARTIES.*** **AS OF THE EFFECTIVE DATE, AND TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, EACH RELEASED PARTY IS HEREBY DEEMED TO HAVE BEEN CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, RELEASED AND DISCHARGED (THE "_THIRD PARTY RELEASE_") BY EACH RELEASING PARTY, IN EACH CASE ON BEHALF OF ITSELF AND ITS RESPECTIVE SUCCESSORS, ASSIGNS AND REPRESENTATIVES AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, IN EACH CASE SOLELY TO THE EXTENT OF THE RELEASING PARTIES' AUTHORITY TO BIND ANY OF THE FOREGOING, INCLUDING PURSUANT TO AGREEMENT OR APPLICABLE NON-BANKRUPTCY LAW, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION WHATSOEVER (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THEIR ESTATES), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, EXISTING OR HEREINAFTER ARISING, WHETHER IN LAW OR EQUITY, WHETHER SOUNDING IN TORT OR CONTRACT, WHETHER ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL, FOREIGN OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT OR OTHERWISE, THAT SUCH PARTIES OR THEIR ESTATES, AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THEIR ESTATES, DEBTORS' OPERATIONS, THE DEBTORS' RESTRUCTURING EFFORTS, THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED UNDER THE PLAN, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASES, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR INTERACTIONS BETWEEN THE DEBTORS AND ANY RELEASING PARTY, THE RESTRUCTURING**

6

OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, SOLICITATION, NEGOTIATION, ENTRY INTO, FILING, OR IMPLEMENTATION OF THE RSA, THE CASH COLLATERAL ORDERS, THE DISCLOSURE STATEMENT, THE SOLICITATION OF VOTES ON THE PLAN, THE PLAN, THE PLAN SUPPLEMENT, THE AMENDED AND RESTATED SECURED TERM LOAN CREDIT DOCUMENTS, THE NEW EQUITY INTERESTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RSA THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE NEW EQUITY INTERESTS, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE THIRD PARTY RELEASE DOES NOT RELEASE: (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, OR ANY POST-EFFECTIVE DATE TRANSACTION CONTEMPLATED BY THE RESTRUCTURING TRANSACTIONS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN OR THE RESTRUCTURING TRANSACTIONS; OR (B) THE RIGHTS OF ANY HOLDER OF AN ALLOWED CLAIM TO RECEIVE DISTRIBUTIONS UNDER THE PLAN.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE THIRD PARTY RELEASE SHALL NOT BE CONSTRUED AS RELEASING ANY RELEASED PARTY FROM ANY CLAIM OR CAUSE OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT OR GROSS NEGLIGENCE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD-PARTY RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD-PARTY RELEASE IS:  (A) CONSENSUAL; (B) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (C) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD-PARTY RELEASE; (D) IN THE BEST INTERESTS OF THE DEBTORS AND THEIR ESTATES; (E) FAIR, EQUITABLE, AND REASONABLE; (F) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY

**FOR A HEARING; AND (G) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE THIRD-PARTY RELEASE.**

**Section 9.3**     *Exculpation and Limitation of Liability.*

**NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, AND WITHOUT LIMITING ANY RELEASE, INDEMNITY, EXCULPATION OR LIMITATION OF LIABILITY OTHERWISE SET FORTH IN THE PLAN OR IN ANY APPLICABLE LAW OR RULES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, NO EXCULPATED PARTY SHALL HAVE OR INCUR ANY LIABILITY FOR, AND EACH EXCULPATED PARTY SHALL BE RELEASED AND EXCULPATED FROM ANY CAUSE OF ACTION FOR ANY CLAIM RELATED TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO ANY TRANSACTIONS APPROVED BY THE BANKRUPTCY COURT IN THESE CHAPTER 11 CASES, INCLUDING THE SOLICITATION OF VOTES FOR THE PLAN, OR OTHER ACTIONS TAKEN IN CONNECTION WITH, THE FORMULATION, PREPARATION, DISSEMINATION, SOLICITATION, NEGOTIATION, ENTRY INTO, FILING, OR IMPLEMENTATION OF THE RSA, THE CASH COLLATERAL ORDERS, THE DISCLOSURE STATEMENT, THE PLAN, ANY PLAN SUPPLEMENT, THE NEW EQUITY INTERESTS, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RSA, THE DISCLOSURE STATEMENT, THE PLAN, ANY PLAN SUPPLEMENT, THE AMENDED AND RESTATED SECURED TERM LOAN CREDIT DOCUMENTS, THE NEW EQUITY INTERESTS, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE, WILLFUL MISCONDUCT, OR ACTUAL FRAUD.  THE EXCULPATED PARTIES HAVE, AND UPON COMPLETION OF THE PLAN SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.**

