# EXHIBIT E

**Updated New Corporate Governance Documents**

**EXHIBIT E-1(a)**

**Revised Amended and Restated Certificate of Incorporation of CalAmp Corp.**

**AMENDED AND RESTATED**
**CERTIFICATE OF INCORPORATION**

**OF**

**CALAMP CORP.**

CalAmp Corp., a corporation organized and existing under the laws of the State of Delaware (the "***Corporation***"), hereby certifies as follows:

1. The Certificate of Incorporation of the Corporation was originally filed with the Secretary of State of the State of Delaware on September 8, 1987 and was subsequently amended on September 19, 1996, and amended and restated on July 30, 2004, August 30, 2012 and July 31, 2014.

2. On June 3, 2024, the Corporation and certain of its direct and indirect subsidiaries (collectively with the Corporation, the "***Debtors***") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") [*In re CalAmp Corp. et al.*, Main Case No. 24-11136 (LSS)].

3. This Amended and Restated Certificate of Incorporation (this "***Certificate***") was duly adopted, without the need for approval of the Board of Directors or the stockholders of the Corporation, in accordance with Sections 242, 245 and 303 of the Delaware General Corporation Law, as amended (the "***DGCL***"), pursuant to the authority granted by the [*Amended*] *Joint Prepackaged Chapter 11 Plan of Reorganization of CalAmp Corp. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, as confirmed on July [__], 2024 by order of the Bankruptcy Court entered in the Debtors' jointly administered chapter 11 cases.

4. This Certificate shall become effective when filed with the Secretary of State of the State of Delaware.

5. This Certificate amends and restates the Certificate of Incorporation of the Corporation to read in full as follows:

## ARTICLE I
## NAME

**Section 1.1**    <u>Name</u>.  The name of the corporation is CalAmp Corp.

## ARTICLE II
## PURPOSE

**Section 2.1**    <u>Purpose</u>.  The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the DGCL as it now exists or may hereafter be amended or supplemented.

## ARTICLE III
## REGISTERED AGENT

**Section 3.1**    <u>Registered Agent</u>.  The street address of the registered office of the Corporation in the State of Delaware is 2140 S. DuPont Highway, Camden, Delaware, County of Kent, 19934. The name of the Corporation's registered agent at such address is Paracorp Incorporated.

## ARTICLE IV
## CAPITALIZATION

**Section 4.1**    <u>Authorized Capital Stock</u>.  The total number of shares of capital stock that the Corporation is authorized to issue is [100,000] shares, divided into two classes consisting of [90,000] shares of common stock, par value $0.001 per share (the "***Common Stock***"), and [10,000] shares of preferred stock, par value $0.001 per share (the "***Preferred Stock***").

**Section 4.2**    <u>Preferred Stock</u>.

(a)    Shares of Preferred Stock may be issued in one or more series from time to time, with each such series to consist of such number of shares and to have such designations and the powers, preferences and rights, and the qualifications, limitations or restrictions thereof, as shall be stated in the resolution or resolutions providing for the issuance of such series adopted by the board of directors of the Corporation (the "***Board***") and included in a certificate of designations (a "***Certificate of Designations***") filed pursuant to the DGCL, and the Board is hereby expressly vested with the authority, to the full extent now or hereafter provided by law, to adopt any such resolution or resolutions.

(b)    Subject to the rights of the holders of any series of Preferred Stock pursuant to the terms of this Certificate (including any Certificate of Designations), the number of authorized shares of Preferred Stock may be increased or decreased (but not below the number of shares thereof then outstanding) by the affirmative vote of the holders of a majority of the outstanding shares of Common Stock, without a vote of the holders of the Preferred Stock, or any series thereof, irrespective of the provisions of Section 242(b)(2) of the DGCL, unless a vote of any such holders of Preferred Stock is required pursuant to another provision of this Certificate (including any Certificate of Designations).

**Section 4.3**    <u>Common Stock</u>.

(a)    Each holder of shares of Common Stock, as such, shall be entitled to one vote for each share of Common Stock held of record by such holder on all matters on which stockholders generally are entitled to vote. Notwithstanding the foregoing, except as otherwise required by law or this Certificate (including a Certificate of Designations), holders of Common Stock, as such, shall not be entitled to vote on any amendment to this Certificate (including any amendment to any Certificate of Designations) that relates solely to the terms of one or more outstanding series of Preferred Stock if the holders of such affected series are entitled, either separately or together with the holders of one or more other such series, to vote thereon pursuant to this Certificate (including any Certificate of Designations) or pursuant to the DGCL.

(b)    Subject to the rights of the holders of Preferred Stock, the holders of shares of Common Stock shall be entitled to receive such dividends and other distributions (payable in cash, property or capital stock of the Corporation) when, as and if declared thereon by the Board from time to time out of any assets or funds of the Corporation legally available therefor and shall share equally on a per share basis in such dividends and distributions.

(c)    In the event of any voluntary or involuntary liquidation, dissolution or winding-up of the Corporation, after payment or provision for payment of the debts and other liabilities of the Corporation, and subject to the rights of the holders of Preferred Stock in respect thereof, the holders of shares of Common Stock shall be entitled to receive all the remaining assets of the Corporation available for distribution to its stockholders, ratably in proportion to the number of shares of Common Stock held by them.

**Section 4.4**    <u>Nonvoting Equity Securities</u>.  The Corporation shall not issue nonvoting equity securities; <u>provided</u>, <u>however</u>, the foregoing restriction shall (a) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (b) only have such force and effect for so long as Section 1123 of the Bankruptcy Code is in effect and applicable to the Corporation, and (c) in all events may be amended or eliminated in accordance with applicable law as from time to time may be in effect.  The prohibition on the issuance of nonvoting equity securities is included in this Certificate in compliance with Section 1123(a)(6) of the Bankruptcy Code.

<div align="center">

**ARTICLE V**
**RELATED PARTY TRANSACTIONS AND CORPORATE OPPORTUNITIES**

</div>

The following provisions are inserted for the management of the business and for the conduct of the affairs of the Corporation, and the same are in furtherance of and not in limitation of the powers conferred by law.

**Section 5.1**    <u>Related Party Transactions</u>.  No contract or other transaction of the Corporation with any other person, firm, corporation or other entity in which the Corporation has an interest, shall be affected or invalidated by the fact that any one or more of the directors or officers of the Corporation, individually or jointly with others, may be a party to or may be interested in any contract or transaction so long as the contract or other transaction is approved by the Board in accordance with the DGCL.

**Section 5.2**      Corporate Opportunities.

(a)      The provisions of this Section 5.2 are set forth to regulate and define the conduct of certain affairs of the Corporation with respect to certain classes or categories of business opportunities as they may involve the Corporation's stockholders, the Non-Employee Directors (as defined below) or their respective Affiliates and the powers, rights, duties and liabilities of the Corporation and the Corporation's directors, officers and stockholders in connection therewith, in recognition and anticipation that (i) certain directors, principals, officers and employees and/or other representatives of stockholders of the Corporation and their respective Affiliates (as defined below) may serve as directors or officers of the Corporation, (ii) stockholders of the Corporation and their respective Affiliates may now engage and may continue to engage in the same or similar activities or related lines of business as those in which the Corporation, directly or indirectly, may engage and/or other business activities that overlap with or compete with those in which the Corporation, directly or indirectly, may engage, and (iii) members of the Board who are not employees of the Corporation ("***Non-Employee Directors***"), including, for the avoidance of doubt, the Chairperson of the Board if he or she is not otherwise an employee, consultant or officer of the Corporation, and their respective Affiliates may now engage and may continue to engage in the same or similar activities or related lines of business as those in which the Corporation, directly or indirectly, may engage and/or other business activities that overlap with or compete with those in which the Corporation, directly or indirectly, may engage.

(b)      None of (i) the stockholders of the Corporation or any of their Affiliates or (ii) any Non-Employee Director or his or her Affiliates shall, to the fullest extent permitted by law, have any duty to refrain from directly or indirectly (x) engaging in a corporate opportunity in the same or similar business activities or lines of business in which the Corporation or any of its Affiliates now engages, engages in the future or proposes to engage, (y) making investments in any kind of property in which the Corporation makes or may make investments or (z) otherwise competing with the Corporation or any of its Affiliates, and, to the fullest extent permitted by the DGCL, no Identified Person (as defined below) shall (A) be deemed to have acted in bad faith or in a manner inconsistent with the best interests of the Corporation or its stockholders or to have acted in a manner inconsistent with or opposed to any fiduciary duty to the Corporation or its stockholders or (B) be liable to the Corporation or its stockholders for breach of any fiduciary duty, in each case, by reason of the fact that such Identified Person engages in any such activities. The Corporation hereby renounces any interest or expectancy in, or in being offered an opportunity to participate in, any business opportunity which may be a corporate opportunity for an Identified Person and the Corporation or any of its Affiliates, except as provided in paragraph (c) of this Section 5.2. Subject to Section 5.2(c), in the event that any Identified Person acquires knowledge of a potential transaction or other business opportunity which may be a corporate opportunity for itself, herself or himself and the Corporation or any of its Affiliates, such Identified Person shall have no duty to communicate or offer such transaction or other business opportunity to the Corporation or any of its Affiliates and, to the fullest extent permitted by the DGCL, shall not (I) be deemed to have acted in bad faith or in a manner inconsistent with the best interests of the Corporation or its stockholders or to have acted in a manner inconsistent with or opposed to any fiduciary duty to the Corporation or its stockholders or (II) be liable to the Corporation or its stockholders for breach of any fiduciary duty as a stockholder, director or officer of the Corporation, in each case, by reason of the fact that such Identified Person pursues or acquires such corporate opportunity for itself, herself or himself, or offers or directs such corporate

opportunity to another Person.

(c)     The Corporation does not renounce its interest in any corporate opportunity offered to any Non-Employee Director (including any Non-Employee Director who serves as an officer of this Corporation) if such opportunity is expressly offered to such Person solely in his or her capacity as a director or officer of the Corporation and the provisions of <u>Section 5.2(b)</u> shall not apply to any such corporate opportunity.

(d)     In addition to and notwithstanding the foregoing provisions of this <u>Section 5.2</u>, a corporate opportunity shall not be deemed to be a potential corporate opportunity for the Corporation if it is a business opportunity that the Corporation is not financially able or contractually permitted or legally able to undertake, or that is, from its nature, not in the line of the Corporation's business or is of no practical advantage to it or that is one in which the Corporation has no interest or reasonable expectancy.

(e)     For purposes of this Certificate (i) "*Affiliate*" shall mean (x) in respect of stockholders of the Corporation, any Person that, directly or indirectly, is controlled by such stockholder, controls such stockholder or is under common control with such stockholder and shall include any principal, member, manager, director, partner, shareholder, officer, employee or other representative of any of the foregoing (other than the Corporation and any entity that is controlled by the Corporation), (y) in respect of a Non-Employee Director, any Person that, directly or indirectly, is controlled by such Non-Employee Director (other than the Corporation and any entity that is controlled by the Corporation) and (z) in respect of the Corporation, any Person that, directly or indirectly, is controlled by the Corporation; and (ii) "*Person*" shall mean any individual, corporation, general or limited partnership, limited liability company, joint venture, trust, association or any other entity, and (iii) the Persons identified in (b)(i) and (ii) above shall be referred to, collectively, as "*Identified Persons*" and, individually, as an "*Identified Person*"; <u>provided</u>, <u>however</u>, that no employee, consultant or officer of the Corporation shall be an Identified Person.

(f)     To the fullest extent permitted by law, any Person purchasing or otherwise acquiring any interest in any shares of capital stock of the Corporation shall be deemed to have notice of and to have consented to the provisions of this <u>Section 5.2</u>.

## ARTICLE VI
## BOARD OF DIRECTORS

**Section 6.1**     <u>Board Powers</u>.  The business and affairs of the Corporation shall be managed by, or under the direction of, the Board.  In addition to the powers and authority expressly conferred upon the Board by the DGCL, this Certificate or the Second Amended and Restated Bylaws of the Corporation (the "*Bylaws*"), the Board is hereby authorized and empowered to exercise all such powers and do all such acts and things as may be exercised or done by the Corporation, subject to the provisions of the DGCL, this Certificate and the Bylaws; <u>provided</u>, <u>however</u>, that no Bylaws hereafter adopted, or any amendments thereto, shall invalidate any prior act of the Board that would have been valid if such Bylaws had not been adopted.

**Section 6.2**    <u>Election and Term</u>.

(a)    The total number of directors constituting the Board shall be determined from time to time exclusively by resolution adopted by a majority of the directors then in office. The Board shall initially be comprised of one (1) director. The directors shall consist of a single class, and each director shall hold office until his or her successor shall have been duly elected and qualified, subject, however, to such director's earlier death, resignation, retirement, disqualification, removal or incapacity.

(b)    Subject to <u>Section 6.6</u>, at each annual meeting of stockholders, directors elected to succeed those directors whose terms then expire shall be elected for a term of office to expire at the next succeeding annual meeting of stockholders after their election, with each director to hold office until his or her successor shall have been duly elected and qualified, subject, however, to such director's earlier death, resignation, retirement, disqualification, removal or incapacity.

(c)    Unless and except to the extent that the Bylaws shall so require, the election of directors of the Corporation need not be by written ballot.

**Section 6.3**    <u>Directorships and Vacancies</u>.  Subject to <u>Section 6.6</u>, directorships resulting from an increase in the number of directors and any vacancies on the Board resulting from death, resignation, retirement, disqualification, removal, incapacity or other cause may be filled solely by a majority vote of the directors then in office, even if less than a quorum, or by a sole remaining director, and any director so chosen shall hold office for the remainder of the full term and until his or her successor has been elected and qualified, subject, however, to such director's earlier death, resignation, retirement, disqualification, removal or incapacity.

**Section 6.4**    <u>Cumulative Voting</u>.  There shall be no cumulative voting in the election of directors.

**Section 6.5**    <u>Removal</u>.  Subject to <u>Section 6.6</u>, any or all of the directors may be removed from office at any time, but only by the affirmative vote of holders of at least a majority of the outstanding shares of Common Stock entitled to vote generally in the election of directors, voting together as a single class.

**Section 6.6**    <u>Preferred Stock – Directors</u>.  Notwithstanding any other provision of this <u>Article VI</u>, and except as otherwise required by law, whenever the holders of one or more series of Preferred Stock shall have the right, voting separately by class or series, to elect one or more directors, the term of office, the filling of vacancies, the removal from office and other features of such directorships shall be governed by the terms of such series of Preferred Stock as set forth in this Certificate (including any Certificate of Designations).

## ARTICLE VII
## BYLAWS

**Section 7.1** <u>Bylaws</u>.  In furtherance and not in limitation of the powers conferred upon it by law, the Board shall have the power to adopt, amend, alter or repeal the Bylaws by the affirmative vote of a majority of the Board. The Bylaws also may be adopted, amended, altered or repealed without Board action by the affirmative vote of the holders of a majority of the voting power of all outstanding shares of Common Stock of the Corporation entitled to vote generally in the election of directors, voting together as a single class, in addition to any vote of the holders of any class or series of capital stock of the Corporation required by applicable law or the Certificate of Incorporation.

## ARTICLE VIII
## MEETINGS OF STOCKHOLDERS

**Section 8.1** <u>Action by Written Consent</u>. Subject to any restrictions or requirements set forth in the Bylaws, any action required or permitted to be taken by stockholders of the Corporation at any meeting of stockholders may be taken without a meeting, without prior notice and without a vote, if a consent in writing, setting forth the action so taken, shall be signed by holders of outstanding stock having not less than the minimum voting power that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted.

**Section 8.2** <u>Special Meetings</u>.  Except as otherwise required by law or the terms of any one or more series of Preferred Stock, special meetings of stockholders of the Corporation may be called only by the Chairperson of the Board, the Board pursuant to a resolution adopted by a majority of the Board, or the Secretary of the Corporation upon the request of stockholders holding at least a majority of the outstanding shares of Common Stock in accordance with the procedures set forth in the Bylaws.

**Section 8.3** <u>Advance Notice</u>.  Advance notice of stockholder nominations for the election of directors and of business to be brought by stockholders before any meeting of the stockholders of the Corporation shall be given in the manner provided in the Bylaws.

## ARTICLE IX
## LIMITATION ON LIABILITY OF DIRECTORS AND OFFICERS

**Section 9.1** <u>Limitation on Liability of Directors</u>.  To the fullest extent permitted by law, a director or officer of the Corporation shall not be personally liable to the Corporation or any of its stockholders for monetary damages for breach of fiduciary duty as a director or officer.  Any repeal or amendment of this <u>Article IX</u> as permitted by this Certificate or by changes in law, or the adoption of any other provision of this Certificate inconsistent with this <u>Article IX</u> will, unless otherwise required by law, be prospective only (except to the extent such amendment or change in law permits the Corporation to further limit or eliminate the liability of directors or officers) and shall not adversely affect any right or protection of a director or officer of the Corporation existing at the time of such repeal or amendment or adoption of such inconsistent provision with respect to acts or omissions occurring prior to such repeal or amendment or adoption of such inconsistent provision.

**ARTICLE X**
**INDEMNIFICATION**

**Section 10.1**   Right to Indemnification.

(a)     To the fullest extent permitted by applicable law, the Corporation shall indemnify any Person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding ("***Proceeding***"), whether civil, criminal, administrative or investigative (other than an action by or in the right of the Corporation) by reason of the fact that the Person is or was a director or officer of the Corporation, or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee, fiduciary or agent of another corporation, partnership, joint venture, trust, other enterprise or nonprofit entity, including service with respect to an employee benefit plan (an "***Indemnitee***"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer, employee or agent, or in any other capacity while serving as a director, officer, employee or agent, against all expenses, liability and loss (including, without limitation, attorneys' fees, judgments, fines ERISA excise taxes penalties and amounts paid in settlement) reasonably incurred or suffered by the Indemnitee in connection with such Proceeding; provided, that, except as provided in Section 10.3 with respect to proceedings to enforce rights to indemnification and advancement of expenses, the Corporation shall indemnify an Indemnitee in connection with a proceeding (or part thereof) initiated by such Indemnitee only if such proceeding (or part thereof) was authorized by the Board.