**Section 9.4**     *Injunction.*

**EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD**

**CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT: (A) ARE SUBJECT TO COMPROMISE AND SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN; (B) HAVE BEEN RELEASED PURSUANT TO SECTION 9.2 OF THE PLAN; (C) ARE SUBJECT TO EXCULPATION PURSUANT TO SECTION 9.3 OF THE PLAN; OR (D) ARE OTHERWISE RELEASED, SUBJECT TO EXCULPATION, DISCHARGED, SATISFIED, STAYED OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (3) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS DISCHARGED, RELEASED, EXCULPATED OR SETTLED PURSUANT TO THE PLAN.**

UNDER THE PLAN "**RELEASED PARTIES**" MEANS EACH OF, AND IN EACH CASE IN THEIR CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE TERM LOAN SECURED PARTY; (D) THE SECURED NOTEHOLDERS; (E) THE INDENTURE TRUSTEE; (F) THE SECURED NOTES COLLATERAL AGENTS; (G) ALL HOLDERS OF CLAIMS AND/OR EQUITY INTERESTS; AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G), SOLELY IN THEIR CAPACITY AS SUCH; PROVIDED HOWEVER, THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT (X) TIMELY ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN THE PLAN OR (Y) TIMELY FILES WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN THAT IS NOT RESOLVED OR WITHDRAWN BEFORE CONFIRMATION.

9

UNDER THE PLAN "**RELEASING PARTIES**" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) EACH COMPANY PARTY; (D) THE SECURED TERM LOAN PARTY; (E) THE SECURED NOTEHOLDERS; (F) THE INDENTURE TRUSTEE; (G) THE SECURED NOTES COLLATERAL AGENTS; (H) ALL HOLDERS OF CLAIMS THAT (1) ARE DEEMED TO ACCEPT THE PLAN OR (2) ARE ENTITLED TO VOTE ON THE PLAN AND VOTE TO ACCEPT THE PLAN; (I) ALL HOLDERS OF CLASS 8 EQUITY INTERESTS WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN BY CHECKING THE BOX ON THE CLASS 8 OPT-OUT FORM INDICATING THAT THEY OPT NOT TO GRANT THE RELEASES PROVIDED IN THE PLAN; (J) WITH RESPECT TO EACH OF THE ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES' RELATED PARTIES, IN EACH CASE SOLELY IN THEIR CAPACITY AS SUCH; PROVIDED THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASING PARTY IF IT TIMELY OBJECTS TO THE RELEASES CONTAINED IN SECTION 9.2 OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.

**Item 5.**  **Certification**.  By signing this Ballot, the Claimant certifies that: (i) on the Voting Record Date, it was the Holder of the Class 3 Secured Term Loan Claim to which this Ballot pertains or an authorized signatory for such Holder, (ii) it has full power and authority to vote to accept or reject the Plan, execute, and cast the Ballot, and (iii) it has received a copy of the Plan and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed and timely-casted Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan.