(b)     The Corporation may indemnify to the fullest extent permitted by law any Person who is not a director or officer of the Corporation to whom the Corporation is permitted by applicable law to provide indemnification, whether pursuant to, or provided by, the DGCL or other rights created by (i) resolution of stockholders, (ii) resolution of directors, or (iii) a written agreement providing for such indemnification authorized by any officer designated by the Board for such purpose, it being expressly intended that this Certificate authorize the creation of such rights in any such manner.

**Section 10.2**   Reimbursement or Advancement of Expenses.  The Corporation shall, from time to time, reimburse or advance to any Indemnitee the funds necessary for payment of expenses, including attorneys' fees and disbursements, incurred in connection with any Proceeding, in advance of the final disposition of such Proceeding; provided, however, that, if required by the DGCL, such expenses incurred by or on behalf of any director or officer or other Person may be paid in advance of the final disposition of a Proceeding only upon receipt by the Corporation of an undertaking, by or on behalf of such director or officer (or other Person indemnified hereunder), to repay any such amount so advanced if it shall ultimately be determined by final judicial decision from which there is no further right of appeal that such director, officer or other Person is not entitled to be indemnified for such expenses.

**Section 10.3**   Claims by Indemnitees.  If a claim for indemnification or advancement of expenses under this Article X is not paid in full by the Corporation within 60 days after a written claim therefor has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the Indemnitee may file suit to recover the unpaid amount of such claim to the fullest extent permitted by law. If successful in

whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Indemnitee shall also be entitled to be paid the expense of prosecuting or defending such suit. In any suit brought by (a) the Indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by an Indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (b) the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the Indemnitee has not met any applicable standard for indemnification set forth in the DGCL.  In any such action the Corporation shall have the burden of proving that the Indemnitee is not entitled to the requested indemnification or advancement of expenses under law.  Neither the failure of the Corporation (including its Board or a committee thereof, its independent legal counsel and its stockholders) to have made a determination prior to the commencement of such action that such indemnification or reimbursement or advancement of expenses is proper in the circumstances nor an actual determination by the Corporation (including its Board or a committee thereof, its independent legal counsel and its stockholders) that such Indemnitee is not entitled to such indemnification or reimbursement or advancement of expenses shall constitute a defense to the action or create a presumption that such Indemnitee is not so entitled.  Such an Indemnitee shall also be indemnified, to the fullest extent permitted by law, for any expenses incurred in connection with successfully establishing such Indemnitee's right to such indemnification or reimbursement or advancement of expenses, in whole or in part, in any such action.

**Section 10.4**   Non-Exclusivity of Rights.  The rights to indemnification and reimbursement or advancement of expenses provided by, or granted pursuant to, this Article X shall not be deemed exclusive of any other rights to which a Person seeking indemnification or reimbursement or advancement of expenses may have or hereafter be entitled under any statute, this Certificate, the Bylaws, any agreement (including any policy of insurance purchased or provided by the Corporation under which directors, officers, employees and other agents of the Corporation are covered), any vote of the holders of capital stock of the Corporation entitled to vote or disinterested directors or otherwise.

**Section 10.5**   Continuing Rights.  The rights to indemnification and reimbursement or advancement of expenses provided by, or granted pursuant to, this Article X shall continue as to a Person who has ceased to be a director or officer (or other Person indemnified hereunder) and shall inure to the benefit of the executors, administrators, legatees and distributees of such Person.

**Section 10.6**   Insurance.   The Corporation shall have the power to purchase and maintain insurance on behalf of any Person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, member, manager, employee or agent of any other entity as described in Section 10.1(a), against any liability asserted against such Person and incurred by such Person in any such capacity, or arising out of such Person's status as such, whether or not the Corporation would have the power to indemnify such Person against such liability under the provisions of this Article ARTICLE X, the Bylaws or under Section 145 of the DGCL or any other provision of law.

**Section 10.7**   Contract Rights; Amendment or Repeal.  The provisions of this Article X shall be a contract between the Corporation, on the one hand, and each director and officer who serves in such capacity at any time while this Article X is in effect and any other Person indemnified

hereunder, on the other hand, pursuant to which the Corporation and each such director, officer, or other Person intend to be legally bound. Notwithstanding anything to the contrary contained in this Certificate, no amendment, repeal or elimination of this Article X by the stockholders of the Corporation shall adversely affect any rights or protections of a director or officer of the Corporation existing at the time of, or increase the liability of any director or officer of the Corporation with respect to any acts or omissions of such director or officer occurring prior to, such amendment, repeal or elimination.

**Section 10.8**   Requested Services.   Any director, officer, employee, fiduciary or agent of the Corporation serving in any capacity in (i) another corporation of which a majority of the shares entitled to vote in the election of its directors is held, directly or indirectly, by the Corporation or (ii) any employee benefit plan of the Corporation or any corporation referred to in clause (i) shall be deemed to be doing so at the request of the Corporation.

**Section 10.9**   Indemnitor of First Resort.   It is the intent that with respect to all advancement, reimbursement and indemnification obligations under this Article X, the Corporation shall be the indemnitor of first resort (*i.e.*, its obligations to indemnitees under this Certificate are primary and any obligation of any stockholder (or any of its Affiliates) to provide advancement or indemnification for the same losses incurred by indemnitees are secondary), and if a stockholder pays or causes to be paid, for any reason, any amounts otherwise indemnifiable hereunder or under any other indemnification agreement (whether pursuant to this Certificate, the Bylaws, contract, law or regulation), then (i) such stockholder (or such Affiliate, as the case may be) shall be fully subrogated to all rights hereunder of the indemnitee with respect to such payment and (ii) the Corporation shall reimburse such stockholder (or such Affiliate, as the case may be) for the payments actually made and waive any right of subrogation, reimbursement, exoneration, contribution or indemnification and any right to participate in any claim or remedy of such stockholder (or such Affiliate, as the case may be).

## ARTICLE XI
## AMENDMENT OF CERTIFICATE OF INCORPORATION

**Section 11.1**   Amendment of Certificate of Incorporation.   Subject to Section 4.2, this Certificate may be amended, restated, amended and restated or otherwise modified only with (i) the affirmative vote of a majority of the Board and (ii) the affirmative vote of the holders of a majority of the voting power of all outstanding shares of Common Stock of the Corporation entitled to vote generally in the election of directors, voting together as a single class, in addition to any vote of the holders of any class or series of capital stock of the Corporation required by applicable law. The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate (including any Certificate of Designations), in the manner now or hereafter prescribed by this Certificate and the DGCL, and, except as set forth in Article IX and Article X, all rights, preferences and privileges herein conferred upon stockholders, directors or any other Persons by and pursuant to this Certificate in its present form or as hereafter amended are granted subject to the right reserved in this Article XI.

## ARTICLE XII
## SECTION 203

**Section 12.1**  Section 203.  The Corporation shall not be governed by the provisions of Section 203 of the DGCL.

## ARTICLE XIII
## ENFORCEABILITY; SEVERABILITY; FORUM FOR ADJUDICATION OF DISPUTES

**Section 13.1**  Enforceability; Severability.  Each provision of this Certificate shall be enforceable in accordance with its terms to the fullest extent permitted by law, but in case any one or more of the provisions contained in this Certificate shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Certificate, and this Certificate shall be construed as if such invalid, illegal or unenforceable provision or provisions had never been contained herein.

**Section 13.2**  Exclusive Forum.  Unless the Corporation consents in writing to the selection of an alternative forum, the sole and exclusive forum for (a) any derivative action or Proceeding brought on behalf of the Corporation, (b) any action or Proceeding asserting a claim of breach of a fiduciary duty owed by any current or former director, officer, other employee or stockholder of the Corporation to the Corporation or the Corporation's stockholders, (c) any action or Proceeding asserting a claim arising pursuant to any provision of the DGCL, this Certificate or the Bylaws (as each may be amended from time to time) or as to which the DGCL confers jurisdiction on the Court of Chancery or (d) any action or Proceeding asserting a claim governed by the internal affairs doctrine shall, in each case, be the Court of Chancery (or, if and only if the Court of Chancery lacks subject matter jurisdiction, the federal district court for the District of Delaware). Any Person purchasing or otherwise acquiring or holding any interest in shares of capital stock of the Corporation shall be deemed to have notice of and consented to the provisions of this Section 13.2.

IN WITNESS WHEREOF, the undersigned has executed this Amended and Restated Certificate of Incorporation as of this [●]<sup>th</sup> day of July, 2024.

CALAMP CORP.

_____
Name:
Title:

**EXHIBIT E-1(b)**

**Redline of Revised Amended and Restated Certificate of Incorporation of CalAmp Corp.**
(Marked against Exhibit E-1 of the Initial Plan Supplement found at Docket No. 109)

**Section 5.2**     <u>Corporate Opportunities</u>.

(a)     The provisions of this <u>Section 5.2</u> are set forth to regulate and define the conduct of certain affairs of the Corporation with respect to certain classes or categories of business opportunities as they may involve the Corporation's stockholders, the Non-Employee Directors (as defined below) or their respective Affiliates and the powers, rights, duties and liabilities of the Corporation and the Corporation's directors, officers and stockholders in connection therewith, in recognition and anticipation that (i) certain directors, principals, officers and employees and/or other representatives of stockholders of the Corporation and their respective Affiliates (as defined below) may serve as directors or officers of the Corporation, (ii) stockholders of the Corporation and their respective Affiliates may now engage and may continue to engage in the same or similar activities or related lines of business as those in which the Corporation, directly or indirectly, may engage and/or other business activities that overlap with or compete with those in which the Corporation, directly or indirectly, may engage, and (iii) members of the Board who are not employees of the Corporation ("***Non-Employee Directors***"), including, for the avoidance of doubt, the ~~Chairman~~<u>Chairperson</u> of the Board if he or she is not otherwise an employee, consultant or officer of the Corporation, and their respective Affiliates may now engage and may continue to engage in the same or similar activities or related lines of business as those in which the Corporation, directly or indirectly, may engage and/or other business activities that overlap with or compete with those in which the Corporation, directly or indirectly, may engage.

(b)     None of (i) the stockholders of the Corporation or any of their Affiliates or (ii) any Non-Employee Director or his or her Affiliates shall, to the fullest extent permitted by law, have any duty to refrain from directly or indirectly (x) engaging in a corporate opportunity in the same or similar business activities or lines of business in which the Corporation or any of its Affiliates now engages, engages in the future or proposes to engage, (y) making investments in any kind of property in which the Corporation makes or may make investments or (z) otherwise competing with the Corporation or any of its Affiliates, and, to the fullest extent permitted by the DGCL, no Identified Person (as defined below) shall (A) be deemed to have acted in bad faith or in a manner inconsistent with the best interests of the Corporation or its stockholders or to have acted in a manner inconsistent with or opposed to any fiduciary duty to the Corporation or its stockholders or (B) be liable to the Corporation or its stockholders for breach of any fiduciary duty, in each case, by reason of the fact that such Identified Person engages in any such activities. The Corporation hereby renounces any interest or expectancy in, or in being offered an opportunity to participate in, any business opportunity which may be a corporate opportunity for an Identified Person and the Corporation or any of its Affiliates, except as provided in paragraph (c) of this <u>Section 5.2</u>. Subject to <u>Section 5.2(c)</u>, in the event that any Identified Person acquires knowledge of a potential transaction or other business opportunity which may be a corporate opportunity for itself, herself or himself and the Corporation or any of its Affiliates, such Identified Person shall have no duty to communicate or offer such transaction or other business opportunity to the Corporation or any of its Affiliates and, to the fullest extent permitted by the DGCL, shall not (I) be deemed to have acted in bad faith or in a manner inconsistent with the best interests of the Corporation or its stockholders or to have acted in a manner inconsistent with or opposed to any fiduciary duty to the Corporation or its stockholders or (II) be liable to the Corporation or its stockholders for breach of any fiduciary duty as a stockholder, director or officer of the Corporation, in each case, by reason of the fact that such Identified Person pursues

3

## ARTICLE VII
## BYLAWS

**Section 7.1**    Bylaws.  In furtherance and not in limitation of the powers conferred upon it by law, the Board shall have the power to adopt, amend, alter or repeal the Bylaws by the affirmative vote of a majority of the Board. The Bylaws also may be adopted, amended, altered or repealed without Board action by the affirmative vote of the holders of a majority of the voting power of all outstanding shares of Common Stock of the Corporation entitled to vote generally in the election of directors, voting together as a single class, in addition to any vote of the holders of any class or series of capital stock of the Corporation required by applicable law or the Certificate of Incorporation.

## ARTICLE VIII
## MEETINGS OF STOCKHOLDERS

**Section 8.1**    Action by Written Consent. Subject to any restrictions or requirements set forth in the Bylaws, any action required or permitted to be taken by stockholders of the Corporation at any meeting of stockholders may be taken without a meeting, without prior notice and without a vote, if a consent in writing, setting forth the action so taken, shall be signed by holders of outstanding stock having not less than the minimum voting power that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted.

**Section 8.2**    Special Meetings.  Except as otherwise required by law or the terms of any one or more series of Preferred Stock, special meetings of stockholders of the Corporation may be called only by the ~~Chairman~~Chairperson of the Board, the Board pursuant to a resolution adopted by a majority of the Board, or the Secretary of the Corporation upon the request of stockholders holding at least a majority of the outstanding shares of Common Stock in accordance with the procedures set forth in the Bylaws.

**Section 8.3**    Advance Notice.  Advance notice of stockholder nominations for the election of directors and of business to be brought by stockholders before any meeting of the stockholders of the Corporation shall be given in the manner provided in the Bylaws.

## ARTICLE IX
## LIMITATION ON LIABILITY OF DIRECTORS AND OFFICERS

**Section 9.1**    Limitation on Liability of Directors.  To the fullest extent permitted by law, a director or officer of the Corporation shall not be personally liable to the Corporation or any of its stockholders for monetary damages for breach of fiduciary duty as a director or officer.  Any repeal or amendment of this Article IX as permitted by this Certificate or by changes in law, or the adoption of any other provision of this Certificate inconsistent with this Article IX will, unless otherwise required by law, be prospective only (except to the extent such amendment or change in law permits the Corporation to further limit or eliminate the liability of directors or officers) and shall not adversely affect any right or protection of a director or officer of the Corporation existing at the time of such repeal or amendment or adoption of such inconsistent provision with respect to acts or omissions occurring prior to such repeal or amendment or

6

## EXHIBIT E-2(a)

**Revised Second Amended and Restated Bylaws of CalAmp Corp.**

# SECOND AMENDED AND RESTATED BYLAWS
## of
## CALAMP CORP.

### *(Effective as of July [●], 2024)*

## ARTICLE I
## OFFICES

1.    <u>Business Offices</u>. The Corporation may have one or more offices at such place or places, either within or outside the State of Delaware, as the board of directors (the "***Board***") may from time to time determine or as the business of the Corporation may require.

2.    <u>Registered Office</u>. The registered office of the Corporation shall be as set forth in the Amended and Restated Certificate of Incorporation of the Corporation (as amended from time to time, the "***Certificate of Incorporation***"), unless changed as provided by the provisions of the Delaware General Corporation Law (as amended from time to time, the "***DGCL***").

## ARTICLE II
## STOCKHOLDERS MEETINGS

1.    <u>Annual Meetings</u>. An annual meeting of stockholders of the Corporation for the election of directors shall be held in each year beginning in 2025, on such date and at such time as the Board shall designate, at which the stockholders entitled to vote thereon shall elect directors of the Corporation, each to serve for a term ending immediately after the next annual meeting of stockholders or until their earlier death, resignation, retirement, disqualification, removal or incapacity, and shall transact such other business as may properly come before the meeting.

2.    <u>Special Meetings</u>. Special meetings of stockholders may be called at any time by (i) the Chairperson of the Board, (ii) the Board pursuant to a resolution adopted by a majority of the Board or (iii) the Secretary of the Corporation upon the written request (which shall be delivered to and received by the Secretary of the Corporation and shall state the purpose or purposes therefor) of the holders of shares representing not less than a majority of the total voting power of all shares entitled to vote on any issue proposed to be considered at the meeting (such meeting called upon the written request of the stockholders, a "***Stockholder-Requested Meeting***"). The record date for determining the stockholders entitled to request a special meeting shall be the date of the earliest of any of the requests pursuant to which the meeting is called or such later date as may be required in order to comply with applicable law.  A Stockholder-Requested Meeting shall be held no later than the later of (i) the date designated by the requesting stockholders for such special meeting and (ii) sixty (60) days after the date on which requests for the special meeting shall have been received by the Secretary of the Corporation from the holders of shares representing a majority of the total voting power of all shares entitled to vote on the proposed issue.

Business transacted at any special meeting of stockholders shall be limited to the purpose or purposes stated in the notice described in <u>Section 4</u> of this <u>Article II</u>.

3.      <u>Place of Meetings</u>. Meetings of stockholders may be held (i) at any place within or outside the State of Delaware designated by the Board, or (ii) if the Board so determines, by means of remote communication. Any stockholder participating in a meeting by remote communication is deemed to be present in person at the meeting. In the absence of any such designation by the Board, stockholder meetings shall be held at the principal place of business of the Corporation.

4.      <u>Notice of Meetings</u>. Not less than ten (10) or more than sixty (60) days prior to each annual or special meeting of the Corporation's stockholders, written notice of the meeting shall be given to each stockholder entitled to vote at such meeting; <u>provided</u>, <u>however</u>, that if greater notice is required by the DGCL, the provisions of the DGCL shall govern. Notices shall be delivered by (i) personal delivery, (ii) mail, postage prepaid, (iii) nationally recognized overnight or other express courier service with next-business day delivery guaranteed, (iv) confirmed facsimile, or (v) other means of electronic transmission to the extent permitted under Section 116 of the DGCL (or any successor statute; "***DGCL Section 116***"). All notices shall be effective and shall be deemed delivered (v) if by personal delivery, when delivered, (w) if by mail, on the third day after deposit in the mail, addressed to the stockholder at the address of such stockholder appearing in the records of the Corporation, (x) if by courier service, on the next business day after deposit with such service of a notice addressed to the stockholder at the address of such stockholder appearing in the records of the Corporation, (y) if by facsimile, when sent to the party to be notified at its facsimile number set forth in the stock records of the Corporation, and (z) if by other means of electronic transmission, as determined by DGCL Section 116. The notice of any meeting shall state the place, if any, date and time of the meeting. The notice of a special meeting shall, in addition, state the purposes of the meeting. Attendance or participation by a stockholder at a meeting of the Corporation's stockholders shall be deemed a waiver of objection to lack of required notice or defective notice of the meeting, unless the stockholder, at the beginning of the meeting or promptly upon such stockholder's later arrival, expressly objects to holding the meeting or transacting business at the meeting because of lack of notice or defective notice, and does not thereafter vote for or assent to action taken at the meeting.