Name of Claimant:_____

Claim/Schedule Number (if available):_____

Signature:_____

Name (if different from Claimant):_____

Title:_____

Address:_____

_____

_____

E-Mail Address:_____

Date Completed:_____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and cast it in the manner set forth herein so that it is <u>actually received</u> by the Claims, Noticing, and Solicitation Agent by June 2, 2024 at 11:59 p.m. (ET).**

## <u>VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

1.      In order for your vote to count, you must:

        (i)      In the boxes provided in **<u>Item 2</u>** of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

        (ii)     Review and sign the certifications in **<u>Item 5</u>** of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      **To have your vote counted and for any elections made in this Ballot to be effective, you must complete, sign and cast this Ballot so that it is <u>actually received</u> by the Claims, Noticing, and Solicitation Agent not later than June 2, 2024 at 11:59 p.m. (ET).**

3.      DO NOT SUBMIT YOUR BALLOT BY FAX TRANSMISSION.  A Ballot submitted by fax transmission will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Bankruptcy Court.

4.      The following voting procedures apply to your Ballot:

        (i)      Except to the extent the Debtors otherwise determine, or as permitted by the Bankruptcy Court, Ballots received after the Voting Deadline will not be accepted or counted by the Claims, Noticing, and Solicitation Agent in connection with the confirmation of the Plan;

        (ii)     Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

        (iii)    Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

        (iv)     Any executed Ballot that indicates both an acceptance and rejection of the Plan shall not be counted;

        (v)      Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Bankruptcy Court orders otherwise;

        (vi)     The method of delivery of Ballots to be sent to the Claims, Noticing, and Solicitation Agent is at the election and risk of each Holder of a Claim, but

such delivery will be deemed made only when the original, executed Ballot is actually received by the Claims, Noticing, and Solicitation Agent;

(vii)  Delivery of the original executed Ballot to the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile will not be accepted unless otherwise ordered by the Bankruptcy Court;

(viii)  No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

(ix)  The Debtors expressly reserve the right, subject to the approval of the Bankruptcy Court, to amend at any time and from time to time the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code and the terms of the Plan.  If the Debtors make material changes in the terms of the Plan, the Debtors will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Bankruptcy Court;

(x)  If multiple Ballots are received from or on behalf of an individual Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

(xi)  If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

(xii)  The Debtors, subject to any contrary order of the Bankruptcy Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice.  Except as otherwise provided herein, the Debtors may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

(xiii)  Unless otherwise ordered by the Bankruptcy Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

(xiv)  If designation of a Claim is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Bankruptcy Court orders otherwise;

2

(xv)    Any Holder of a Claim that has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(xvi)    Unless waived or as otherwise ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Bankruptcy Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

(xvii)    Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

(xviii) Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

(xix)    No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

(xx)    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

(xxi)    The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Interest.

5.    It is important that you vote. The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan: (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To confirm a plan over the objection of a dissenting Class, the Bankruptcy Court also must find that at least one Impaired Class has accepted the Plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

6.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE BANKRUPTCY COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

7.    PLEASE CAST YOUR BALLOT PROMPTLY.

8.    THE PLAN PROPONENT EXPRESSLY RESERVES THE RIGHT TO OBJECT AT A LATER DATE TO THE AMOUNT ALLEGED HEREIN TO BE DUE TO THE

HOLDER OF A CLAIM BY THE DEBTORS OR THE INDEBTEDNESS IN A TIMELY FILED PROOF OF CLAIM.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT 855.469.1331 (US & CANADA TOLL FREE) OR 562.513.2050 (INTERNATIONAL) OR https://cases.stretto.com/CalAmp.

4

## Exhibit 4

**Notice of Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CalAmp Corp., *et al.*, | Case No. 24-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**CLASSES 1, 2, 4, 5, 6, 7, AND 8 CLAIMS AND INTERESTS**

**PLEASE TAKE NOTICE THAT:**

1.      On June 3, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' businesses, corporate structure, financial condition, and the reasons for and objectives of these chapter 11 cases, are set forth in the *Declaration of Jikun Kim in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. [•]].