5.      <u>Stockholders List</u>. A complete record of the stockholders entitled to vote at each meeting (or an adjourned meeting described in <u>Section 9</u> of this <u>Article II</u>), arranged in alphabetical order, showing the address of each stockholder and the number of shares of Common Stock registered in the name of such stockholder, shall be prepared by the officer or agent of the Corporation who has charge of the stock transfer books of the Corporation. Such record of stockholders shall be available for inspection by any stockholder beginning on the earlier of ten (10) days before the meeting or two (2) days after notice is given and continuing through the meeting and any adjournment thereof, subject to the requirements of the DGCL, either on a reasonably accessible electronic network, provided that the information required to gain access to such network is provided with the notice of the meeting, or during normal business hours at the principal place of business of the Corporation. Such record of stockholders shall also be produced and kept at the time and place of the meeting during the whole time thereof and shall be subject to inspection for any purpose germane to the meeting by any stockholder who may be present.

6.      <u>Organization</u>. The Chairperson of the Board or, in the Chairperson's absence, the President (or, in the President's absence, any Vice President) shall call meetings of stockholders to order and act as chairperson of such meetings. In the absence of said officers, any stockholder entitled to vote at the meeting, or any proxy of any such stockholder, may call the meeting to order

and a chairperson shall be elected by a majority of the stockholders present and entitled to vote at the meeting. The Secretary or any Assistant Secretary of the Corporation or any person appointed by the chairperson may act as secretary of such meetings.

7. <u>Fixing Record Date</u>. Subject to the provisions of <u>Section 2</u> of this <u>Article II</u>, the Board may fix in advance a date as a record date for the determination of the stockholders entitled to a notice of or to vote at any meeting of stockholders or any adjournment thereof or to express consent (or dissent) to corporate action in writing without a meeting, or entitled to receive payment of any dividend or other distribution or allotment of rights in respect of any change, conversion or exchange of stock or for the purpose of any other lawful action. Such record date shall not be more than sixty (60) nor less than ten (10) days before the date of such meeting, nor more than ten (10) days prior to any other action to which the same relates. Only such stockholders as shall be stockholders of record on the date so fixed shall be so entitled with respect to the matter to which the same relates. If the Board shall not fix a record date as above provided, and if the Board shall not for such purpose close the stock transfer books as provided by statute, then the record date shall be established by applicable law.

8. <u>Agenda and Procedure</u>. The Board shall have the responsibility of establishing an agenda for each meeting of stockholders, subject to the rights of stockholders, in compliance with <u>Section 13</u> of this <u>Article II</u>, to raise matters for consideration which may otherwise properly be brought before an annual meeting although not included within the agenda. The chairperson shall be charged with the orderly conduct of all meetings of stockholders.

9. <u>Quorum</u>. Unless otherwise provided in the Certificate of Incorporation, these Bylaws, the DGCL or other applicable law, at any annual or special meeting of stockholders, the holders of shares representing a majority of the voting power of the then-issued and outstanding shares entitled to vote on a matter at the meeting, either present in person or represented by proxy, shall constitute a quorum with respect to action on such matter, and action may be taken with respect to any matter presented at the meeting only if a quorum exists with respect to such matter. However, in the absence of a quorum at any meeting of stockholders, the holders of shares representing a majority of the voting power of the then-issued and outstanding shares that are present in person or represented by proxy at the meeting and are entitled to vote on one or more matters at the meeting may adjourn the meeting from time to time without further notice (except as provided in <u>Section 10</u> of this <u>Article II</u>) until a quorum shall be present or represented.

10. <u>Adjournment</u>. When a meeting for any reason is adjourned to another time or place, notice need not be given of the adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting, any business may be transacted which might have been transacted at the original meeting. However, if the adjournment is for more than thirty (30) days from the date of the original meeting, or if after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

11. <u>Voting</u>.

(a) Except as otherwise required by law or otherwise provided in the Certificate of Incorporation or these Bylaws, and subject to the rights of holders of any series of Preferred

Stock of the Corporation, (i) at every meeting of stockholders (or with respect to corporate action which may be taken without a meeting), every holder of record of stock of the Corporation entitled to vote on any matter at such meeting shall be entitled, with respect to such matter, to such number of votes for each share of such stock held of record by such stockholder on the record date designated therefor pursuant to Article II, Section 7 of these Bylaws (or the record date established pursuant to applicable law in the absence of such designation) as provided in the Certificate of Incorporation or, if not so provided, one (1) vote for each share of such stock held of record as aforesaid, (ii) whenever directors are to be elected by vote of stockholders, they shall be elected in accordance with the provisions of Article III, Section 2 of these Bylaws and (iii) whenever any corporate action, other than the election of directors, is to be taken by vote of stockholders, such corporate action shall be authorized by the affirmative vote of holders of a majority of the shares of Common Stock present in person or represented by proxy and entitled to vote with respect to such corporate action or as otherwise may be required by the Certificate of Incorporation, applicable law or the rules and regulations of any national securities exchange on which the shares of the Corporation are then listed for trading.

(b)     At any meeting of stockholders, a stockholder may vote the stockholder's shares either in person or by proxy. A stockholder may appoint a proxy in person or through an attorney-in-fact and such appointment may be transmitted in any manner permitted by the DGCL. The appointment of a proxy shall be effective for eleven (11) months from the date of such appointment unless a different period is expressly specified in the appointment form.

(c)     The voting rights of fiduciaries, beneficiaries, pledgors, pledgees and joint, common and other multiple owners of shares of stock shall be as provided from time to time by the DGCL and any other applicable law.

(d)     Shares of the Corporation held of record by another corporation or other entity that are entitled to vote may be voted by such officer, agent or proxy as the bylaws or similar charter document of such other corporation or other entity may prescribe, or, in the absence of such provision, as the board of directors or similar body of such other corporation or entity may determine.

12.     Inspectors. The chairperson of the meeting may at any time appoint one or more inspectors to serve at a meeting of the stockholders. Such inspectors shall decide upon the qualifications of voters, including the validity of proxies, accept and count the votes for and against the questions presented, report the results of such votes, and subscribe and deliver to the secretary of the meeting a certificate stating the number of shares of stock issued and outstanding and entitled to vote thereon and the number of shares voted for and against the questions presented. The voting inspectors need not be stockholders of the Corporation, and any director or officer of the Corporation may be an inspector on any question other than a vote for or against such director's or officer's election to any position with the Corporation or on any other question in which such officer or director may be directly interested.

13.     Notice of Stockholder Business and Nominations.

(a)     Nominations of persons for election to the Board and the proposal of other business to be considered by the stockholders may be made at an annual meeting of

4

stockholders only (i) pursuant to the Corporation's notice of meeting (or any supplement thereto) delivered pursuant to Section 4 of Article II of these Bylaws or (ii) by or at the direction of the Board or any authorized committee thereof.

(b)    Only such business (including the election of specific individuals to fill vacancies or newly created directorships on the Board) shall be conducted at a special meeting of stockholders as shall have been brought before the meeting pursuant to the Corporation's notice of meeting.  At any time that stockholders are not prohibited from filling vacancies or newly created directorships on the Board, nominations of persons for the election to the Board to fill any vacancy or unfilled newly created directorship may be made at a special meeting of stockholders at which any proposal to fill any vacancy or unfilled newly created directorship is to be presented to the stockholders by or at the direction of the Board or any committee thereof.

14.    Action by Written Consent.  Any action required or permitted to be taken at an annual or special meeting of the stockholders of the Corporation may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum voting power that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted.  Anything to the contrary in these Bylaws notwithstanding, such action by written consent shall be governed in all respects by Section 211 of the DGCL, as it may be amended, or any successor statute.

## ARTICLE III
## BOARD OF DIRECTORS

1.    Management of the Corporation.  The business and affairs of the Corporation shall be managed by the Board.

2.    Election and Term.

(a)    Directors shall be elected at the annual meetings of stockholders or special meetings of stockholders called for such purpose.  Each director shall be elected to serve and to hold office until the next succeeding annual meeting of stockholders and until such director's successor shall be elected and shall qualify, or until such director's earlier death, resignation, retirement, disqualification, removal or incapacity.

(b)    The election of a director shall require the affirmative vote of a majority of the votes cast by stockholders of record present in person or by proxy.

(c)    Notwithstanding the foregoing, the initial directors of the Corporation shall be appointed in accordance with the Plan[1].

---

[1] As used in these Bylaws, "Plan" means the [*Amended*] *Joint Prepackaged Chapter 11 Plan of Reorganization of CalAmp Corp. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* filed in the jointly administered chapter 11 cases of CalAmp Corp. and certain of its direct and indirect affiliates, as debtors and debtors in possession [*In re CalAmp Corp., et al.,* Main Case No. 24-11136 (LSS);ECF No. [__]] (as amended, modified or supplemented from time to time).

3.      <u>Number and Qualification</u>.

(a)      The Board shall at all times consist of no fewer than one (1) director and no more than three (3) directors.  The total number of directors constituting the Board shall be determined from time to time exclusively by resolution adopted by a majority vote of the directors then in office.  The Board shall initially be comprised of one (1) director.

(b)      Directors must be natural persons at least eighteen (18) years of age but need not be stockholders.

4.      <u>Annual Meetings</u>.  Immediately following each annual stockholders meeting, the Board shall meet for the purpose of organization, election of officers and the transaction of any other business.

5.      <u>Regular Meetings</u>. Regular meetings of the Board shall be held at such time or times as may be determined by the Board and specified in the notice of such meetings.

6.      <u>Special Meetings</u>. Special meetings of the Board may be called (i) by the Chairperson of the Board or (ii) on the written request of any two (2) directors.

7.      <u>Place of Meetings</u>. Meetings of the Board may be held at such place or places as shall from time to time be determined by the Board and as shall be designated in the notice of the meeting. If no other place is designated in the notice of the meeting, such meeting shall be held at the Corporation's principal executive offices.

8.      <u>Notice of Meetings</u>. Notice of each meeting of directors, whether annual, regular or special, shall be given to each director (unless such notice is waived by such director as provided in <u>Section 10</u> of this <u>Article III</u>).  Each such notice shall be given no later than two (2) business days prior to the respective meeting. The notice shall state the date and time thereof, but need not, unless otherwise required by the DGCL, state the purposes of the meeting.

9.      <u>Meetings by Telecommunication</u>. One or more members of the Board or any committee designated by the Board may hold or participate in a meeting of the Board or such committee through the use of any means of conference telephone or other communication equipment by means of which all persons participating can hear each other at the same time. Any director participating in a meeting by any such means of communication is deemed to be present in person at the meeting.

10.      <u>Waiver of Notice of Meeting</u>.  A director may waive any notice of a meeting of directors, whether before or after the date or time stated in the notice as the date or time when any action will occur or has occurred. Attendance or participation by a director at a meeting of the Board shall be deemed a waiver of objection to lack of required notice or defective notice of the meeting, unless the director, at the beginning of the meeting or promptly upon his or her later arrival, expressly objects to holding the meeting or transacting business at the meeting because of lack of notice or defective notice, and does not thereafter vote for or assent to action taken at the meeting.

11.     <u>Quorum; Acts of the Board</u>. A majority of the number of directors fixed by or in accordance with <u>Section 3</u> of this <u>Article III</u> that are entitled to vote shall constitute a quorum at all meetings of the Board. In the absence of a quorum at any such meeting, a majority of the directors present and entitled to vote may adjourn the meeting from time to time without further notice, other than announcement at the meeting, until a quorum shall be present.

The vote of a majority of the directors present and entitled to vote at a meeting at which a quorum is present shall be the act of the Board, unless the express provision of applicable law, the Certificate of Incorporation or these Bylaws requires a greater vote, in which case such express provision shall govern and control.

12.     <u>Organization, Agenda and Procedure</u>. The Chairperson of the Board or, if the Chairperson of the Board is not present, another director chosen by the directors present at such meeting shall preside over the meetings of the Board. The Secretary, any Assistant Secretary, or any other person appointed by the Chairperson of the Board shall act as secretary of each meeting of the Board. The agenda of and procedure for such meetings shall be as determined by the Board.

13.     <u>Action by Written Consent</u>.  Any action required or permitted to be taken at any meeting of the Board, or any committee thereof, may be taken without a meeting if all members of the Board or committee, as the case may be, consent thereto in writing, and the writing or writings are filed with the minutes of proceedings of the Board or committee. Such action shall be effective as of the time the last director signs a writing describing the action taken unless before such time the Secretary has received a written revocation of the consent of any other director, and any action so taken shall be effective at the time taken unless the directors specify a different effective time.

14.     <u>Resignation</u>. Any director of the Corporation may resign at any time by giving written notice of such director's resignation to the Board and the Secretary of the Corporation. Such resignation shall take effect at the date of receipt of such notice or at any later time specified therein or the effective date determined upon the happening of an event or events.  Unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

15.     <u>Removal</u>. Any director may be removed from office at any time, with or without cause, upon the affirmative vote of holders of at least a majority of the then-issued and outstanding shares of capital stock of the Corporation entitled to vote in the election of directors, voting together as a single class.

No officer of the Corporation shall be appointed or nominated by the Board to serve as a director unless such officer shall deliver to the Corporation a conditional resignation as director that shall become effective if and when the employment of such officer is terminated, unless the Board otherwise determines.

16.     <u>Vacancies</u>. Any vacancies in the Board resulting from an increase in the number of directors and any vacancies on the Board resulting from death, resignation, retirement, disqualification, removal from office, incapacity or other cause, shall be filled within ninety (90)

days by a majority vote of the remaining directors then in office (even if less than a quorum), or by a sole remaining director.

Any director(s) so chosen shall hold office until their respective successors are duly elected at the next annual meeting of stockholders, subject, however, to such director's earlier death, resignation, retirement, disqualification, removal from office or incapacity.

17.    Committees.  The Board may, by resolution passed by a majority of the directors then in office, designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  Any such committee, to the extent provided in the resolution of the Board establishing such committee, shall have and may exercise all the powers and authority of the Board in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers that may require it.  Each committee of the Board may fix its own rules of procedure and shall hold its meetings as provided by such rules, except as may otherwise be provided by a resolution of the Board designating such committee.  Unless otherwise provided in such a resolution, the presence of at least a majority of the members of the committee (but not including any alternate member, unless such alternate member has replaced any absent or disqualified member at the time of, or in connection with, such meeting) shall be necessary to constitute a quorum, and all matters shall be determined by a majority vote of the members present at a meeting of the committee at which a quorum is present.  Each committee shall keep regular minutes of its meetings and report the same to the Board when required.

18.    Compensation of Directors. Each non-employee director shall be paid annual or other compensation as determined by the Board, including for attendance at meetings of the Board and its committees.  Directors shall also be entitled to reimbursement for the reasonable and documented expenses incurred in connection with the performance of their responsibilities as directors (including, but not limited to, expenses incurred in attending meetings of the Board). Nothing herein contained shall be construed to preclude any director from serving the Corporation in any other capacity, or any of its subsidiaries in any other capacity, and receiving proper compensation therefor.

19.    Observation Rights. Unless otherwise determined by the Board, no party will have observation rights with respect to the Board.

## ARTICLE IV
## OFFICERS

1.    Election and Tenure. The officers of the Corporation shall include a Chief Executive Officer and a Secretary and may include a Chairperson of the Board, a President, a Chief Financial Officer, one or more Vice Presidents (the number thereof and their respective titles to be determined by the Board), a Treasurer and such other officers as may be determined by the Board, each of whom shall be appointed annually, or otherwise from time to time (including upon the occurrence of a vacancy), by the Board. The Board may also designate and appoint such other officers and assistant officers as may be deemed necessary. The Board may expressly delegate to any such officer the power to appoint or remove subordinate officers, agents or employees. Any

two or more offices may be held by the same person. Each officer so appointed shall continue in office until such officer's successor is elected and qualified or until the officer's earlier death, resignation, retirement, disqualification, removal or incapacity. Each officer shall be a natural person who is eighteen years of age or older.

2.      Resignation, Removal and Vacancies. Any officer may resign at any time by giving written notice of resignation to the Board. Such resignation shall take effect when the notice is received by the Corporation unless the notice specifies a later date, and acceptance of the resignation shall not be necessary to render such resignation effective unless such resignation so states. An officer appointed to fill a vacancy shall be appointed for the unexpired term of such officer's predecessor in office or as otherwise determined by the Board upon such appointment. The appointment of an officer shall not itself create contract rights in favor of the officer, the removal of an officer shall not affect the officer's contract rights, if any, with the Corporation, and the resignation of an officer does not affect the Corporation's contract rights, if any, with the officer.

3.      Chairperson of the Board. The Chairperson of the Board shall, subject to Article II, Section 6 and Article III, Section 12 of these Bylaws, preside over the meetings of stockholders and meetings of the Board, and shall have such powers and responsibilities as are incident thereto. The Chairperson of the Board may either be an Executive Chairperson of the Board or a Non-Executive Chairperson of the Board.  An Executive Chairperson of the Board shall have general supervisory responsibility for the conduct of the business, affairs and operations of the Company, as is customary for an executive Chairperson of the board of a corporation. A Non-Executive Chairperson of the Board shall not have responsibility for the day-to-day business, affairs and operations of the Corporation.

4.      Chief Executive Officer. The Chief Executive Officer (i) shall have such duties and responsibilities as are customary for the chief executive officer of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board.

5.      President. The President (i) shall have such duties and responsibilities as are customary for the president of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board.

6.      Chief Financial Officer. The Chief Financial Officer (i) shall have such duties and responsibilities as are customary for the chief financial officer of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board.

7.      Vice Presidents. The Vice Presidents, if any, shall perform such duties and possess such powers as from time to time may be assigned to them by the Board.