**Non-Voting Status**

2.      **YOU ARE RECEIVING THIS NOTICE BECAUSE UNDER THE TERMS OF THE PLAN, YOU ARE OR MIGHT BE THE HOLDER OF (A) CLAIMS IN AN UNIMPAIRED CLASS THAT IS DEEMED TO ACCEPT THE PLAN OR (B) CLAIMS OR INTERESTS IN AN IMPAIRED CLASS THAT IS DEEMED TO REJECT THE PLAN, THAT, IN EITHER CASE, ARE NOT ENTITLED TO VOTE ON THE PLAN. THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN FOR PURPOSES OF PLAN VOTING.**

| Class | Claims and Equity Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994).  The Debtors' service address is 15635 Alton Parkway, Suite 250, Irvine, CA 92618.

| Class | Claims and Equity Interests | Status | Voting Rights |
|---|---|---|---|
| Class 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| Class 3 | Secured Term Loan Claims | Impaired | Entitled to Vote |
| Class 4 | Secured Notes Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| Class 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| Class 6 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Conclusively Presumed to Accept) / Not Entitled to Vote / (Deemed to Reject) |
| Class 7 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Conclusively Presumed to Accept) / Not Entitled to Vote / (Deemed to Reject) |
| Class 8 | Equity Interests and Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

3.     If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Plan, you should immediately request the appropriate Ballot by contacting Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent") using the contact information below.

**The Plan and Disclosure Statement**

4.     On June 3, 2024, the Debtors filed the (a) *Joint Chapter 11 Plan of Reorganization of CalAmp Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Plan"),  (b) *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of CalAmp Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"), and (c) *Debtors' Motion for Entry of an Order (I) Scheduling a Combined Hearing on Adequacy of Disclosure Statement and Confirmation of Prepackaged Plan; (II) Establishing the Plan and Disclosure Statement Objection Deadlines and Related Procedures;*

2

*(III) Approving the Solicitation Procedures and Form of Ballot; (IV) Directing That a Meeting of Creditors Not be Convened; (V) Waiving the Requirement of Filing Statements of Financial Affairs and Schedules of Assets and Liabilities; and (VI) Granting Related Relief* (the "<u>Solicitation and Combined Hearing Motion</u>").[2]   On [●], the Court entered an order approving the Solicitation and Combined Hearing Motion.

### **The Combined Hearing**

5.      On **[●] at [●] (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before Judge [●] in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, [●] Floor, Courtroom [●], Wilmington, DE 19801 to consider confirmation of the Plan, as the same may be amended or modified (the "<u>Combined Hearing</u>").

6.      The Combined Hearing may be adjourned from time to time.  If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to confirmation of the Plan.  The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, without further notice to creditors or other parties in interest, prior to or as a result of the Combined Hearing.

### **Deadline for Objections to Final Approval**
### **of The Disclosures or Confirmation of The Plan**

7.      Objections, if any, to final approval of the Disclosure Statement or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **by 4:00 p.m. (Eastern Time) on the date that is seven (7) days prior to the Combined Hearing** (the "<u>Objection Deadline</u>"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) proposed counsel to the Debtors, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: L. Katherine Good (kgood@potteranderson.com), Aaron H. Stulman (astulman@potteranderson.com), and Gregory J. Flasser (gflasser@potteranderson.com)); (ii) counsel to any statutory committee appointed in these Chapter 11 Cases; (iii) the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov)); (iv) co-counsel to the Required Consenting Lenders, (a) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745 (Attn: Michael S. Stamer (mstamer@akingump.com) and Jason P. Rubin (jrubin@akingump.com)) and (b) Pashman Stein Walder Hayden P.C., 1007 North Orange Street, 4th Floor #183, Wilmington, DE 19801 (Attn: John W. Weiss

---

[2]   Capitalized terms not defined herein shall have the same meanings ascribed to them in the Solicitation and Combined Hearing Motion.

<div align="center">3</div>

(jweiss@pashmanstein.com) and Joseph C. Barsalona II (jbarsalona@pashmanstein.com)); and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002 .