8.      Secretary. The Secretary (i) shall have such duties and responsibilities as are customary for the secretary of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board. Without limiting the foregoing, the Secretary shall give notice of all meetings of stockholders and the Board, prepare and maintain minutes of the meetings of the Board and meetings of stockholders, maintain other records and information of the Corporation, where required, authenticate records of the Corporation and

maintain custody of the corporate seal of the Corporation and affix the same and attest to documents, the execution of which on behalf of the Corporation is authorized by these Bylaws or by the action of the Board.

9.      <u>Treasurer</u>. The Treasurer (i) shall have such duties and responsibilities as are customary for the treasurer of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board. Without limiting the foregoing, the Treasurer shall be responsible for all funds and securities of the Corporation; deposit funds of the Corporation in depositories selected in accordance with these Bylaws or otherwise approved by the Board; disburse such funds as ordered by the Board and make proper accounts thereof; and render as required by the Board statements of all such transactions as Treasurer and of the financial condition of the Corporation.

10.     <u>Assistant Secretaries and Assistant Treasurers</u>. The Assistant Secretaries and Assistant Treasurers, if any, shall perform such duties as shall be assigned to them by the Secretary or the Treasurer, respectively, or by the Board. In the absence, inability or refusal to act of the Secretary or the Treasurer, the Assistant Secretaries or Assistant Treasurers, respectively, in the order designated by the Board, or in the absence of any designation, then in the order of their election or appointment, shall perform the duties and exercise the powers of the Secretary or Treasurer, as the case may be.

11.     <u>Salaries</u>. Officers of the Corporation shall be entitled to such salaries, emoluments, compensation or reimbursement as shall be fixed or allowed from time to time by the Board in such manner as the Board shall provide.

<div align="center">

**ARTICLE V**
**INDEMNIFICATION AND INSURANCE**

</div>

1.      <u>Indemnification</u>. The Corporation shall indemnify and advance (or if previously incurred, reimburse) expenses to the directors and officers of the Corporation to the extent provided in the Certificate of Incorporation, or if not so provided, to the maximum extent permitted by the DGCL. The Corporation may in its discretion, but is not obligated in any way to, indemnify and advance (or if previously incurred, reimburse) expenses to an employee, fiduciary or agent of the Corporation to the same extent as to a director or officer, provided such indemnification or advancement is not in violation of public policy.

2.      <u>Provisions Not Exclusive</u>. The foregoing provisions for indemnification, advancement and reimbursement of expenses are not exclusive, and the Corporation may at its discretion provide for indemnification, advancement or reimbursement of expenses in a resolution of its stockholders or the Board, or by contract.

3.      <u>Effect of Modification</u>. Any repeal or modification of the foregoing provisions of this Article for indemnification and advancement (or reimbursement) of expenses shall not affect adversely any right or protection stated in such provisions with respect to any act or omission occurring prior to the time of such repeal or modification.

4.      <u>Insurance</u>. The Corporation may purchase and maintain insurance on behalf of a person who is or was a director, officer, employee, fiduciary, or agent of the Corporation, or who,

<div align="center">10</div>

while a director, officer, employee, fiduciary, or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, partner, trustee, employee, fiduciary or agent of another domestic or foreign corporation or other person or of an employee benefit plan, against liability asserted against or incurred by the person in that capacity or arising from his or her status as a director, officer, employee, fiduciary or agent, whether or not the Corporation would have the power to indemnify the person against the same liability under the DGCL.

5. <u>Expenses as a Witness</u>. The Corporation may pay or reimburse expenses incurred by a director, officer, employee, fiduciary or agent in connection with an appearance as a witness in a proceeding at a time when he or she has not been made a named defendant or respondent in the proceeding.

## ARTICLE VI
## EXECUTION OF INSTRUMENTS; BORROWING; CHECKS AND ENDORSEMENTS; DEPOSITS

1. <u>Execution of Instruments</u>. Any officer of the Corporation shall have the power to execute and deliver on behalf of and in the name of the Corporation any instrument requiring the signature of an officer of the Corporation, except as otherwise provided in these Bylaws or when the execution and delivery of the instrument shall be expressly delegated by the Board to some other officer or agent of the Corporation. Unless authorized to do so by these Bylaws or by the Board, or a committee designated by the Board, no officer, agent or employee shall have any power or authority to bind the Corporation in any way, to pledge its credit or to render it liable pecuniarily for any purpose or in any amount.

2. <u>Checks and Endorsements</u>. All checks, drafts or other orders for the payment of money, obligations, notes or other evidences of indebtedness, bills of lading, warehouse receipts, trade acceptances and other such instruments shall be signed or endorsed for the Corporation by such officers or agents of the Corporation as shall from time to time be determined by resolution of the Board, or a committee designated by the Board. Any such signature or endorsement may be by facsimile or other electronic signatures to the extent permitted under DGCL Section 116, except as otherwise determined by the Board.

3. <u>Deposits</u>. All funds of the Corporation not otherwise employed shall be deposited from time to time to the Corporation's credit in such banks or other depositories as shall from time to time be determined by resolution of the Board, or a committee designated by the Board, which resolution may specify the officers or agents of the Corporation who shall have the power, and the manner in which such power shall be exercised, to make such deposits and to endorse, assign and deliver for collection and deposit checks, drafts and other orders for the payment of money payable to the Corporation or its order.

## ARTICLE VII
## SHARES OF STOCK

1. <u>Certificates of Stock</u>. The shares of the Corporation may, but need not, be represented by certificates. If the shares are represented by certificates, such certificates shall be signed by the President and the Secretary or Treasurer, or any Assistant Secretary or Assistant

11

Treasurer, or such other representatives of the Corporation as are designated by the Board; provided, however, that where any such certificate is signed or countersigned by a transfer agent or registrar the signatures of such officers of the Corporation may be in facsimile or other electronic form to the extent permitted under DGCL Section 116. In case any officer of the Corporation who shall have signed, or whose facsimile or other electronic signature shall have been placed on, any certificate shall cease for any reason to be such officer before such certificate shall have been issued or delivered by the Corporation, such certificate may nevertheless be issued and delivered by the Corporation as though the person who signed such certificate, or whose facsimile or other electronic signature shall have been placed thereon, had not ceased to be such officer of the Corporation. Every certificate representing shares issued by the Corporation shall state the number of shares owned by the holder in the Corporation represented by such certificate, shall designate the class of stock to which such shares belong, and shall otherwise be in such form as is required by law and as the Board shall prescribe.

2.    Shares Without Certificates. The Board may authorize the issuance of any class or series of shares of the Corporation without certificates. Such authorization shall not affect shares already represented by certificates until they are surrendered to the Corporation, or its transfer agent. Within a reasonable time following the issue or transfer of shares without certificates, the Corporation shall send, or direct its transfer agent to send, the stockholder a complete written statement of the information required on certificates by Section 1 of this Article VII.

3.    Record. A record shall be kept of the name of each person or entity holding the stock represented by each certificate for shares issued by the Corporation, the number of shares represented by each such certificate, the date thereof and, in the case of cancellation, the date of cancellation. A record shall similarly be kept of shares without certificates.  The person or other entity in whose name shares of stock stand on the books of the Corporation shall be deemed the owner thereof, and thus a holder of record of such shares of stock, for all purposes as regards the Corporation, except as otherwise provided in these Bylaws or pursuant to applicable law.

4.    Transfer of Stock. Transfers of shares of the stock of the Corporation shall be made only on the books of the Corporation by the registered holder thereof, or by such registered holder's attorney thereunto authorized, and, in the case of shares represented by certificates, on the surrender of the certificate or certificates for such shares properly endorsed. The stock record book and other transfer records shall be in the possession of the Secretary or of a transfer agent for the Corporation.

5.    Transfer Agents and Registrars; Regulations. The Corporation, by resolution of the Board, shall from time to time appoint a transfer agent and a registrar, under such arrangements and upon such terms and conditions as the Board deems advisable, but until and unless the Board appoints some other person, firm or corporation as its transfer agent (and upon the revocation of any such appointment, thereafter until a new appointment is similarly made) the Secretary of the Corporation shall be the transfer agent of the Corporation without the necessity of any formal action of the Board, and the Secretary, or any person designated by the Secretary, shall perform all of the duties of such transfer agent. The Board may make such procedural rules and regulations as it may deem expedient and as are not inconsistent with the Certificate of Incorporation and these Bylaws, concerning the issue, transfer and registration of certificates for shares of the stock of the Corporation.

6.      <u>Lost, Destroyed or Mutilated Certificates</u>. In case of the alleged loss, destruction or mutilation of a certificate representing stock of the Corporation, a new certificate may be issued in place thereof, generally or in specific instances, in such manner and upon such terms and conditions as the Board may prescribe, and shall be issued in such situations as required by the DGCL.

<div align="center">

**ARTICLE VIII**
**FISCAL YEAR**

</div>

The fiscal year of the Corporation shall be the year ending on December 31, unless another fiscal year is established by the Board.

<div align="center">

**ARTICLE IX**
**CORPORATE BOOKS AND RECORDS**

</div>

1.      <u>Books and Records</u>. The books and records of the Corporation may be kept (subject to any provision contained in the DGCL or other applicable law) at such place or places as may be from time to time designated by the Board. The Corporation shall keep correct and complete books and records of account, including the amount of its assets and liabilities, and the minutes of its proceedings of its stockholders and Board and any committee of the Board.

2.      <u>Addresses of Stockholders</u>. Each stockholder shall furnish to the Secretary of the Corporation or the Corporation's transfer agent an address to which notices from the Corporation, including notices of meetings, may be directed and if any stockholder shall fail so to designate such an address, it shall be sufficient for any such notice to be directed to such stockholder at such stockholder's address last known to the Secretary or transfer agent.

<div align="center">

**ARTICLE X**
**AMENDMENTS**

</div>

In addition to any approval required by law or the Certificate of Incorporation, the affirmative vote of holders of at least a majority of the voting power of the Corporation shall be required to amend these Bylaws; <u>provided</u>, <u>however</u>, that the Corporation may, in the Certificate of Incorporation, also confer the power to alter, amend or repeal these Bylaws upon the directors of the Corporation.

<div align="center">

**ARTICLE XI**
**DEFINITIONS**

</div>

Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Certificate of Incorporation.

<div align="center">

13

</div>

**EXHIBIT E-2(b)**

**Redline of Revised Second Amended and Restated Bylaws of CalAmp Corp.**
(Marked against Exhibit E-2 of the Initial Plan Supplement found at Docket No. 109)

19.     <u>Observation Rights</u>. Unless otherwise determined by the Board, no party will have observation rights with respect to the Board.

## ARTICLE IV
## OFFICERS

1.     <u>Election and Tenure</u>. The officers of the Corporation shall ~~consist of~~include a Chief Executive Officer and a Secretary and may include a Chairperson of the Board, a President, a Chief Financial Officer, one or more Vice Presidents (the number thereof and their respective titles to be determined by the Board), a ~~Secretary, a~~ Treasurer and such other officers as may be determined by the Board, each of whom shall be appointed annually, or otherwise from time to time (including upon the occurrence of a vacancy), by the Board. The Board may also designate and appoint such other officers and assistant officers as may be deemed necessary. The Board may expressly delegate to any such officer the power to appoint or remove subordinate officers, agents or employees. Any two or more offices may be held by the same person. Each officer so appointed shall continue in office until such officer's successor is elected and qualified or until the officer's earlier death, resignation, retirement, disqualification, removal or incapacity. Each officer shall be a natural person who is eighteen years of age or older.

2.     <u>Resignation, Removal and Vacancies</u>. Any officer may resign at any time by giving written notice of resignation to the Board. Such resignation shall take effect when the notice is received by the Corporation unless the notice specifies a later date, and acceptance of the resignation shall not be necessary to render such resignation effective unless such resignation so states. An officer appointed to fill a vacancy shall be appointed for the unexpired term of such officer's predecessor in office or as otherwise determined by the Board upon such appointment. The appointment of an officer shall not itself create contract rights in favor of the officer, the removal of an officer shall not affect the officer's contract rights, if any, with the Corporation, and the resignation of an officer does not affect the Corporation's contract rights, if any, with the officer.

3.     <u>Chairperson of the Board</u>. The Chairperson of the Board shall, subject to <u>Article II</u>, <u>Section 6</u> and <u>Article III</u>, <u>Section 12</u> of these Bylaws, preside over the meetings of stockholders and meetings of the Board, and shall have such powers and responsibilities as are incident thereto. The Chairperson of the Board may either be an Executive Chairperson of the Board or a Non-Executive Chairperson of the Board.  An Executive Chairperson of the Board shall have general supervisory responsibility for the conduct of the business, affairs and operations of the Company, as is customary for an executive Chairperson of the board of a corporation. A Non-Executive Chairperson of the Board shall not have responsibility for the day-to-day business, affairs and operations of the Corporation.

4.     Chief Executive Officer. The Chief Executive Officer (i) shall have such duties and responsibilities as are customary for the chief executive officer of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board.

5. 4. President. The President (i) shall have such duties and responsibilities as are customary for the president of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board.

6. Chief Financial Officer. The Chief Financial Officer (i) shall have such duties and responsibilities as are customary for the chief financial officer of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board.

7. 5. Vice Presidents. The Vice Presidents, if any, shall perform such duties and possess such powers as from time to time may be assigned to them by the Board. In the absence of the President or in the event of the inability or refusal of the President to act, the Vice President (or in the event there be more than one Vice President, the Vice Presidents in the order designated by the Board, or in the absence of any designation, then in the order of the election or appointment of the Vice Presidents) shall perform the duties of the President, and when so performing shall have all the powers of and be subject to all the restrictions upon the President.

8. 6. Secretary. The Secretary (i) shall have such duties and responsibilities as are customary for the secretary of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board. Without limiting the foregoing, the Secretary shall give notice of all meetings of stockholders and the Board, prepare and maintain minutes of the meetings of the Board and meetings of stockholders, maintain other records and information of the Corporation, where required, authenticate records of the Corporation and maintain custody of the corporate seal of the Corporation and affix the same and attest to documents, the execution of which on behalf of the Corporation is authorized by these Bylaws or by the action of the Board.

9. 7. Treasurer. The Treasurer (i) shall have such duties and responsibilities as are customary for the treasurer of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board. Without limiting the foregoing, the Treasurer shall be responsible for all funds and securities of the Corporation; deposit funds of the Corporation in depositories selected in accordance with these Bylaws or otherwise approved by the Board; disburse such funds as ordered by the Board and make proper accounts thereof; and render as required by the Board statements of all such transactions as Treasurer and of the financial condition of the Corporation.

10. 8. Assistant Secretaries and Assistant Treasurers. The Assistant Secretaries and Assistant Treasurers, if any, shall perform such duties as shall be assigned to them by the Secretary or the Treasurer, respectively, or by the Board. In the absence, inability or refusal to act of the Secretary or the Treasurer, the Assistant Secretaries or Assistant Treasurers, respectively, in the order designated by the Board, or in the absence of any designation, then in the order of their election or appointment, shall perform the duties and exercise the powers of the Secretary or Treasurer, as the case may be.

11. 9. Salaries. Officers of the Corporation shall be entitled to such salaries, emoluments, compensation or reimbursement as shall be fixed or allowed from time to time by the Board in such manner as the Board shall provide.

## EXHIBIT E-3

**Amended and Restated Certificate of Incorporation of
CalAmp Wireless Networks Corporation**

**AMENDED AND RESTATED**
**CERTIFICATE OF INCORPORATION**

**OF**

**CALAMP WIRELESS NETWORKS CORPORATION**

CalAmp Wireless Networks Corporation, a corporation organized and existing under the laws of the State of Delaware (the "***Corporation***"), hereby certifies as follows:

1. The Certificate of Incorporation of the Corporation was originally filed with the Secretary of State of the State of Delaware on July 15, 1985 and was subsequently amended on January 27, 2010.

2. On June 3, 2024, the Corporation and certain of its affiliates (collectively with the Corporation, the "***Debtors***") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") [*In re CalAmp Corp. et al.*, Main Case No. 24-11136 (LSS)].

3. This Amended and Restated Certificate of Incorporation (this "***Certificate***") was duly adopted, without the need for approval of the Board of Directors or the stockholders of the Corporation, in accordance with Sections 242, 245 and 303 of the Delaware General Corporation Law, as amended (the "***DGCL***"), pursuant to the authority granted by the [*Amended*] *Joint Prepackaged Chapter 11 Plan of Reorganization of CalAmp Corp. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, as confirmed on July [__], 2024 by order of the Bankruptcy Court entered in the Debtors' jointly administered chapter 11 cases.

4. This Certificate shall become effective when filed with the Secretary of State of the State of Delaware.

5. This Certificate amends and restates the Certificate of Incorporation of the Corporation to read in full as follows:

# ARTICLE I
# NAME

**Section 1.1**    <u>Name</u>.  The name of the corporation is CalAmp Wireless Networks Corporation.

# ARTICLE II
# PURPOSE

**Section 2.1**    <u>Purpose</u>.  The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the DGCL as it now exists or may hereafter be amended or supplemented.

# ARTICLE III
# REGISTERED AGENT

**Section 3.1**    <u>Registered Agent</u>.  The street address of the registered office of the Corporation in the State of Delaware is 2140 S. DuPont Highway, Camden, Delaware, County of Kent, 19934. The name of the Corporation's registered agent at such address is Paracorp Incorporated.

# ARTICLE IV
# CAPITALIZATION

**Section 4.1**    <u>Authorized Capital Stock</u>.  The Corporation shall be authorized to issue one class of shares of stock to be designated common stock ("***Common Stock***") and the total number of shares of Common Stock which the Corporation shall have authority to issue is 1,000, and each such share of Common Stock shall have a par value of $0.001.

**Section 4.2**    <u>Common Stock</u>.

(a)    Each holder of shares of Common Stock, as such, shall be entitled to one vote for each share of Common Stock held of record by such holder on all matters on which stockholders generally are entitled to vote.

(b)    The holders of shares of Common Stock shall be entitled to receive such dividends and other distributions (payable in cash, property or capital stock of the Corporation) when, as and if declared thereon by the board of directors of the Corporation (the "***Board***") from time to time out of any assets or funds of the Corporation legally available therefor and shall share equally on a per share basis in such dividends and distributions.