### Copies of The Plan and Disclosure Statement

8.      If you wish to receive a copy of the Plan or the accompanying Disclosure Statement, they will be provided, as quickly as practicable, upon request to the Claims, Noticing, and Solicitation Agent by writing to CalAmp Corp., et al., Solicitation Agent, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 or emailing the Claims, Noticing, and Solicitation Agent at TeamCalAmp@stretto.com. Copies of the Plan and Disclosure Statement are also available for free by visiting the Debtors' case website at (https://cases.stretto.com/CalAmp) or telephoning the Claims, Noticing, and Solicitation Agent at 855.469.1331 (US & Canada toll free) and 562.513.2050 (International). In addition, copies of the Plan and Disclosure Statement are on file with the Clerk of the Bankruptcy Court for the District of Delaware and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

### EXCULPATION, RELEASES, AND INJUNCTION

9.      **Important Information Regarding Releases, Exculpation, and Injunction under the Plan**.

Sections 9.2, 9.3, and 9.4 of the Plan provide as follows:

### Section 9.2    *Releases*.

*RELEASES BY THE DEBTORS*.      NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS DEEMED, HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED BY THE DEBTORS, THE REORGANIZED DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, REPRESENTATIVES, ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS (THE "DEBTOR RELEASE") FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION WHATSOEVER (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THEIR ESTATES), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, EXISTING OR HEREINAFTER ARISING, WHETHER IN LAW OR EQUITY, WHETHER SOUNDING IN TORT OR CONTRACT, WHETHER ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL, FOREIGN OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT OR OTHERWISE, THAT

4

**THE DEBTORS, THEIR ESTATES, OR THEIR AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST OR INTEREST IN A DEBTOR OR OTHER ENTITY, OR THAT ANY HOLDER OF ANY CLAIM AGAINST OR INTEREST IN A DEBTOR OR OTHER ENTITY COULD HAVE ASSERTED ON BEHALF OF THE DEBTORS, BASED ON OR RELATING TO OR IN ANY MANNER ARISING FROM IN WHOLE OR IN PART, THE DEBTORS OR THEIR ESTATES, THE DEBTORS' OPERATIONS, THE DEBTORS' RESTRUCTURING EFFORTS, THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED UNDER THE PLAN, THE SECURED NOTES, THE SECURED NOTES CLAIMS, THE INDENTURE, THE SECURED TERM LOAN CLAIMS, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASES, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR INTERACTIONS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, SOLICITATION, NEGOTIATION, ENTRY INTO, FILING OR IMPLEMENTATION OF THE RSA, THE CASH COLLATERAL ORDERS, THE DISCLOSURE STATEMENT, THE SOLICITATION OF VOTES ON THE PLAN, THE PLAN, ANY PLAN SUPPLEMENT, THE AMENDED AND RESTATED SECURED TERM LOAN CREDIT DOCUMENTS, THE NEW EQUITY INTERESTS, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RSA, THE DISCLOSURE STATEMENT, THE PLAN, ANY PLAN SUPPLEMENT, THE NEW EQUITY INTERESTS, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE: (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, OR ANY POST-EFFECTIVE DATE TRANSACTION CONTEMPLATED BY THE RESTRUCTURING TRANSACTIONS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN ANY PLAN SUPPLEMENT, AS APPLICABLE) EXECUTED TO IMPLEMENT THE PLAN OR THE RESTRUCTURING TRANSACTIONS; (B) THE**

5

**RIGHTS OF ANY HOLDER OF ALLOWED CLAIMS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN; OR (C) ANY MATTERS RETAINED BY THE DEBTORS AND THE REORGANIZED DEBTORS PURSUANT TO THE SCHEDULE OF RETAINED CAUSES OF ACTION.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE DEBTOR RELEASES SHALL NOT BE CONSTRUED AS RELEASING ANY RELEASED PARTY FROM ANY CLAIM OR CAUSE OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT OR GROSS NEGLIGENCE.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS:  (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, THE RELEASED PARTIES' CONTRIBUTION TO FACILITATING THE RESTRUCTURING TRANSACTIONS AND IMPLEMENTING THE PLAN; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (C) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.**