(c)    In the event of any voluntary or involuntary liquidation, dissolution or winding-up of the Corporation, after payment or provision for payment of the debts and other liabilities of the Corporation, the holders of shares of Common Stock shall be entitled to receive all the remaining assets of the Corporation available for distribution to its stockholders, ratably in proportion to the number of shares of Common Stock held by them.

**Section 4.3**    <u>Nonvoting Equity Securities</u>.  The Corporation shall not issue nonvoting equity securities; <u>provided</u>, <u>however</u>, the foregoing restriction shall (a) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (b) only have such force

and effect for so long as Section 1123 of the Bankruptcy Code is in effect and applicable to the Corporation, and (c) in all events may be amended or eliminated in accordance with applicable law as from time to time may be in effect.  The prohibition on the issuance of nonvoting equity securities is included in this Certificate in compliance with Section 1123(a)(6) of the Bankruptcy Code.

<div align="center">

**ARTICLE V**
**RELATED PARTY TRANSACTIONS AND CORPORATE OPPORTUNITIES**

</div>

The following provisions are inserted for the management of the business and for the conduct of the affairs of the Corporation, and the same are in furtherance of and not in limitation of the powers conferred by law.

**Section 5.1**    Related Party Transactions.  No contract or other transaction of the Corporation with any other person, firm, corporation or other entity in which the Corporation has an interest, shall be affected or invalidated by the fact that any one or more of the directors or officers of the Corporation, individually or jointly with others, may be a party to or may be interested in any contract or transaction so long as the contract or other transaction is approved by the Board in accordance with the DGCL.

**Section 5.2**    Corporate Opportunities.

(a)    The provisions of this Section 5.2 are set forth to regulate and define the conduct of certain affairs of the Corporation with respect to certain classes or categories of business opportunities as they may involve the Corporation's stockholders, the Non-Employee Directors (as defined below) or their respective Affiliates and the powers, rights, duties and liabilities of the Corporation and the Corporation's directors, officers and stockholders in connection therewith, in recognition and anticipation that (i) certain directors, principals, officers and employees and/or other representatives of stockholders of the Corporation and their respective Affiliates (as defined below) may serve as directors or officers of the Corporation, (ii) stockholders of the Corporation and their respective Affiliates may now engage and may continue to engage in the same or similar activities or related lines of business as those in which the Corporation, directly or indirectly, may engage and/or other business activities that overlap with or compete with those in which the Corporation, directly or indirectly, may engage, and (iii) members of the Board who are not employees of the Corporation ("***Non-Employee Directors***"), including, for the avoidance of doubt, the Chairperson of the Board if he or she is not otherwise an employee, consultant or officer of the Corporation, and their respective Affiliates may now engage and may continue to engage in the same or similar activities or related lines of business as those in which the Corporation, directly or indirectly, may engage and/or other business activities that overlap with or compete with those in which the Corporation, directly or indirectly, may engage.

(b)    None of (i) the stockholders of the Corporation or any of their Affiliates or (ii) any Non-Employee Director or his or her Affiliates shall, to the fullest extent permitted by law, have any duty to refrain from directly or indirectly (x) engaging in a corporate opportunity in the same or similar business activities or lines of business in which the Corporation or any of its Affiliates now engages, engages in the future or proposes to engage, (y) making investments in any kind of property in which the Corporation makes or may make investments or (z) otherwise competing

<div align="center">2</div>

with the Corporation or any of its Affiliates, and, to the fullest extent permitted by the DGCL, no Identified Person (as defined below) shall (A) be deemed to have acted in bad faith or in a manner inconsistent with the best interests of the Corporation or its stockholders or to have acted in a manner inconsistent with or opposed to any fiduciary duty to the Corporation or its stockholders or (B) be liable to the Corporation or its stockholders for breach of any fiduciary duty, in each case, by reason of the fact that such Identified Person engages in any such activities. The Corporation hereby renounces any interest or expectancy in, or in being offered an opportunity to participate in, any business opportunity which may be a corporate opportunity for an Identified Person and the Corporation or any of its Affiliates, except as provided in paragraph (c) of this Section 5.2. Subject to Section 5.2(c), in the event that any Identified Person acquires knowledge of a potential transaction or other business opportunity which may be a corporate opportunity for itself, herself or himself and the Corporation or any of its Affiliates, such Identified Person shall have no duty to communicate or offer such transaction or other business opportunity to the Corporation or any of its Affiliates and, to the fullest extent permitted by the DGCL, shall not (I) be deemed to have acted in bad faith or in a manner inconsistent with the best interests of the Corporation or its stockholders or to have acted in a manner inconsistent with or opposed to any fiduciary duty to the Corporation or its stockholders or (II) be liable to the Corporation or its stockholders for breach of any fiduciary duty as a stockholder, director or officer of the Corporation, in each case, by reason of the fact that such Identified Person pursues or acquires such corporate opportunity for itself, herself or himself, or offers or directs such corporate opportunity to another Person.

(c)    The Corporation does not renounce its interest in any corporate opportunity offered to any Non-Employee Director (including any Non-Employee Director who serves as an officer of this Corporation) if such opportunity is expressly offered to such Person solely in his or her capacity as a director or officer of the Corporation and the provisions of Section 5.2(b) shall not apply to any such corporate opportunity.

(d)    In addition to and notwithstanding the foregoing provisions of this Section 5.2, a corporate opportunity shall not be deemed to be a potential corporate opportunity for the Corporation if it is a business opportunity that the Corporation is not financially able or contractually permitted or legally able to undertake, or that is, from its nature, not in the line of the Corporation's business or is of no practical advantage to it or that is one in which the Corporation has no interest or reasonable expectancy.

(e)    For purposes of this Certificate (i) "*Affiliate*" shall mean (x) in respect of stockholders of the Corporation, any Person that, directly or indirectly, is controlled by such stockholder, controls such stockholder or is under common control with such stockholder and shall include any principal, member, manager, director, partner, shareholder, officer, employee or other representative of any of the foregoing (other than the Corporation and any entity that is controlled by the Corporation), (y) in respect of a Non-Employee Director, any Person that, directly or indirectly, is controlled by such Non-Employee Director (other than the Corporation and any entity that is controlled by the Corporation) and (z) in respect of the Corporation, any Person that, directly or indirectly, is controlled by the Corporation; and (ii) "*Person*" shall mean any individual, corporation, general or limited partnership, limited liability company, joint venture, trust, association or any other entity, and (iii) the Persons identified in (b)(i) and (ii) above shall be referred to, collectively, as "*Identified Persons*" and, individually, as an "*Identified Person*";

3

provided, however, that no employee, consultant or officer of the Corporation shall be an Identified Person.

(f)　　To the fullest extent permitted by law, any Person purchasing or otherwise acquiring any interest in any shares of capital stock of the Corporation shall be deemed to have notice of and to have consented to the provisions of this Section 5.2.

## ARTICLE VI
## BOARD OF DIRECTORS

**Section 6.1**　　Board Powers.  The business and affairs of the Corporation shall be managed by, or under the direction of, the Board.  In addition to the powers and authority expressly conferred upon the Board by the DGCL, this Certificate or the Amended and Restated Bylaws of the Corporation (the "**Bylaws**"), the Board is hereby authorized and empowered to exercise all such powers and do all such acts and things as may be exercised or done by the Corporation, subject to the provisions of the DGCL, this Certificate and the Bylaws; provided, however, that no Bylaws hereafter adopted, or any amendments thereto, shall invalidate any prior act of the Board that would have been valid if such Bylaws had not been adopted.

**Section 6.2**　　Election and Term.

(a)　　The total number of directors constituting the Board shall be determined from time to time exclusively by resolution adopted by a majority of the directors then in office. The Board shall initially be comprised of one (1) director. The directors shall consist of a single class, and each director shall hold office until his or her successor shall have been duly elected and qualified, subject, however, to such director's earlier death, resignation, retirement, disqualification, removal or incapacity.

(b)　　At each annual meeting of stockholders, directors elected to succeed those directors whose terms then expire shall be elected for a term of office to expire at the next succeeding annual meeting of stockholders after their election, with each director to hold office until his or her successor shall have been duly elected and qualified, subject, however, to such director's earlier death, resignation, retirement, disqualification, removal or incapacity.

(c)　　Unless and except to the extent that the Bylaws shall so require, the election of directors of the Corporation need not be by written ballot.

**Section 6.3**　　Directorships and Vacancies.  Directorships resulting from an increase in the number of directors and any vacancies on the Board resulting from death, resignation, retirement, disqualification, removal, incapacity or other cause may be filled solely by a majority vote of the directors then in office, even if less than a quorum, or by a sole remaining director, and any director so chosen shall hold office for the remainder of the full term and until his or her successor has been elected and qualified, subject, however, to such director's earlier death, resignation, retirement, disqualification, removal or incapacity.

**Section 6.4**　　Cumulative Voting.  There shall be no cumulative voting in the election of directors.

**Section 6.5**     Removal.  Any or all of the directors may be removed from office at any time, but only by the affirmative vote of holders of at least a majority of the outstanding shares of Common Stock entitled to vote generally in the election of directors, voting together as a single class.

## ARTICLE VII
## BYLAWS

**Section 7.1**     Bylaws.  In furtherance and not in limitation of the powers conferred upon it by law, the Board shall have the power to adopt, amend, alter or repeal the Bylaws by the affirmative vote of a majority of the Board. The Bylaws also may be adopted, amended, altered or repealed without Board action by the affirmative vote of the holders of a majority of the voting power of all outstanding shares of Common Stock of the Corporation entitled to vote generally in the election of directors, voting together as a single class, in addition to any vote of the holders of any class or series of capital stock of the Corporation required by applicable law or the Certificate of Incorporation.

## ARTICLE VIII
## MEETINGS OF STOCKHOLDERS

**Section 8.1**     Action by Written Consent. Subject to any restrictions or requirements set forth in the Bylaws, any action required or permitted to be taken by stockholders of the Corporation at any meeting of stockholders may be taken without a meeting, without prior notice and without a vote, if a consent in writing, setting forth the action so taken, shall be signed by holders of outstanding stock having not less than the minimum voting power that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted.

**Section 8.2**     Special Meetings.  Special meetings of stockholders of the Corporation may be called only by the Chairperson of the Board, the Board pursuant to a resolution adopted by a majority of the Board, or the Secretary of the Corporation upon the request of stockholders holding at least a majority of the outstanding shares of Common Stock in accordance with the procedures set forth in the Bylaws.

**Section 8.3**     Advance Notice.  Advance notice of stockholder nominations for the election of directors and of business to be brought by stockholders before any meeting of the stockholders of the Corporation shall be given in the manner provided in the Bylaws.

## ARTICLE IX
## LIMITATION ON LIABILITY OF DIRECTORS AND OFFICERS

**Section 9.1**     Limitation on Liability of Directors.  To the fullest extent permitted by law , a director or officer of the Corporation shall not be personally liable to the Corporation or any of its stockholders for monetary damages for breach of fiduciary duty as a director or officer.  Any repeal or amendment of this Article IX as permitted by this Certificate or by changes in law, or the adoption of any other provision of this Certificate inconsistent with this Article IX will, unless otherwise required by law, be prospective only (except to the extent such amendment or change in law permits the Corporation to further limit or eliminate the liability of directors or officers) and shall not adversely affect any right or protection of a director or officer of the Corporation existing at the time of such repeal or amendment or adoption of such inconsistent provision with respect to

acts or omissions occurring prior to such repeal or amendment or adoption of such inconsistent provision.

## ARTICLE X
## INDEMNIFICATION

**Section 10.1**   Right to Indemnification.

(a)   To the fullest extent permitted by applicable law, the Corporation shall indemnify any Person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding ("***Proceeding***"), whether civil, criminal, administrative or investigative (other than an action by or in the right of the Corporation) by reason of the fact that the Person is or was a director or officer of the Corporation, or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee, fiduciary or agent of another corporation, partnership, joint venture, trust, other enterprise or nonprofit entity, including service with respect to an employee benefit plan (an "***Indemnitee***"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer, employee or agent, or in any other capacity while serving as a director, officer, employee or agent, against all expenses, liability and loss (including, without limitation, attorneys' fees, judgments, fines ERISA excise taxes penalties and amounts paid in settlement) reasonably incurred or suffered by the Indemnitee in connection with such Proceeding; provided, however, that, except as provided in Section 10.3 with respect to proceedings to enforce rights to indemnification and advancement of expenses, the Corporation shall indemnify an Indemnitee in connection with a proceeding (or part thereof) initiated by such Indemnitee only if such proceeding (or part thereof) was authorized by the Board.

(b)   The Corporation may indemnify to the fullest extent permitted by law any Person who is not a director or officer of the Corporation to whom the Corporation is permitted by applicable law to provide indemnification, whether pursuant to, or provided by, the DGCL or other rights created by (i) resolution of stockholders, (ii) resolution of directors, or (iii) a written agreement providing for such indemnification authorized by any officer designated by the Board for such purpose, it being expressly intended that this Certificate authorize the creation of such rights in any such manner.

**Section 10.2**   Reimbursement or Advancement of Expenses.  The Corporation shall, from time to time, reimburse or advance to any Indemnitee the funds necessary for payment of expenses, including attorneys' fees and disbursements, incurred in connection with any Proceeding, in advance of the final disposition of such Proceeding; provided, however, that, if required by the DGCL, such expenses incurred by or on behalf of any director or officer or other Person may be paid in advance of the final disposition of a Proceeding only upon receipt by the Corporation of an undertaking, by or on behalf of such director or officer (or other Person indemnified hereunder), to repay any such amount so advanced if it shall ultimately be determined by final judicial decision from which there is no further right of appeal that such director, officer or other Person is not entitled to be indemnified for such expenses.

**Section 10.3**   Claims by Indemnitees.  If a claim for indemnification or advancement of expenses under this Article X is not paid in full by the Corporation within 60 days after a written claim

therefor has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the Indemnitee may file suit to recover the unpaid amount of such claim to the fullest extent permitted by law. If successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Indemnitee shall also be entitled to be paid the expense of prosecuting or defending such suit. In any suit brought by (a) the Indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by an Indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (b) the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the Indemnitee has not met any applicable standard for indemnification set forth in the DGCL.  In any such action the Corporation shall have the burden of proving that the Indemnitee is not entitled to the requested indemnification or advancement of expenses under law.  Neither the failure of the Corporation (including its Board or a committee thereof, its independent legal counsel and its stockholders) to have made a determination prior to the commencement of such action that such indemnification or reimbursement or advancement of expenses is proper in the circumstances nor an actual determination by the Corporation (including its Board or a committee thereof, its independent legal counsel and its stockholders) that such Indemnitee is not entitled to such indemnification or reimbursement or advancement of expenses shall constitute a defense to the action or create a presumption that such Indemnitee is not so entitled.  Such an Indemnitee shall also be indemnified, to the fullest extent permitted by law, for any expenses incurred in connection with successfully establishing such Indemnitee's right to such indemnification or reimbursement or advancement of expenses, in whole or in part, in any such action.

**Section 10.4**   <u>Non-Exclusivity of Rights</u>.  The rights to indemnification and reimbursement or advancement of expenses provided by, or granted pursuant to, this <u>Article X</u> shall not be deemed exclusive of any other rights to which a Person seeking indemnification or reimbursement or advancement of expenses may have or hereafter be entitled under any statute, this Certificate, the Bylaws, any agreement (including any policy of insurance purchased or provided by the Corporation under which directors, officers, employees and other agents of the Corporation are covered), any vote of the holders of capital stock of the Corporation entitled to vote or disinterested directors or otherwise.

**Section 10.5**   <u>Continuing Rights</u>.  The rights to indemnification and reimbursement or advancement of expenses provided by, or granted pursuant to, this <u>Article X</u> shall continue as to a Person who has ceased to be a director or officer (or other Person indemnified hereunder) and shall inure to the benefit of the executors, administrators, legatees and distributees of such Person.

**Section 10.6**   <u>Insurance</u>.  The Corporation shall have the power to purchase and maintain insurance on behalf of any Person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, member, manager, employee or agent of any other entity as described in <u>Section 10.1(a)</u>, against any liability asserted against such Person and incurred by such Person in any such capacity, or arising out of such Person's status as such, whether or not the Corporation would have the power to indemnify such Person against such liability under the provisions of this <u>Article X</u>, the Bylaws or under Section 145 of the DGCL or any other provision of law.

**Section 10.7**   <u>Contract Rights; Amendment or Repeal</u>.  The provisions of this <u>Article X</u> shall be a contract between the Corporation, on the one hand, and each director and officer who serves in such capacity at any time while this <u>Article X</u> is in effect and any other Person indemnified hereunder, on the other hand, pursuant to which the Corporation and each such director, officer, or other Person intend to be legally bound.  Notwithstanding anything to the contrary contained in this Certificate, no amendment, repeal or elimination of this <u>Article X by the stockholders of the Corporation</u> shall adversely affect any rights or protections of a director or officer of the Corporation existing at the time of, or increase the liability of any director or officer of the Corporation with respect to any acts or omissions of such director or officer occurring prior to, such amendment, repeal or elimination.

**Section 10.8**   <u>Requested Services</u>.  Any director, officer, employee, fiduciary or agent of the Corporation serving in any capacity in (i) another corporation of which a majority of the shares entitled to vote in the election of its directors is held, directly or indirectly, by the Corporation or (ii) any employee benefit plan of the Corporation or any corporation referred to in <u>clause (i)</u> shall be deemed to be doing so at the request of the Corporation.

**Section 10.9**   <u>Indemnitor of First Resort</u>.  It is the intent that with respect to all advancement, reimbursement and indemnification obligations under this <u>Article X</u>, the Corporation shall be the indemnitor of first resort (*i.e.*, its obligations to indemnitees under this Certificate are primary and any obligation of any stockholder (or any of its Affiliates) to provide advancement or indemnification for the same losses incurred by indemnitees are secondary), and if a stockholder pays or causes to be paid, for any reason, any amounts otherwise indemnifiable hereunder or under any other indemnification agreement (whether pursuant to this Certificate, the Bylaws, contract, law or regulation), then (i) such stockholder (or such Affiliate, as the case may be) shall be fully subrogated to all rights hereunder of the indemnitee with respect to such payment and (ii) the Corporation shall reimburse such stockholder (or such Affiliate, as the case may be) for the payments actually made and waive any right of subrogation, reimbursement, exoneration, contribution or indemnification and any right to participate in any claim or remedy of such stockholder (or such Affiliate, as the case may be).