***RELEASES BY RELEASING PARTIES.***  **AS OF THE EFFECTIVE DATE, AND TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, EACH RELEASED PARTY IS HEREBY DEEMED TO HAVE BEEN CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, RELEASED AND DISCHARGED (THE "_THIRD PARTY RELEASE_") BY EACH RELEASING PARTY, IN EACH CASE ON BEHALF OF ITSELF AND ITS RESPECTIVE SUCCESSORS, ASSIGNS AND REPRESENTATIVES AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, IN EACH CASE SOLELY TO THE EXTENT OF THE RELEASING PARTIES' AUTHORITY TO BIND ANY OF THE FOREGOING, INCLUDING PURSUANT TO AGREEMENT OR APPLICABLE NON-BANKRUPTCY LAW, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION WHATSOEVER (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THEIR ESTATES), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, EXISTING OR HEREINAFTER ARISING, WHETHER**

6

IN LAW OR EQUITY, WHETHER SOUNDING IN TORT OR CONTRACT, WHETHER ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL, FOREIGN OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT OR OTHERWISE, THAT SUCH PARTIES OR THEIR ESTATES, AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THEIR ESTATES, DEBTORS' OPERATIONS, THE DEBTORS' RESTRUCTURING EFFORTS, THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED UNDER THE PLAN, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASES, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR INTERACTIONS BETWEEN THE DEBTORS AND ANY RELEASING PARTY, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, SOLICITATION, NEGOTIATION, ENTRY INTO, FILING, OR IMPLEMENTATION OF THE RSA, THE CASH COLLATERAL ORDERS, THE DISCLOSURE STATEMENT, THE SOLICITATION OF VOTES ON THE PLAN, THE PLAN, THE PLAN SUPPLEMENT, THE AMENDED AND RESTATED SECURED TERM LOAN CREDIT DOCUMENTS, THE NEW EQUITY INTERESTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RSA THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE NEW EQUITY INTERESTS, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE THIRD-PARTY RELEASE DOES NOT RELEASE: (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, OR ANY POST-EFFECTIVE DATE TRANSACTION CONTEMPLATED BY THE RESTRUCTURING TRANSACTIONS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN OR THE RESTRUCTURING TRANSACTIONS; OR (B) THE RIGHTS OF ANY HOLDER OF AN ALLOWED CLAIM TO RECEIVE DISTRIBUTIONS UNDER THE PLAN.

IMPAC 11531825v.10

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE THIRD PARTY RELEASE SHALL NOT BE CONSTRUED AS RELEASING ANY RELEASED PARTY FROM ANY CLAIM OR CAUSE OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT OR GROSS NEGLIGENCE.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD-PARTY RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD-PARTY RELEASE IS:  (A) CONSENSUAL; (B) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (C) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD-PARTY RELEASE; (D) IN THE BEST INTERESTS OF THE DEBTORS AND THEIR ESTATES; (E) FAIR, EQUITABLE, AND REASONABLE; (F) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; AND (G) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE THIRD-PARTY RELEASE.**

### Section 9.3 *Exculpation and Limitation of Liability.*

**NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, AND WITHOUT LIMITING ANY RELEASE, INDEMNITY, EXCULPATION OR LIMITATION OF LIABILITY OTHERWISE SET FORTH IN THE PLAN OR IN ANY APPLICABLE LAW OR RULES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, NO EXCULPATED PARTY SHALL HAVE OR INCUR ANY LIABILITY FOR, AND EACH EXCULPATED PARTY SHALL BE RELEASED AND EXCULPATED FROM ANY CAUSE OF ACTION FOR ANY CLAIM RELATED TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO ANY TRANSACTIONS APPROVED BY THE BANKRUPTCY COURT IN THESE CHAPTER 11 CASES, INCLUDING THE SOLICITATION OF VOTES FOR THE PLAN, OR OTHER ACTIONS TAKEN IN CONNECTION WITH, THE FORMULATION, PREPARATION, DISSEMINATION, SOLICITATION, NEGOTIATION, ENTRY INTO, FILING, OR IMPLEMENTATION OF THE RSA, THE CASH COLLATERAL ORDERS, THE DISCLOSURE STATEMENT, THE PLAN, ANY PLAN SUPPLEMENT, THE NEW EQUITY INTERESTS, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RSA, THE DISCLOSURE STATEMENT, THE PLAN, ANY PLAN SUPPLEMENT, THE AMENDED AND RESTATED SECURED TERM LOAN CREDIT DOCUMENTS, THE NEW EQUITY INTERESTS, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE**