## ARTICLE XI
## AMENDMENT OF CERTIFICATE OF INCORPORATION

**Section 11.1**   <u>Amendment of Certificate of Incorporation</u>.  This Certificate may be amended, restated, amended and restated or otherwise modified only with (i) the affirmative vote of a majority of the Board and (ii) the affirmative vote of the holders of a majority of the voting power of all outstanding shares of Common Stock of the Corporation entitled to vote generally in the election of directors, voting together as a single class, in addition to any vote of the holders of any class or series of capital stock of the Corporation required by applicable law. The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate, in the manner now or hereafter prescribed by this Certificate and the DGCL, and, except as set forth in <u>Article IX</u> and <u>Article X</u>, all rights, preferences and privileges herein conferred upon stockholders, directors or any other Persons by and pursuant to this Certificate in its present form or as hereafter amended are granted subject to the right reserved in this <u>Article XI</u>.

## ARTICLE XII
## SECTION 203

**Section 12.1**    <u>Section 203</u>.  The Corporation shall not be governed by the provisions of Section 203 of the DGCL.

## ARTICLE XIII
## ENFORCEABILITY; SEVERABILITY; FORUM FOR ADJUDICATION OF DISPUTES

**Section 13.1**    <u>Enforceability; Severability</u>.  Each provision of this Certificate shall be enforceable in accordance with its terms to the fullest extent permitted by law, but in case any one or more of the provisions contained in this Certificate shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Certificate, and this Certificate shall be construed as if such invalid, illegal or unenforceable provision or provisions had never been contained herein.

**Section 13.2**    <u>Exclusive Forum</u>.  Unless the Corporation consents in writing to the selection of an alternative forum, the sole and exclusive forum for (a) any derivative action or Proceeding brought on behalf of the Corporation, (b) any action or Proceeding asserting a claim of breach of a fiduciary duty owed by any current or former director, officer, other employee or stockholder of the Corporation to the Corporation or the Corporation's stockholders, (c) any action or Proceeding asserting a claim arising pursuant to any provision of the DGCL, this Certificate or the Bylaws (as each may be amended from time to time) or as to which the DGCL confers jurisdiction on the Court of Chancery or (d) any action or Proceeding asserting a claim governed by the internal affairs doctrine shall, in each case, be the Court of Chancery (or, if and only if the Court of Chancery lacks subject matter jurisdiction, the federal district court for the District of Delaware). Any Person purchasing or otherwise acquiring or holding any interest in shares of capital stock of the Corporation shall be deemed to have notice of and consented to the provisions of this <u>Section 13.2</u>.

IN WITNESS WHEREOF, the undersigned has executed this Amended and Restated Certificate of Incorporation as of this [●]$^{th}$ day of July, 2024.

<div style="margin-left:40%">

CALAMP WIRELESS NETWORKS
CORPORATION


_____
Name:
Title:

</div>

**EXHIBIT E-4**

**Amended and Restated Bylaws of CalAmp Wireless Networks Corporation**

**AMENDED AND RESTATED BYLAWS**
**of**
**CALAMP WIRELESS NETWORKS CORPORATION**

*(Effective as of July [●], 2024)*

**ARTICLE I**
**OFFICES**

1.　　Business Offices. The Corporation may have one or more offices at such place or places, either within or outside the State of Delaware, as the board of directors (the "***Board***") may from time to time determine or as the business of the Corporation may require.

2.　　Registered Office. The registered office of the Corporation shall be as set forth in the Amended and Restated Certificate of Incorporation of the Corporation (as amended from time to time, the "***Certificate of Incorporation***"), unless changed as provided by the provisions of the Delaware General Corporation Law (as amended from time to time, the "***DGCL***").

**ARTICLE II**
**STOCKHOLDERS MEETINGS**

1.　　Annual Meetings. An annual meeting of stockholders of the Corporation for the election of directors shall be held in each year beginning in 2025, on such date and at such time as the Board shall designate, at which the stockholders entitled to vote thereon shall elect directors of the Corporation, each to serve for a term ending immediately after the next annual meeting of stockholders or until their earlier death, resignation, retirement, disqualification, removal or incapacity, and shall transact such other business as may properly come before the meeting.

2.　　Special Meetings. Special meetings of stockholders may be called at any time by (i) the Chairperson of the Board, (ii) the Board pursuant to a resolution adopted by a majority of the Board or (iii) the Secretary of the Corporation upon the written request (which shall be delivered to and received by the Secretary of the Corporation and shall state the purpose or purposes therefor) of the holders of shares representing not less than a majority of the total voting power of all shares entitled to vote on any issue proposed to be considered at the meeting (such meeting called upon the written request of the stockholders, a "***Stockholder-Requested Meeting***"). The record date for determining the stockholders entitled to request a special meeting shall be the date of the earliest of any of the requests pursuant to which the meeting is called or such later date as may be required in order to comply with applicable law.  A Stockholder-Requested Meeting shall be held no later than the later of (i) the date designated by the requesting stockholders for such special meeting and (ii) sixty (60) days after the date on which requests for the special meeting shall have been received by the Secretary of the Corporation from the holders of shares representing a majority of the total voting power of all shares entitled to vote on the proposed issue.

　　Business transacted at any special meeting of stockholders shall be limited to the purpose or purposes stated in the notice described in Section 4 of this Article II.

3.      <u>Place of Meetings</u>. Meetings of stockholders may be held (i) at any place within or outside the State of Delaware designated by the Board, or (ii) if the Board so determines, by means of remote communication. Any stockholder participating in a meeting by remote communication is deemed to be present in person at the meeting. In the absence of any such designation by the Board, stockholder meetings shall be held at the principal place of business of the Corporation.

4.      <u>Notice of Meetings</u>. Not less than ten (10) or more than sixty (60) days prior to each annual or special meeting of the Corporation's stockholders, written notice of the meeting shall be given to each stockholder entitled to vote at such meeting; <u>provided</u>, <u>however</u>, that if greater notice is required by the DGCL, the provisions of the DGCL shall govern. Notices shall be delivered by (i) personal delivery, (ii) mail, postage prepaid, (iii) nationally recognized overnight or other express courier service with next-business day delivery guaranteed, (iv) confirmed facsimile, or (v) other means of electronic transmission to the extent permitted under Section 116 of the DGCL (or any successor statute; "***DGCL Section 116***"). All notices shall be effective and shall be deemed delivered (v) if by personal delivery, when delivered, (w) if by mail, on the third day after deposit in the mail, addressed to the stockholder at the address of such stockholder appearing in the records of the Corporation, (x) if by courier service, on the next business day after deposit with such service of a notice addressed to the stockholder at the address of such stockholder appearing in the records of the Corporation, (y) if by facsimile, when sent to the party to be notified at its facsimile number set forth in the stock records of the Corporation, and (z) if by other means of electronic transmission, as determined by DGCL Section 116. The notice of any meeting shall state the place, if any, date and time of the meeting. The notice of a special meeting shall, in addition, state the purposes of the meeting. Attendance or participation by a stockholder at a meeting of the Corporation's stockholders shall be deemed a waiver of objection to lack of required notice or defective notice of the meeting, unless the stockholder, at the beginning of the meeting or promptly upon such stockholder's later arrival, expressly objects to holding the meeting or transacting business at the meeting because of lack of notice or defective notice, and does not thereafter vote for or assent to action taken at the meeting.

5.      <u>Stockholders List</u>. A complete record of the stockholders entitled to vote at each meeting (or an adjourned meeting described in <u>Section 9</u> of this <u>Article II</u>), arranged in alphabetical order, showing the address of each stockholder and the number of shares of Common Stock registered in the name of such stockholder, shall be prepared by the officer or agent of the Corporation who has charge of the stock transfer books of the Corporation. Such record of stockholders shall be available for inspection by any stockholder beginning on the earlier of ten (10) days before the meeting or two (2) days after notice is given and continuing through the meeting and any adjournment thereof, subject to the requirements of the DGCL, either on a reasonably accessible electronic network, provided that the information required to gain access to such network is provided with the notice of the meeting, or during normal business hours at the principal place of business of the Corporation. Such record of stockholders shall also be produced and kept at the time and place of the meeting during the whole time thereof and shall be subject to inspection for any purpose germane to the meeting by any stockholder who may be present.

6.      <u>Organization</u>. The Chairperson of the Board or, in the Chairperson's absence, the President (or, in the President's absence, any Vice President) shall call meetings of stockholders to order and act as chairperson of such meetings. In the absence of said officers, any stockholder entitled to vote at the meeting, or any proxy of any such stockholder, may call the meeting to order

and a chairperson shall be elected by a majority of the stockholders present and entitled to vote at the meeting. The Secretary or any Assistant Secretary of the Corporation or any person appointed by the chairperson may act as secretary of such meetings.

7.      Fixing Record Date. Subject to the provisions of Section 2 of this Article II, the Board may fix in advance a date as a record date for the determination of the stockholders entitled to a notice of or to vote at any meeting of stockholders or any adjournment thereof or to express consent (or dissent) to corporate action in writing without a meeting, or entitled to receive payment of any dividend or other distribution or allotment of rights in respect of any change, conversion or exchange of stock or for the purpose of any other lawful action. Such record date shall not be more than sixty (60) nor less than ten (10) days before the date of such meeting, nor more than ten (10) days prior to any other action to which the same relates. Only such stockholders as shall be stockholders of record on the date so fixed shall be so entitled with respect to the matter to which the same relates. If the Board shall not fix a record date as above provided, and if the Board shall not for such purpose close the stock transfer books as provided by statute, then the record date shall be established by applicable law.

8.      Agenda and Procedure. The Board shall have the responsibility of establishing an agenda for each meeting of stockholders, subject to the rights of stockholders, in compliance with Section 13 of this Article II, to raise matters for consideration which may otherwise properly be brought before an annual meeting although not included within the agenda. The chairperson shall be charged with the orderly conduct of all meetings of stockholders.

9.      Quorum. Unless otherwise provided in the Certificate of Incorporation, these Bylaws, the DGCL or other applicable law, at any annual or special meeting of stockholders, the holders of shares representing a majority of the voting power of the then-issued and outstanding shares entitled to vote on a matter at the meeting, either present in person or represented by proxy, shall constitute a quorum with respect to action on such matter, and action may be taken with respect to any matter presented at the meeting only if a quorum exists with respect to such matter. However, in the absence of a quorum at any meeting of stockholders, the holders of shares representing a majority of the voting power of the then-issued and outstanding shares that are present in person or represented by proxy at the meeting and are entitled to vote on one or more matters at the meeting may adjourn the meeting from time to time without further notice (except as provided in Section 10 of this Article II) until a quorum shall be present or represented.

10.     Adjournment. When a meeting for any reason is adjourned to another time or place, notice need not be given of the adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting, any business may be transacted which might have been transacted at the original meeting. However, if the adjournment is for more than thirty (30) days from the date of the original meeting, or if after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

11.     Voting.

(a)      Except as otherwise required by law or otherwise provided in the Certificate of Incorporation or these Bylaws, (i) at every meeting of stockholders (or with respect to corporate

3

action which may be taken without a meeting), every holder of record of stock of the Corporation entitled to vote on any matter at such meeting shall be entitled, with respect to such matter, to such number of votes for each share of such stock held of record by such stockholder on the record date designated therefor pursuant to Article II, Section 7 of these Bylaws (or the record date established pursuant to applicable law in the absence of such designation) as provided in the Certificate of Incorporation or, if not so provided, one (1) vote for each share of such stock held of record as aforesaid, (ii) whenever directors are to be elected by vote of stockholders, they shall be elected in accordance with the provisions of Article III, Section 2 of these Bylaws and (iii) whenever any corporate action, other than the election of directors, is to be taken by vote of stockholders, such corporate action shall be authorized by the affirmative vote of holders of a majority of the shares of Common Stock present in person or represented by proxy and entitled to vote with respect to such corporate action or as otherwise may be required by the Certificate of Incorporation, applicable law or the rules and regulations of any national securities exchange on which the shares of the Corporation are then listed for trading.

(b)    At any meeting of stockholders, a stockholder may vote the stockholder's shares either in person or by proxy. A stockholder may appoint a proxy in person or through an attorney-in-fact and such appointment may be transmitted in any manner permitted by the DGCL. The appointment of a proxy shall be effective for eleven (11) months from the date of such appointment unless a different period is expressly specified in the appointment form.

(c)    The voting rights of fiduciaries, beneficiaries, pledgors, pledgees and joint, common and other multiple owners of shares of stock shall be as provided from time to time by the DGCL and any other applicable law.

(d)    Shares of the Corporation held of record by another corporation or other entity that are entitled to vote may be voted by such officer, agent or proxy as the bylaws or similar charter document of such other corporation or other entity may prescribe, or, in the absence of such provision, as the board of directors or similar body of such other corporation or entity may determine.

12.    Inspectors. The chairperson of the meeting may at any time appoint one or more inspectors to serve at a meeting of the stockholders. Such inspectors shall decide upon the qualifications of voters, including the validity of proxies, accept and count the votes for and against the questions presented, report the results of such votes, and subscribe and deliver to the secretary of the meeting a certificate stating the number of shares of stock issued and outstanding and entitled to vote thereon and the number of shares voted for and against the questions presented. The voting inspectors need not be stockholders of the Corporation, and any director or officer of the Corporation may be an inspector on any question other than a vote for or against such director's or officer's election to any position with the Corporation or on any other question in which such officer or director may be directly interested.

13.    Notice of Stockholder Business and Nominations.

(a)    Nominations of persons for election to the Board and the proposal of other business to be considered by the stockholders may be made at an annual meeting of stockholders only (i) pursuant to the Corporation's notice of meeting (or any supplement thereto)

4

delivered pursuant to Section 4 of Article II of these Bylaws or (ii) by or at the direction of the Board or any authorized committee thereof.

(b)    Only such business (including the election of specific individuals to fill vacancies or newly created directorships on the Board) shall be conducted at a special meeting of stockholders as shall have been brought before the meeting pursuant to the Corporation's notice of meeting.  At any time that stockholders are not prohibited from filling vacancies or newly created directorships on the Board, nominations of persons for the election to the Board to fill any vacancy or unfilled newly created directorship may be made at a special meeting of stockholders at which any proposal to fill any vacancy or unfilled newly created directorship is to be presented to the stockholders by or at the direction of the Board or any committee thereof.

14.    Action by Written Consent.  Any action required or permitted to be taken at an annual or special meeting of the stockholders of the Corporation may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum voting power that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted.  Anything to the contrary in these Bylaws notwithstanding, such action by written consent shall be governed in all respects by Section 211 of the DGCL, as it may be amended, or any successor statute.

## ARTICLE III
## BOARD OF DIRECTORS

1.    Management of the Corporation.  The business and affairs of the Corporation shall be managed by the Board.

2.    Election and Term.

(a)    Directors shall be elected at the annual meetings of stockholders or special meetings of stockholders called for such purpose.  Each director shall be elected to serve and to hold office until the next succeeding annual meeting of stockholders and until such director's successor shall be elected and shall qualify, or until such director's earlier death, resignation, retirement, disqualification, removal or incapacity.

(b)    The election of a director shall require the affirmative vote of a majority of the votes cast by stockholders of record present in person or by proxy.

(c)    Notwithstanding the foregoing, the initial directors of the Corporation shall be appointed in accordance with the Plan[1].

3.    Number and Qualification.

---

[1] As used in these Bylaws, "Plan" means the [Amended] Joint Prepackaged Chapter 11 Plan of Reorganization of CalAmp Corp. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code filed in the jointly administered chapter 11 cases of CalAmp Corp. and certain of its direct and indirect affiliates, as debtors and debtors in possession [In re CalAmp Corp., et al., Main Case No. 24-11136 (LSS);ECF No. [__]] (as amended, modified or supplemented from time to time).

(a)      The Board shall at all times consist of no fewer than one (1) director and no more than three (3) directors.  The total number of directors constituting the Board shall be determined from time to time exclusively by resolution adopted by a majority vote of the directors then in office.  The Board shall initially be comprised of one (1) director.

(b)      Directors must be natural persons at least eighteen (18) years of age but need not be stockholders.

4.      <u>Annual Meetings</u>.  Immediately following each annual stockholders meeting, the Board shall meet for the purpose of organization, election of officers and the transaction of any other business.

5.      <u>Regular Meetings</u>. Regular meetings of the Board shall be held at such time or times as may be determined by the Board and specified in the notice of such meetings.

6.      <u>Special Meetings</u>. Special meetings of the Board may be called (i) by the Chairperson of the Board or (ii) on the written request of any two (2) directors.

7.      <u>Place of Meetings</u>. Meetings of the Board may be held at such place or places as shall from time to time be determined by the Board and as shall be designated in the notice of the meeting. If no other place is designated in the notice of the meeting, such meeting shall be held at the Corporation's principal executive offices.

8.      <u>Notice of Meetings</u>. Notice of each meeting of directors, whether annual, regular or special, shall be given to each director (unless such notice is waived by such director as provided in <u>Section 10</u> of this <u>Article III</u>).  Each such notice shall be given no later than two (2) business days prior to the respective meeting. The notice shall state the date and time thereof, but need not, unless otherwise required by the DGCL, state the purposes of the meeting.

9.      <u>Meetings by Telecommunication</u>. One or more members of the Board or any committee designated by the Board may hold or participate in a meeting of the Board or such committee through the use of any means of conference telephone or other communication equipment by means of which all persons participating can hear each other at the same time. Any director participating in a meeting by any such means of communication is deemed to be present in person at the meeting.

10.      <u>Waiver of Notice of Meeting</u>.  A director may waive any notice of a meeting of directors, whether before or after the date or time stated in the notice as the date or time when any action will occur or has occurred. Attendance or participation by a director at a meeting of the Board shall be deemed a waiver of objection to lack of required notice or defective notice of the meeting, unless the director, at the beginning of the meeting or promptly upon his or her later arrival, expressly objects to holding the meeting or transacting business at the meeting because of lack of notice or defective notice, and does not thereafter vote for or assent to action taken at the meeting.