8

**ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE, WILLFUL MISCONDUCT, OR ACTUAL FRAUD.  THE EXCULPATED PARTIES HAVE, AND UPON COMPLETION OF THE PLAN SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.**

<u>Section 9.4</u>    *Injunction.*

**EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT: (A) ARE SUBJECT TO COMPROMISE AND SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN; (B) HAVE BEEN RELEASED PURSUANT TO SECTION 9.2 OF THE PLAN; (C) ARE SUBJECT TO EXCULPATION PURSUANT TO SECTION 9.3 OF THE PLAN; OR (D) ARE OTHERWISE RELEASED, SUBJECT TO EXCULPATION, DISCHARGED, SATISFIED, STAYED OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (3) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR**

9

**INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS DISCHARGED, RELEASED, EXCULPATED OR SETTLED PURSUANT TO THE PLAN.**

UNDER THE PLAN "**RELEASED PARTIES**" MEANS EACH OF, AND IN EACH CASE IN THEIR CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE TERM LOAN SECURED PARTY; (D) THE SECURED NOTEHOLDERS; (E) THE INDENTURE TRUSTEE; (F) THE SECURED NOTES COLLATERAL AGENTS; (G) ALL HOLDERS OF CLAIMS AND/OR EQUITY INTERESTS; AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G), SOLELY IN THEIR CAPACITY AS SUCH; PROVIDED HOWEVER, THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT (X) TIMELY ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN THE PLAN OR (Y) TIMELY FILES WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN THAT IS NOT RESOLVED OR WITHDRAWN BEFORE CONFIRMATION.

UNDER THE PLAN "**RELEASING PARTIES**" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) EACH COMPANY PARTY; (D) THE SECURED TERM LOAN PARTY; (E) THE SECURED NOTEHOLDERS; (F) THE INDENTURE TRUSTEE; (G) THE SECURED NOTES COLLATERAL AGENTS; (H) ALL HOLDERS OF CLAIMS THAT (1) ARE DEEMED TO ACCEPT THE PLAN OR (2) ARE ENTITLED TO VOTE ON THE PLAN AND VOTE TO ACCEPT THE PLAN; (I) ALL HOLDERS OF CLASS 8 EQUITY INTERESTS WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN BY CHECKING THE BOX ON THE CLASS 8 OPT-OUT FORM INDICATING THAT THEY OPT NOT TO GRANT THE RELEASES PROVIDED IN THE PLAN; (J) WITH RESPECT TO EACH OF THE ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES' RELATED PARTIES, IN EACH CASE SOLELY IN THEIR CAPACITY AS SUCH; PROVIDED THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASING PARTY IF IT TIMELY OBJECTS TO THE RELEASES CONTAINED IN SECTION 9.2 OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.

10

Dated: June __, 2024
       Wilmington, Delaware

Respectfully submitted,

*/s/ DRAFT*

L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
Gregory J. Flasser (No. 6154)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: kgood@potteranderson.com
      astulman@potteranderson.com
      gflasser@potteranderson.com

*Proposed Counsel to the Debtors and Debtors in Possession*

11

**Exhibit 5**

**Class 8 Equity Interest Opt-Out Form**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CalAmp Corp., *et al.*, | Case No. 24-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

### CLASS 8 EQUITY INTERESTS OPT-OUT ELECTION FORM

You are receiving this opt out form (the "Opt-Out Form") because you are or may be a Holder of a Class 8 Equity Interest that is not entitled to vote on the *Joint Prepackaged Chapter 11 Plan of Reorganization of CalAmp Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan").