11.      <u>Quorum; Acts of the Board</u>. A majority of the number of directors fixed by or in accordance with <u>Section 3</u> of this <u>Article III</u> that are entitled to vote shall constitute a quorum at all meetings of the Board. In the absence of a quorum at any such meeting, a majority of the

directors present and entitled to vote may adjourn the meeting from time to time without further notice, other than announcement at the meeting, until a quorum shall be present.

The vote of a majority of the directors present and entitled to vote at a meeting at which a quorum is present shall be the act of the Board, unless the express provision of applicable law, the Certificate of Incorporation or these Bylaws requires a greater vote, in which case such express provision shall govern and control.

12.    <u>Organization, Agenda and Procedure</u>. The Chairperson of the Board or, if the Chairperson of the Board is not present, another director chosen by the directors present at such meeting shall preside over the meetings of the Board. The Secretary, any Assistant Secretary, or any other person appointed by the Chairperson of the Board shall act as secretary of each meeting of the Board. The agenda of and procedure for such meetings shall be as determined by the Board.

13.    <u>Action by Written Consent</u>.  Any action required or permitted to be taken at any meeting of the Board, or any committee thereof, may be taken without a meeting if all members of the Board or committee, as the case may be, consent thereto in writing, and the writing or writings are filed with the minutes of proceedings of the Board or committee. Such action shall be effective as of the time the last director signs a writing describing the action taken unless before such time the Secretary has received a written revocation of the consent of any other director, and any action so taken shall be effective at the time taken unless the directors specify a different effective time.

14.    <u>Resignation</u>. Any director of the Corporation may resign at any time by giving written notice of such director's resignation to the Board and the Secretary of the Corporation. Such resignation shall take effect at the date of receipt of such notice or at any later time specified therein or the effective date determined upon the happening of an event or events.  Unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

15.    <u>Removal</u>. Any director may be removed from office at any time, with or without cause, upon the affirmative vote of holders of at least a majority of the then-issued and outstanding shares of capital stock of the Corporation entitled to vote in the election of directors, voting together as a single class.

No officer of the Corporation shall be appointed or nominated by the Board to serve as a director unless such officer shall deliver to the Corporation a conditional resignation as director that shall become effective if and when the employment of such officer is terminated, unless the Board otherwise determines.

16.    <u>Vacancies</u>. Any vacancies in the Board resulting from an increase in the number of directors and any vacancies on the Board resulting from death, resignation, retirement, disqualification, removal from office, incapacity or other cause, shall be filled within ninety (90) days by a majority vote of the remaining directors then in office (even if less than a quorum), or by a sole remaining director.

Any director(s) so chosen shall hold office until their respective successors are duly elected at the next annual meeting of stockholders, subject, however, to such director's earlier death, resignation, retirement, disqualification, removal from office or incapacity.

17.    <u>Committees</u>.  The Board may, by resolution passed by a majority of the directors then in office, designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  Any such committee, to the extent provided in the resolution of the Board establishing such committee, shall have and may exercise all the powers and authority of the Board in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers that may require it.  Each committee of the Board may fix its own rules of procedure and shall hold its meetings as provided by such rules, except as may otherwise be provided by a resolution of the Board designating such committee.  Unless otherwise provided in such a resolution, the presence of at least a majority of the members of the committee (but not including any alternate member, unless such alternate member has replaced any absent or disqualified member at the time of, or in connection with, such meeting) shall be necessary to constitute a quorum, and all matters shall be determined by a majority vote of the members present at a meeting of the committee at which a quorum is present.  Each committee shall keep regular minutes of its meetings and report the same to the Board when required.

18.    <u>Compensation of Directors</u>. Each non-employee director shall be paid annual or other compensation as determined by the Board, including for attendance at meetings of the Board and its committees.  Directors shall also be entitled to reimbursement for the reasonable and documented expenses incurred in connection with the performance of their responsibilities as directors (including, but not limited to, expenses incurred in attending meetings of the Board).  Nothing herein contained shall be construed to preclude any director from serving the Corporation in any other capacity, or any of its subsidiaries in any other capacity, and receiving proper compensation therefor.

19.    <u>Observation Rights</u>. Unless otherwise determined by the Board, no party will have observation rights with respect to the Board.

## ARTICLE IV
## OFFICERS

1.    <u>Election and Tenure</u>. The officers of the Corporation shall include a Chief Executive Officer and a Secretary and may include a Chairperson of the Board, a President, a Chief Financial Officer, one or more Vice Presidents (the number thereof and their respective titles to be determined by the Board), a Treasurer and such other officers as may be determined by the Board, each of whom shall be appointed annually, or otherwise from time to time (including upon the occurrence of a vacancy), by the Board. The Board may also designate and appoint such other officers and assistant officers as may be deemed necessary. The Board may expressly delegate to any such officer the power to appoint or remove subordinate officers, agents or employees. Any two or more offices may be held by the same person. Each officer so appointed shall continue in office until such officer's successor is elected and qualified or until the officer's earlier death,

resignation, retirement, disqualification, removal or incapacity. Each officer shall be a natural person who is eighteen years of age or older.

2. <u>Resignation, Removal and Vacancies</u>. Any officer may resign at any time by giving written notice of resignation to the Board. Such resignation shall take effect when the notice is received by the Corporation unless the notice specifies a later date, and acceptance of the resignation shall not be necessary to render such resignation effective unless such resignation so states. An officer appointed to fill a vacancy shall be appointed for the unexpired term of such officer's predecessor in office or as otherwise determined by the Board upon such appointment. The appointment of an officer shall not itself create contract rights in favor of the officer, the removal of an officer shall not affect the officer's contract rights, if any, with the Corporation, and the resignation of an officer does not affect the Corporation's contract rights, if any, with the officer.

3. <u>Chairperson of the Board</u>. The Chairperson of the Board shall, subject to <u>Article II</u>, <u>Section 6</u> and <u>Article III</u>, <u>Section 12</u> of these Bylaws, preside over the meetings of stockholders and meetings of the Board, and shall have such powers and responsibilities as are incident thereto. The Chairperson of the Board may either be an Executive Chairperson of the Board or a Non-Executive Chairperson of the Board. An Executive Chairperson of the Board shall have general supervisory responsibility for the conduct of the business, affairs and operations of the Company, as is customary for an executive Chairperson of the board of a corporation. A Non-Executive Chairperson of the Board shall not have responsibility for the day-to-day business, affairs and operations of the Corporation.

4. <u>Chief Executive Officer</u>. The Chief Executive Officer (i) shall have such duties and responsibilities as are customary for the chief executive officer of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board.

5. <u>President</u>. The President (i) shall have such duties and responsibilities as are customary for the president of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board.

6. <u>Chief Financial Officer</u>. The Chief Financial Officer (i) shall have such duties and responsibilities as are customary for the chief financial officer of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board.

7. <u>Vice Presidents</u>. The Vice Presidents, if any, shall perform such duties and possess such powers as from time to time may be assigned to them by the Board.

8. <u>Secretary</u>. The Secretary (i) shall have such duties and responsibilities as are customary for the secretary of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board. Without limiting the foregoing, the Secretary shall give notice of all meetings of stockholders and the Board, prepare and maintain minutes of the meetings of the Board and meetings of stockholders, maintain other records and information of the Corporation, where required, authenticate records of the Corporation and maintain custody of the corporate seal of the Corporation and affix the same and attest to

documents, the execution of which on behalf of the Corporation is authorized by these Bylaws or by the action of the Board.

9.    <u>Treasurer</u>. The Treasurer (i) shall have such duties and responsibilities as are customary for the treasurer of a corporation; and (ii) shall have such other duties and responsibilities as may from time to time be assigned by the Board. Without limiting the foregoing, the Treasurer shall be responsible for all funds and securities of the Corporation; deposit funds of the Corporation in depositories selected in accordance with these Bylaws or otherwise approved by the Board; disburse such funds as ordered by the Board and make proper accounts thereof; and render as required by the Board statements of all such transactions as Treasurer and of the financial condition of the Corporation.

10.    <u>Assistant Secretaries and Assistant Treasurers</u>. The Assistant Secretaries and Assistant Treasurers, if any, shall perform such duties as shall be assigned to them by the Secretary or the Treasurer, respectively, or by the Board. In the absence, inability or refusal to act of the Secretary or the Treasurer, the Assistant Secretaries or Assistant Treasurers, respectively, in the order designated by the Board, or in the absence of any designation, then in the order of their election or appointment, shall perform the duties and exercise the powers of the Secretary or Treasurer, as the case may be.

11.    <u>Salaries</u>. Officers of the Corporation shall be entitled to such salaries, emoluments, compensation or reimbursement as shall be fixed or allowed from time to time by the Board in such manner as the Board shall provide.

## ARTICLE V
## INDEMNIFICATION AND INSURANCE

1.    <u>Indemnification</u>. The Corporation shall indemnify and advance (or if previously incurred, reimburse) expenses to the directors and officers of the Corporation to the extent provided in the Certificate of Incorporation, or if not so provided, to the maximum extent permitted by the DGCL. The Corporation may in its discretion, but is not obligated in any way to, indemnify and advance (or if previously incurred, reimburse) expenses to an employee, fiduciary or agent of the Corporation to the same extent as to a director or officer, provided such indemnification or advancement is not in violation of public policy.

2.    <u>Provisions Not Exclusive</u>. The foregoing provisions for indemnification, advancement and reimbursement of expenses are not exclusive, and the Corporation may at its discretion provide for indemnification, advancement or reimbursement of expenses in a resolution of its stockholders or the Board, or by contract.

3.    <u>Effect of Modification</u>. Any repeal or modification of the foregoing provisions of this Article for indemnification and advancement (or reimbursement) of expenses shall not affect adversely any right or protection stated in such provisions with respect to any act or omission occurring prior to the time of such repeal or modification.

4.    <u>Insurance</u>. The Corporation may purchase and maintain insurance on behalf of a person who is or was a director, officer, employee, fiduciary, or agent of the Corporation, or who, while a director, officer, employee, fiduciary, or agent of the Corporation, is or was serving at the

request of the Corporation as a director, officer, partner, trustee, employee, fiduciary or agent of another domestic or foreign corporation or other person or of an employee benefit plan, against liability asserted against or incurred by the person in that capacity or arising from his or her status as a director, officer, employee, fiduciary or agent, whether or not the Corporation would have the power to indemnify the person against the same liability under the DGCL.

5.    <u>Expenses as a Witness</u>. The Corporation may pay or reimburse expenses incurred by a director, officer, employee, fiduciary or agent in connection with an appearance as a witness in a proceeding at a time when he or she has not been made a named defendant or respondent in the proceeding.

## ARTICLE VI
## EXECUTION OF INSTRUMENTS; BORROWING; CHECKS AND ENDORSEMENTS; DEPOSITS

1.    <u>Execution of Instruments</u>. Any officer of the Corporation shall have the power to execute and deliver on behalf of and in the name of the Corporation any instrument requiring the signature of an officer of the Corporation, except as otherwise provided in these Bylaws or when the execution and delivery of the instrument shall be expressly delegated by the Board to some other officer or agent of the Corporation. Unless authorized to do so by these Bylaws or by the Board, or a committee designated by the Board, no officer, agent or employee shall have any power or authority to bind the Corporation in any way, to pledge its credit or to render it liable pecuniarily for any purpose or in any amount.

2.    <u>Checks and Endorsements</u>. All checks, drafts or other orders for the payment of money, obligations, notes or other evidences of indebtedness, bills of lading, warehouse receipts, trade acceptances and other such instruments shall be signed or endorsed for the Corporation by such officers or agents of the Corporation as shall from time to time be determined by resolution of the Board, or a committee designated by the Board. Any such signature or endorsement may be by facsimile or other electronic signatures to the extent permitted under DGCL Section 116, except as otherwise determined by the Board.

3.    <u>Deposits</u>. All funds of the Corporation not otherwise employed shall be deposited from time to time to the Corporation's credit in such banks or other depositories as shall from time to time be determined by resolution of the Board, or a committee designated by the Board, which resolution may specify the officers or agents of the Corporation who shall have the power, and the manner in which such power shall be exercised, to make such deposits and to endorse, assign and deliver for collection and deposit checks, drafts and other orders for the payment of money payable to the Corporation or its order.

## ARTICLE VII
## SHARES OF STOCK

1.    <u>Certificates of Stock</u>. The shares of the Corporation may, but need not, be represented by certificates.  If the shares are represented by certificates, such certificates shall be signed by the President and the Secretary or Treasurer, or any Assistant Secretary or Assistant Treasurer, or such other representatives of the Corporation as are designated by the Board;

provided, however, that where any such certificate is signed or countersigned by a transfer agent or registrar the signatures of such officers of the Corporation may be in facsimile or other electronic form to the extent permitted under DGCL Section 116. In case any officer of the Corporation who shall have signed, or whose facsimile or other electronic signature shall have been placed on, any certificate shall cease for any reason to be such officer before such certificate shall have been issued or delivered by the Corporation, such certificate may nevertheless be issued and delivered by the Corporation as though the person who signed such certificate, or whose facsimile or other electronic signature shall have been placed thereon, had not ceased to be such officer of the Corporation. Every certificate representing shares issued by the Corporation shall state the number of shares owned by the holder in the Corporation represented by such certificate, shall designate the class of stock to which such shares belong, and shall otherwise be in such form as is required by law and as the Board shall prescribe.

2.     Shares Without Certificates. The Board may authorize the issuance of any class or series of shares of the Corporation without certificates. Such authorization shall not affect shares already represented by certificates until they are surrendered to the Corporation, or its transfer agent. Within a reasonable time following the issue or transfer of shares without certificates, the Corporation shall send, or direct its transfer agent to send, the stockholder a complete written statement of the information required on certificates by Section 1 of this Article VII.

3.     Record. A record shall be kept of the name of each person or entity holding the stock represented by each certificate for shares issued by the Corporation, the number of shares represented by each such certificate, the date thereof and, in the case of cancellation, the date of cancellation. A record shall similarly be kept of shares without certificates.  The person or other entity in whose name shares of stock stand on the books of the Corporation shall be deemed the owner thereof, and thus a holder of record of such shares of stock, for all purposes as regards the Corporation, except as otherwise provided in these Bylaws or pursuant to applicable law.

4.     Transfer of Stock. Transfers of shares of the stock of the Corporation shall be made only on the books of the Corporation by the registered holder thereof, or by such registered holder's attorney thereunto authorized, and, in the case of shares represented by certificates, on the surrender of the certificate or certificates for such shares properly endorsed. The stock record book and other transfer records shall be in the possession of the Secretary or of a transfer agent for the Corporation.

5.     Transfer Agents and Registrars; Regulations. The Corporation, by resolution of the Board, shall from time to time appoint a transfer agent and a registrar, under such arrangements and upon such terms and conditions as the Board deems advisable, but until and unless the Board appoints some other person, firm or corporation as its transfer agent (and upon the revocation of any such appointment, thereafter until a new appointment is similarly made) the Secretary of the Corporation shall be the transfer agent of the Corporation without the necessity of any formal action of the Board, and the Secretary, or any person designated by the Secretary, shall perform all of the duties of such transfer agent. The Board may make such procedural rules and regulations as it may deem expedient and as are not inconsistent with the Certificate of Incorporation and these Bylaws, concerning the issue, transfer and registration of certificates for shares of the stock of the Corporation.

6.      <u>Lost, Destroyed or Mutilated Certificates</u>. In case of the alleged loss, destruction or mutilation of a certificate representing stock of the Corporation, a new certificate may be issued in place thereof, generally or in specific instances, in such manner and upon such terms and conditions as the Board may prescribe, and shall be issued in such situations as required by the DGCL.

## ARTICLE VIII
## FISCAL YEAR

The fiscal year of the Corporation shall be the year ending on December 31, unless another fiscal year is established by the Board.

## ARTICLE IX
## CORPORATE BOOKS AND RECORDS

1.      <u>Books and Records</u>. The books and records of the Corporation may be kept (subject to any provision contained in the DGCL or other applicable law) at such place or places as may be from time to time designated by the Board. The Corporation shall keep correct and complete books and records of account, including the amount of its assets and liabilities, and the minutes of its proceedings of its stockholders and Board and any committee of the Board.

2.      <u>Addresses of Stockholders</u>. Each stockholder shall furnish to the Secretary of the Corporation or the Corporation's transfer agent an address to which notices from the Corporation, including notices of meetings, may be directed and if any stockholder shall fail so to designate such an address, it shall be sufficient for any such notice to be directed to such stockholder at such stockholder's address last known to the Secretary or transfer agent.

## ARTICLE X
## AMENDMENTS

In addition to any approval required by law or the Certificate of Incorporation, the affirmative vote of holders of at least a majority of the voting power of the Corporation shall be required to amend these Bylaws; <u>provided</u>, <u>however</u>, that the Corporation may, in the Certificate of Incorporation, also confer the power to alter, amend or repeal these Bylaws upon the directors of the Corporation.

## ARTICLE XI
## DEFINITIONS

Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Certificate of Incorporation.

# EXHIBIT E-5

**Second Amended and Restated Limited Liability Company Agreement of
LoJack Global LLC**

# SECOND AMENDED AND RESTATED

# LIMITED LIABILITY COMPANY AGREEMENT

## OF

## LOJACK GLOBAL LLC

This Second Amended and Restated Limited Liability Company Agreement (this "***Agreement***") of LoJack Global LLC (the "***Company***"), is adopted and entered into by CalAmp Wireless Networks Corporation, a Delaware corporation and the sole member of the Company (the "***Member***"), this [●] day of July, 2024 (the "***Effective Date***").