**THIS OPT-OUT ELECTION FORM IS TO BE USED BY OR ON BEHALF OF HOLDERS CLASS 8 EQUITY INTERESTS TO INDICATE THAT SUCH HOLDER DOES NOT CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN THE PLAN, AS DESCRIBED MORE FULLY IN ACCOMPANYING NON-VOTING STATUS NOTICE.**

**IF YOU ARE RECEIVING THIS FORM, YOU ARE OR MAY BE A HOLDER OF A CLASS 8 EQUITY INTEREST.**

**IF YOU DO NOT (A) (I) COMPLETE THIS OPT-OUT ELECTION FORM PURSUANT TO WHICH YOU INDICATE YOUR ELECTION NOT TO CONSENT TO THE THIRD-PARTY RELEASE AND (II) TIMELY RETURN THIS OPT OUT ELECTION FORM BY 4:00 P.M. (PREVAILING EASTERN TIME) ON THE DATE THAT IS SEVEN (7) DAYS PRIOR TO THE COMBINED HEARING TO THE CLAIMS, NOTICING, AND SOLICITATION AGENT IN THE MANNER INDICATED BELOW OR (B) TIMELY OBJECT TO THE THIRD PARTY RELEASE IN SECTION 9.2 OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED OR WITHDRAWN BEFORE CONFIRMATION, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE SET FORTH IN THE PLAN.**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: CalAmp Corp. (7070); CalAmp Wireless Networks Corporation (1740); LoJack Global LLC (4794); and Synovia Solutions LLC (2994).  The Debtors' service address is 15635 Alton Parkway, Suite 250, Irvine, CA 92618.

**Release Opt Out**: The undersigned, the Holder of an Interest in a Non-Voting Class, hereby elects to opt out of granting the Third Party Release set forth in the Plan, **the relevant provisions of which are provided in the accompanying Non-Voting Status Notice**. (Check box)

☐ Opt out of granting the Third Party Release

**Acknowledgments.** By signing this Opt-Out Form, the undersigned acknowledges receipt of the Non-Voting Class Notice and certifies that (i) the undersigned is the interest holder, or (ii) has the power and authority complete this Opt-Out Form on behalf of the interest holder.

| | |
|---|---|
| _____ | _____ |
| Name of Holder of Interest | Social Security or Federal Tax I.D. No. (optional) |
| _____ | _____ |
| Signature | Amount of Equity Interests Held on Petition Date |
| _____ | _____ |
| If by Authorized Agent, Name and Title | Street Address |
| _____ | _____ |
| Date Completed | City, State, Zip Code |
| | _____ |
| | E-mail: |
| | _____ |
| | Telephone Number |

3

**IF YOU WISH TO OPT OUT, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN PROMPTLY VIA ONLY ONE OF THE FOLLOWING METHODS.**

**ONLINE SUBMISSION:**

If you choose to submit the Opt-Out Form online, visit the Debtors' case website at https://cases/stretto.com/CalAmp, navigate to the "Balloting" section of the website and follow the instructions therein to submit your Opt-Out Form.

**If you choose to submit your Ballot via Stretto's E-Opt Out system, you should NOT also return a hard copy of your Opt-Out Form.**

**HARD COPY (PAPER) SUBMISSION:**

In the Release Opt-Out box provided on the first page of this Opt-Out Form, please indicate your election to opt-out of granting the Third-Party Release, complete the Opt-Out Form by providing all the information requested and sign, date and return the Form by mail, overnight courier or personal delivery to the Claims, Noticing, and Solicitation Agent at the following address:

<div align="center">

**CalAmp Corp., et al., Solicitation Agent c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

</div>

An envelope addressed to the Claims, Noticing, and Solicitation Agent is enclosed for your convenience.

**Opt-Out Forms must be *received* by the Claims, Noticing, and Solicitation Agent by 4:00 p.m., prevailing Eastern Time on the date that is seven (7) days prior to the Combined Hearing. If an Opt-Out Form is not received by that date, it will not be counted and you will be deemed to consent to granting the Third Party Release and will be a Releasing Party under the Plan, unless you otherwise timely File on the docket of the Chapter 11 Cases an objection to the Third Party Release and such objection is not resolved or withdrawn before Confirmation.**

IMPAC 11531825v.10