## RECITALS

**WHEREAS**, the Company was formed on November 18, 2002 as a limited liability company by the filing of the Certificate of Formation (the "***Certificate***") with the Secretary of State of the State of Delaware in accordance with and pursuant to the Delaware Limited Liability Company Act (6 <u>Del. C.</u> § § 18-101 <u>et seq.</u>), as amended from time to time (the "***Delaware Act***");

**WHEREAS**, on November 18, 2002, LoJack Corporation, the initial sole member, entered into a limited liability company agreement (the "***Initial Agreement***");

**WHEREAS**, on December 31, 2018, LoJack Corporation merged with and into the Member;

**WHEREAS**, on October 15, 2019, the Member and the Company amended and restated the Initial Agreement and entered into an amended and restated limited liability company agreement (the "***A&R Agreement***");

**WHEREAS**, the Company and certain affiliated companies (the "***Debtors***") were debtors and debtors in possession in those certain jointly administered bankruptcy cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "***Bankruptcy Code***"), in the United States Bankruptcy Court for the District of Delaware, filed on June 3, 2024, [*In re CalAmp Corp. et al.,* Main Case No. 24-11136 (LSS)];

**WHEREAS**, the Debtors determined that the value of their estates would best be maximized and preserved through a reorganization under chapter 11 of the Bankruptcy Code and, on June 3, 2024, filed their Joint Prepackaged Chapter 11 Plan of Reorganization (as amended, supplemented or otherwise modified in accordance with the terms thereof, the "***Plan***"); and

**WHEREAS**, the Member desires to enter into this Agreement for the purpose of (i) amending and restating the A&R Agreement in its entirety and (ii) governing the affairs of, and the conduct of the business of, the Company, pursuant to the terms set forth in the Plan, in each case, as of and after the Effective Date.

**NOW, THEREFORE**, in consideration of the premises and mutual covenants contained herein, the parties agree as follows:

1.  **Formation**.  On November 18, 2002, the Certificate was filed in the office of the Secretary of State of the State of Delaware in accordance with and pursuant to the Delaware Act.

2.  **Name**.  The name of the Company is LoJack Global LLC.  The business of the Company shall be conducted under such name or such other names that comply with applicable law as the Member may from time to time deem necessary or desirable.

3.  **Purpose and Powers**.  The purpose of the Company shall be to engage in any lawful business or activity for which limited liability companies may be formed under the Delaware Act.  The Company shall possess and may exercise all of the powers and privileges granted by the Delaware Act or by any other law or by this Agreement, together with any powers incidental thereto, so far as such powers and privileges are necessary or convenient to the conduct, promotion or attainment of the purpose of the Company.

4.  **Registered Office and Registered Agent**.  The address of the registered office of the Company in the State of Delaware is c/o Paracorp Incorporated, 2140 S. DuPont Highway, Camden, Delaware, County of Kent, 19934, and the name of the registered agent of the Company for service of process on the Company at such address is Paracorp Incorporated.

5.  **Member**.  The Member shall have the sole limited liability company interest (as defined in the Delaware Act) in the Company (the "***Interest***") and the respective other rights, powers, duties and obligations provided in the Delaware Act, except, to the extent permitted by the Delaware Act, as otherwise provided herein.

6.  **Officers**.  The Member may, from time to time, appoint and elect (as well as remove or replace with or without cause), as it deems necessary, one or more officers with such titles as may be designated by the Member to act in the name of the Company with such authority as may be delegated to such officers by the Member (each such designated person, an "***Officer***").  Any Officer shall act pursuant to such delegated authority until such Officer is removed by the Member.  Any action taken by an Officer designated by the Member pursuant to authority delegated to such Officer shall constitute the act of and serve to bind the Company.  Persons dealing with the Company are entitled to rely conclusively on the power and authority of any Officer set forth in this Agreement and any instrument designating such Officer and the authority delegated to him or her.

7.  **Qualification in Other Jurisdictions**.  The Member shall, or cause an Officer of the Company to, execute, deliver and file any certificates or documents (and any amendments and/or restatements thereof) necessary for the Company to qualify to do business in any jurisdiction in which the Company may wish to conduct business.

8.  **Capital Contribution**.  The Member may make from time to time, but is not required to make, capital contributions to the Company as the Member shall determine.

9.      **Tax Election**.  So long as the Member holds all of the economic interest in the Company, the Member shall be treated as a disregarded entity for U.S. federal and state income tax purposes, and all of the tax items of the Company shall be taxed to the Member.

10.     **Management by Member**.  The management and control of the Company shall be vested entirely in the Member.  The Member shall have all the rights and powers that are conferred by law or are otherwise necessary, advisable or convenient to the discharge of the Member's duties and to the management of the business and affairs of the Company.  No person or entity dealing with the Company shall have any obligation to inquire into the power or authority of the Member acting for such purposes on behalf of the Company.

11.     **Transfer of Interest; Admission of Additional Members**.  The Member may assign its Interest in whole or in part at any time.  Upon assignment of the Member's entire Interest to a transferee in compliance with this Section 11, the transferee shall automatically be deemed admitted to the Company as a substituted member of the Company, the Member shall simultaneously be deemed to have resigned from the Company as a member of the Company, and the Company shall continue without dissolution (and all applicable references herein to the "Member" shall be read as references to the transferee as the substituted member of the Company).  One or more additional members of the Company may be admitted to the Company with the consent of the Member.  Upon the admission to the Company of any additional member(s), the members of the Company shall cause this Agreement to be amended and restated to reflect the admission of such additional member(s) and the initial capital contribution, if any, of such additional member(s), and to include such other provisions as the members may agree to reflect the change of status of the Company from a single member limited liability company to a limited liability company with two or more members and to include such other provisions as agreed by the parties.

12.     **Resignation of Members; Events of Bankruptcy**.  Except as provided in the mandatory provisions of the Delaware Act and pursuant to the second sentence of Section 11, no right is given to any member of the Company to resign from the Company.  The Member shall not cease to be a member of the Company upon the happening of any of the events specified in Section 18-304 of the Delaware Act.

13.     **Dissolution and Term of the Company**.  The Company shall dissolve upon any act or event causing the dissolution of the Company under the Delaware Act, unless, if permitted by the Delaware Act, the Company is continued in accordance with the Delaware Act.  Subject to an earlier dissolution as described in the preceding sentence, the Company shall have a perpetual existence.

14.     **Limitation of Liability and Indemnification of Member**.

(a)     Except as otherwise required by the Delaware Act, the Member shall not be liable for the debts, obligations or liabilities of the Company, whether arising in contract, tort, or otherwise, solely by reason of being a member of the Company.

(b)     The Member shall not be liable to the Company or to any other member of the Company or other person or entity who may become a party to or bound by this Agreement for

3

any breach of this Agreement or of any duties (including fiduciary duties) arising under or in connection with this Agreement or the Company other than for any act or omission that constitutes a bad faith violation of the implied contractual covenant of good faith and fair dealing.

(c)     To the fullest extent permitted by applicable law, the Company shall (i) indemnify and hold harmless any person or entity and such person's or entity's executors, administrators, heirs, legal representatives, successors and assigns (each, a "***Covered Person***") who was or is a party or was or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such person or entity is or was a Member, manager or Officer of the Company or is or was serving at the request of the Company as a member, manager, director or officer of another corporation, limited liability company, partnership, joint venture, trust or other enterprise, domestic or foreign, against all expenses, attorneys' fees, court costs, judgments, fines, amounts paid in settlement and other losses (collectively "***Losses***") incurred or suffered by such Covered Person in connection with such action, suit or proceeding; *provided*, *however*, that the Company shall not be obligated to indemnify a Covered Person for any such Losses if a court of competent jurisdiction, in a judgment that has become final and nonappealable, shall have determined that the acts or omissions of such Covered Person constituted willful misconduct, bad faith or gross negligence and (ii) advance expenses incurred by such Covered Person in defending or otherwise participating in such action, suit or proceeding in advance of its final disposition to the fullest extent permitted by applicable law upon receipt of an undertaking by the Covered Person to repay such amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal that such Covered Person is not entitled to be indemnified by the Company for such expenses under this <u>Section 14</u> or otherwise.

15.     **Amendment**.   This Agreement may be amended by the Member; *provided*, *however*, that any amendment to this Agreement must be in writing and signed by the Member.

16.     **Governing Law**.   This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to any choice of law principles.   The Member hereby consents to (i) the non-exclusive jurisdiction of the courts of the State of Delaware, and (ii) service of process by mail.

17.     **Severability**.   The provisions of this Agreement will be deemed severable and the invalidity or unenforceability of any provision will not affect the validity or enforceability of the other provisions hereof; *provided*, *however*, that if any provision of this Agreement, as applied to any party or to any circumstance, is judicially determined not to be enforceable in accordance with its terms, the court judicially making such determination may modify the provision in a manner consistent with its objectives such that it is enforceable, and/or to delete specific words or phrases, and in its modified form, such provision will then be enforceable and will be enforced.

**[Remainder of Page Intentionally Left Blank]**

IN WITNESS WHEREOF, the undersigned party has executed this Second Amended and Restated Limited Liability Company Agreement as of the date first written above.

**SOLE MEMBER:**

**CALAMP WIRELESS NETWORKS CORPORATION**

By: _____
Name:
Title:

## EXHIBIT E-6

**Limited Liability Company Agreement of Synovia Solutions LLC**

## LIMITED LIABILITY COMPANY AGREEMENT

### OF

### SYNOVIA SOLUTIONS LLC

This Limited Liability Company Agreement (this "***Agreement***") of Synovia Solutions LLC (the "***Company***"), is adopted and entered into by CalAmp Wireless Networks Corporation, a Delaware corporation and the sole member of the Company (the "***Member***"), this [●] day of July, 2024 (the "***Effective Date***").

### RECITALS

**WHEREAS**, the Company was formed on September 5, 2012 as a limited liability company by the filing of the Articles of Organization (the "***Articles of Organization***") with the Secretary of State of the State of Indiana in accordance with and pursuant to the Indiana Business Flexibility Act, as amended from time to time (the "***Indiana Act***");

**WHEREAS**, on the date hereof, the Company has been converted into a Delaware limited liability company (the "***Conversion***") pursuant to and in accordance with the Delaware Limited Liability Company Act (6 Del. C. § 18-101 et seq.), as amended from time to time (the "***Delaware Act***");

**WHEREAS**, the Company and certain affiliated companies (the "***Debtors***") were debtors and debtors in possession in those certain jointly administered bankruptcy cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "***Bankruptcy Code***"), in the United States Bankruptcy Court for the District of Delaware, filed on June 3, 2024, [*In re CalAmp Corp. et al.,* Main Case No. 24-11136 (LSS)];

**WHEREAS**, the Debtors determined that the value of their estates would best be maximized and preserved through a reorganization under chapter 11 of the Bankruptcy Code and, on June 3, 2024, filed their Joint Prepackaged Chapter 11 Plan of Reorganization (as amended, supplemented or otherwise modified in accordance with the terms thereof, the "***Plan***"); and

**WHEREAS**, the Member desires to enter into this Agreement for the purpose of governing the affairs of, and the conduct of the business of, the Company, pursuant to the terms set forth in the Plan, in each case, as of and after the Effective Date.

**NOW, THEREFORE**, in consideration of the premises and mutual covenants contained herein, the parties agree as follows:

### AGREEMENT

1.    **Formation and Continuation**.    On September 5, 2012, the Articles of Organization were filed in the office of the Secretary of State of the State of Indiana in accordance with and pursuant to the Indiana Act.  Effective as of and following the Conversion, the Company shall continue without dissolution in the form of a Delaware limited liability

company governed by this Agreement, and, in accordance with Section 18-214 of the Delaware Act, the Company shall constitute a continuation of the existence of the Company prior to the Conversion in the form of a Delaware limited liability company and, for all purposes of the laws of the State of Delaware, shall be deemed to be the same entity as the Company prior to the Conversion.

2.    **Name**.  The name of the Company is Synovia Solutions LLC.  The business of the Company shall be conducted under such name or such other names that comply with applicable law as the Member may from time to time deem necessary or desirable.

3.    **Purpose and Powers**.  The purpose of the Company shall be to engage in any lawful business or activity for which limited liability companies may be formed under the Delaware Act.  The Company shall possess and may exercise all of the powers and privileges granted by the Delaware Act or by any other law or by this Agreement, together with any powers incidental thereto, so far as such powers and privileges are necessary or convenient to the conduct, promotion or attainment of the purpose of the Company.

4.    **Registered Office and Registered Agent**.  The address of the registered office of the Company in the State of Delaware is c/o Paracorp Incorporated, 2140 S. DuPont Highway, Camden, Delaware, County of Kent, 19934, and the name of the registered agent of the Company for service of process on the Company at such address is Paracorp Incorporated.

5.    **Member**.  The Member shall have the sole limited liability company interest (as defined in the Delaware Act) in the Company (the "***Interest***") and the respective other rights, powers, duties and obligations provided in the Delaware Act, except, to the extent permitted by the Delaware Act, as otherwise provided herein.

6.    **Officers**.  The Member may, from time to time, appoint and elect (as well as remove or replace with or without cause), as it deems necessary, one or more officers with such titles as may be designated by the Member to act in the name of the Company with such authority as may be delegated to such officers by the Member (each such designated person, an "***Officer***").  Any Officer shall act pursuant to such delegated authority until such Officer is removed by the Member.  Any action taken by an Officer designated by the Member pursuant to authority delegated to such Officer shall constitute the act of and serve to bind the Company.  Persons dealing with the Company are entitled to rely conclusively on the power and authority of any Officer set forth in this Agreement and any instrument designating such Officer and the authority delegated to him or her.

7.    **Qualification in Other Jurisdictions**.  The Member shall, or cause an Officer of the Company to, execute, deliver and file any certificates or documents (and any amendments) and/or restatements thereof) necessary for the Company to qualify to do business in any jurisdiction in which the Company may wish to conduct business.

8.    **Capital Contribution**.  The Member may make from time to time, but is not required to make, capital contributions to the Company as the Member shall determine.

9.      **Tax Election**.  So long as the Member holds all of the economic interest in the Company, the Member shall be treated as a disregarded entity for U.S. federal and state income tax purposes, and all of the tax items of the Company shall be taxed to the Member.

10.     **Management by Member**.  The management and control of the Company shall be vested entirely in the Member.  The Member shall have all the rights and powers that are conferred by law or are otherwise necessary, advisable or convenient to the discharge of the Member's duties and to the management of the business and affairs of the Company.  No person or entity dealing with the Company shall have any obligation to inquire into the power or authority of the Member acting for such purposes on behalf of the Company.

11.     **Transfer of Interest; Admission of Additional Members**.  The Member may assign its Interest in whole or in part at any time.  Upon assignment of the Member's entire Interest to a transferee in compliance with this Section 11, the transferee shall automatically be deemed admitted to the Company as a substituted member of the Company, the Member shall simultaneously be deemed to have resigned from the Company as a member of the Company, and the Company shall continue without dissolution (and all applicable references herein to the "Member" shall be read as references to the transferee as the substituted member of the Company).  One or more additional members of the Company may be admitted to the Company with the consent of the Member.  Upon the admission to the Company of any additional member(s), the members of the Company shall cause this Agreement to be amended and restated to reflect the admission of such additional member(s) and the initial capital contribution, if any, of such additional member(s), and to include such other provisions as the members may agree to reflect the change of status of the Company from a single member limited liability company to a limited liability company with two or more members and to include such other provisions as agreed by the parties.

12.     **Resignation of Members; Events of Bankruptcy**.  Except as provided in the mandatory provisions of the Delaware Act and pursuant to the second sentence of Section 11, no right is given to any member of the Company to resign from the Company.  The Member shall not cease to be a member of the Company upon the happening of any of the events specified in Section 18-304 of the Delaware Act.

13.     **Dissolution and Term of the Company**.  The Company shall dissolve upon any act or event causing the dissolution of the Company under the Delaware Act, unless, if permitted by the Delaware Act, the Company is continued in accordance with the Delaware Act.  Subject to an earlier dissolution as described in the preceding sentence, the Company shall have a perpetual existence.

14.     **Limitation of Liability and Indemnification of Member**.

(a)     Except as otherwise required by the Delaware Act, the Member shall not be liable for the debts, obligations or liabilities of the Company, whether arising in contract, tort, or otherwise, solely by reason of being a member of the Company.

(b)     The Member shall not be liable to the Company or to any other member of the Company or other person or entity who may become a party to or bound by this Agreement for

any breach of this Agreement or of any duties (including fiduciary duties) arising under or in connection with this Agreement or the Company other than for any act or omission that constitutes a bad faith violation of the implied contractual covenant of good faith and fair dealing.

(c)    To the fullest extent permitted by applicable law, the Company shall (i) indemnify and hold harmless any person or entity and such person's or entity's executors, administrators, heirs, legal representatives, successors and assigns (each, a "***Covered Person***") who was or is a party or was or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such person or entity is or was a Member, manager or Officer of the Company or is or was serving at the request of the Company as a member, manager, director or officer of another corporation, limited liability company, partnership, joint venture, trust or other enterprise, domestic or foreign, against all expenses, attorneys' fees, court costs, judgments, fines, amounts paid in settlement and other losses (collectively "***Losses***") incurred or suffered by such Covered Person in connection with such action, suit or proceeding; *provided*, *however*, that the Company shall not be obligated to indemnify a Covered Person for any such Losses if a court of competent jurisdiction, in a judgment that has become final and nonappealable, shall have determined that the acts or omissions of such Covered Person constituted willful misconduct, bad faith or gross negligence and (ii) advance expenses incurred by such Covered Person in defending or otherwise participating in such action, suit or proceeding in advance of its final disposition to the fullest extent permitted by applicable law upon receipt of an undertaking by the Covered Person to repay such amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal that such Covered Person is not entitled to be indemnified by the Company for such expenses under this <u>Section 14</u> or otherwise.

15.    **Amendment**.  This Agreement may be amended by the Member; *provided*, *however*, that any amendment to this Agreement must be in writing and signed by the Member.

16.    **Governing Law**.  This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to any choice of law principles.  The Member hereby consents to (i) the non-exclusive jurisdiction of the courts of the State of Delaware, and (ii) service of process by mail.

17.    **Severability**.  The provisions of this Agreement will be deemed severable and the invalidity or unenforceability of any provision will not affect the validity or enforceability of the other provisions hereof; *provided*, *however*, that if any provision of this Agreement, as applied to any party or to any circumstance, is judicially determined not to be enforceable in accordance with its terms, the court judicially making such determination may modify the provision in a manner consistent with its objectives such that it is enforceable, and/or to delete specific words or phrases, and in its modified form, such provision will then be enforceable and will be enforced.

**[Remainder of Page Intentionally Left Blank]**

IN WITNESS WHEREOF, the undersigned party has executed this Limited Liability Company Agreement as of the date first written above.

**SOLE MEMBER:**

**CALAMP WIRELESS NETWORKS CORPORATION**

By: _____
Name:
Title: